**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WESCO INSURANCE COMPANY, | Case No. 2:16-cv-01206-JCM-CWH |
| Plaintiff, | |
| v. | |
| SMART INDUSTRIES COPRORATION, | **REPORT & RECOMMENDATION** |
| Defendant. | |

Presently before the Court is Defendant Smart Industries Corporation's motion (ECF No. 19) to consolidate this case, *Wesco Insurance Company v. Smart Industries* Corporation (2:16-cv-01206-JCM-CWH), with *Wyman v Smart Industries Corporation* (2:16-cv-02378-RFB-GWF). The motion was filed in both cases on April 20, 2017. Plaintiff Jennifer Wyman filed a response (No. 31) in *Wyman* on May 4, 2017, and Defendant filed a reply (ECF No. 22) on May 12, 2017. A hearing was held in this matter (ECF No. 25) on June 6, 2017.

Defendant moves to consolidate the cases, arguing that both cases share a number of questions of fact and law, and so consolidation would serve the interest of judicial economy and provide for a uniform outcome for all parties. Fed. R. Civ. P. 42(a) and LR42-1(b) both provide that "[i]f actions before the court involve a common question of law or fact, the court may: (2) consolidate the actions." Upon review, the Court find the following questions of law and fact are common to both cases:

**I.  Common Questions of Fact**

1.  Whether a custom added junction box, a subpart of arcade machine, Serial No. 258231 was properly wired at the time it left Smart's control in December 2004;

2.  Whether Charles Wyman acted inconsistent with established safety policies and procedures, contributing to his death;

3.  Whether preventative safety measures including interlock switches, subparts of the subject arcade machine, were properly installed at the time the subject machine left Smart's control in

December 2004 and whether those same interlock switches underwent subsequent alteration—improperly overriding their intended safety role; and

4. Whether at any time prior to September 29, 2015, a person other than Smart or its employees made alterations to the subject arcade machine, Serial No. 258231, or its subparts sufficient to produce a defective and inherently dangerous arcade machine.

## II. Common Questions of Law

1. Whether Smart is strictly or negligently liable for the manufacture and distribution of arcade machine, Serial No. 258231, which is alleged to have caused the death of Charles Wyman;

2. Whether Charles Wyman was contributorily negligent; or was the cause of his own death due to any non-compliance with established safety standards for arcade machine technicians;

3. Whether Nickels and Dimes or its employees acted contrary to company policy or manufacturer's guideline(s) in the maintenance of the subject arcade machine, Serial No. 258231;

4. Whether Arizona workmen's compensation law should govern the standing and timeliness of any claims in the proposed consolidated cases against Smart or any other Defendant (and whether the Plaintiffs' claims had standing);

5. Whether the damages asserted by the Plaintiffs in Cases 2:16-cv-01206-JCM-CWH and 2:16-cv-02378-RFB-GWF overlap; and

6. Whether adequate subject matter jurisdiction existed over the parties; there is a motion to remand filed by Plaintiffs because of the forum defendant rule.

## III. Conclusion

Given the substantial overlap in questions of law and fact, the Court recommends consolidation.

## IV. Notice

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS THEREFORE RECOMMENDED that Defendant Smart Industries Corporation's motion (ECF No. 19) to consolidate 2:16-cv-01206-JCM-CWH with 2:16-cv-02378-RFB-GWF be granted.

DATED: June 29, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge