**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WESCO INSURANCE COMPANY, | Case No. 2:16-CV-1206 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| SMART INDUSTRIES CORPORATION, | |
| Defendant(s). | |

Presently before the court is a motion to remand to state court filed by plaintiffs Jennifer Wyman and Vivian Soof, as joint special administrators of the Estate of Charles Wyman, Jennifer Wyman, individually, and Bear Wyman, a minor by and through his natural parent Jennifer Wyman. (ECF No. 3).[1] Defendant Smart Industries Corporation ("SIC") filed a response (ECF No. 5), to which plaintiffs replied (ECF No. 8).

This is a wrongful death action arising from an arcade vending machine maintenance accident. Plaintiffs filed the original complaint in state court on October 10, 2016, alleging eleven causes of action against defendants SIC, Hi-Tech Security Inc., William Roseberry, Boulevard Ventures, LLC, and Sansone Companies, LLC.[2] (ECF No. 1). On October 12, 2016, SIC removed the action to federal court based on diversity jurisdiction before plaintiffs had served any defendants. (ECF Nos. 1, 4).

In the instant motion, plaintiffs move to remand the action to state court based on 28 U.S.C. § 1441(b)(2)'s forum defendant rule. (ECF No. 3). Specifically, plaintiffs argue that removal was

---

[1] All citations to the docket reference case number 2:16-cv-02378-JCM-CWH.

[2] All defendants are Nevada citizens except SIC, which is an Iowa citizen. (ECF No. 1).

improper because SIC removed the action to federal court before plaintiffs served the forum state defendants. (ECF No. 3 at 5). The court disagrees.

Subsection (b)(2) of § 1441 provides as follows:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly ***joined and served*** as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (emphasis added). Because SIC is a citizen of Iowa, and because plaintiffs had yet to serve the remaining Nevada defendants, removal did not violate § 1441(b)(2)'s forum state defendant rule. Further, plaintiffs fail to cite to any relevant, binding authority that would warrant a departure from the statute's plain language. Therefore, plaintiffs' motion to remand is denied because removal was proper.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion to remand to state court (ECF No. 3) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Boulevard Ventures, LLC's motion to strike punitive damages (ECF No. 12) be, and the same hereby is, DENIED as moot in light of the order (ECF No. 28) granting the parties' stipulation to dismiss plaintiffs' punitive damages allegations (ECF No. 27).

DATED August 8, 2017.

_____
UNITED STATES DISTRICT JUDGE