**DAVID BARRON, ESQ.**
Nevada Bar No. 142
**JOSEPH R. MESERVY, ESQ.**
Nevada Bar No. 14088
**BARRON & PRUITT, LLP**
3890 West Ann Road
North Las Vegas, Nevada 89031-4416
Telephone: (702) 870-3940
Facsimile: (702) 870-3950
Email: DBarron@lvnvlaw.com
Email: JMeservy@lvnvlaw.com
*Attorneys for Defendant,*
*Smart Industries Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

*****

| | |
|---|---|
| WESCO INSURANCE COMPANY as subrogee of its insured NICKELS AND DIMES INCORPORATED,<br><br>Plaintiff,<br><br>vs.<br><br>SMART INDUSTRIES CORPORATION dba SMART INDUSTRIES CORP., MFG., an Iowa corporation,<br><br>Defendants. | Case No.: 2:16-cv-01206-JCM-EJY<br><br>CONSOLIDATED FOR PURPOSES OF DISCOVERY AND TRIAL |
| JENNIFER WYMAN, individually; BEAR WYMAN, a minor, by and through his natural parent JENNIFER WYMAN; JENNIFER WYMAN and VIVIAN SOOF, as Joint Special Administrators of the ESTATE OF CHARLES WYMAN; and SARA RODRIGUEZ natural parent and guardian ad litem of JACOB WYMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>SMART INDUSTRIES CORPORATION dba SMART INDUSTRIES CORP., MFG, an Iowa Corporation; HI-TECH SECURITY INC, a Nevada Corporation; WILLIAM ROSEBERRY; BOULEVARD VENTURES, LLC, a Nevada Corporation; DOES 1 through 10; BUSINESS ENTITIES I through V; and ROE CORPORATIONS 11 through 20, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-02378-JCM-EJY<br><br>**DEFENDANT SMART INDUSTRIES CORPORATION'S MOTION TO STRIKE WYMAN PLAINTIFFS' FOURTH DISCLOSURE OF DOCUMENTS AND WITNESSES** |

HI-TECH SECURTY INC; and WILLIAM ROSEBERRY,

Third-Party Plaintiffs,

vs.

NICKELS AND DIMES INCORPORATED,

Third-Party Defendants.

SMART INDUSTRIES CORPORATION dba SMART INDUSTRIES CORP., MFG. (Smart), by and through its attorneys, BARRON & PRUITT, LLP, submits the following *Motion to Strike Wyman Plaintiffs' Fourth Disclosure of Documents and Witnesses.*

## I. INTRODUCTION

Plaintiffs Jennifer Wyman, Bear Wyman, and Vivian Soof (Wyman Plaintiffs) filed their complaint more than three years ago on October 10, 2016 in the Eighth Judicial District Court of Clark County, Nevada. Smart removed that case within two days to this Court's jurisdiction. On February 3, 2017, the parties met for the required LR 26-1/Rule 26(f) conference. After a Discovery Plan and Proposed Scheduling Order was filed on February 3, 2017 (2:16-cv-02378-JCM-EJY, ECF No. 24), the Court issued a Scheduling Order on February 6, 2017, setting an initial expert designation deadline of June 2, 2017 and an original discovery deadline of August 2, 2017 (2:16-cv-02378-JCM-EJY, ECF No. 25).

Subsequently, on June 27, 2017, the Court granted an extension of the discovery deadlines, with the extension ending discovery on October 2, 2017 and making dispositive motions due on November 1, 2017 (2:16-cv-02378-JCM-EJY, ECF No. 40). However, the parties did not seek an extension of the initial expert designation, which expired on June 2, 2017. On June 22, 2017, this Court granted an identical extension in a sister case (2:16-cv-01206-JCM-EJY, ECF No. 30) just before the two cases were consolidated (2:16-cv-02378-JCM-EJY, ECF Nos. 42). No subsequent stipulations to extend discovery deadlines for the Wyman Plaintiffs were filed.

During the foregoing discovery period, the Wyman Plaintiffs served the other parties with

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

copies of their *Initial Disclosure Pursuant to FRCP 26(f)* on February 28, 2017.[1] The Wyman Plaintiffs later supplemented their initial disclosures on August 15, 2017, September 5, 2017, and October 2, 2017 (the extended discovery deadline).[2]

However, nearly two years after discovery closed, on August 27, 2019, Wyman Plaintiffs served their "fourth disclosure" (more accurately their "fourth supplement") to their initial disclosures, in an unauthorized and improper attempt to add multiple computations of damages, witnesses (including expert witnesses), documents, and tangible items.[3] Soon after, on September 4, 2019, the Wyman Plaintiffs filed a proposed discovery plan and scheduling order (ECF No. 138), suggesting that this Court re-open discovery for 180 days until March 2, 2020. Wyman Plaintiffs' proposal argued their need to "supplement FRCP 26(f) Disclosures as Needed," propound "any other written discovery as needed," and depose at least a dozen additional witnesses. But no mention was made that nearly all of the potential deponents listed—including all of the defense's designated expert witnesses—were previously disclosed by Smart (and other parties) well in advance of the October 2, 2017 close of discovery.

To date, no stipulation or agreement exists between the parties to allow such untimely disclosures or to re-open discovery for the benefit of the Wyman Plaintiffs. Furthermore, this Court never issued an order allowing Wyman Plaintiffs to serve additional disclosures past the October 2, 2017 discovery deadline. Although litigation commenced in this action more than three years ago, trial remains unscheduled.

///

///

///

[1] Wyman Plaintiffs' Initial Disclosures, pleadings attached as **Exhibit A.**
[2] Wyman Plaintiffs' First Supplement to Initial Disclosures, pleadings attached as **Exhibit B**; Wyman Plaintiffs' Second Supplement to Initial Disclosures, pleadings attached as **Exhibit C**; Wyman Plaintiffs' Third Supplement to Initial Disclosures, pleadings attached as **Exhibit D**.
[3] Wyman Plaintiffs' Fourth Supplement to Initial Disclosures, pleadings attached as **Exhibit E.**

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

## II. LEGAL ARGUMENT

### A. District Courts Have Wide Latitude to Issue Rule 37(c)(1) Sanctions On a Party for Violations of Rules 26(a), (e).

The guiding premise of the Federal Rules of Civil Procedure is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action."[4] Rule 26(a)(1), which governs initial disclosures, effectuates Rule 1's purpose by imposing an affirmative duty on litigants to disclose certain information, including a computations of damages and list of witnesses, without waiting for a discovery request.[5]

Legal consequences follow when a party fails to make timely initial disclosures or to supplement a disclosure. Under Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), <u>the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial</u>." The Advisory Committee notes to the 1993 amendments to Rule 37 describe the exclusion sanction as "<u>self-executing</u>" and "<u>automatic</u>." Furthermore, mention of information in written discovery responses that should have been disclosed is insufficient to cure a failure to disclose.[6]

The Ninth Circuit grants "wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)."[7] "If full compliance with Rule 26(a) is not made, Rule 37(c)(1) <u>mandates</u> some sanction, 'the degree and severity of which are within the discretion of the trial judge.'"[8] "Rule 37(c) provides a range of sanctions from the most harsh (total exclusion and dismissal of the case) to more moderate (limited exclusion and attorney's fees), to give the district court latitude in matching the degree of noncompliance with the purpose of Rule 26's mandatory disclosure

---

[4] Fed. R. Civ. P. 1.
[5] *See* Fed. R. Civ. P. 26(a), Advisory Comm. Notes (1993).
[6] *See Benjamin v. B & H Educ., Inc.*, 877 F.3d 1139, 1150 (9th Cir. 2017) (mention of witness in interrogatory response is insufficient).
[7] *Yetti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).
[8] *Scott v. Smith's Food & Drug Centers, Inc.*, 218CV303JCMVCF, 2019 WL 3975131, at *2 (D. Nev. Aug. 22, 2019) (citing *Cohen v. Hansen*, 2:12-CV-01401-JCM-PAL, 2014 WL 1873968, at *11 (D. Nev. May 8, 2014)).

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

requirements."[9]

**B. Wyman Plaintiffs Never Objected to Making Certain Initial Disclosures at the Rule 26(f) Discovery Conference or in the Subsequently Filed Discovery Plan.**

The Federal Rules of Civil Procedure require each party, early in the discovery period and "without awaiting a discovery request," to provide to the other parties certain information reasonably available to the providing party as well as certain documents within their possession, custody, or control.[10] Generally each party must make its initial disclosures "at or within 14 days after the parties' Rule 26(f) conference."[11] In this case, that conference occurred on February 3, 2017 making initial disclosures due by February 17, 2017. A party may object to certain disclosures during the Rule 26(f) discovery conference and state such objection in the Rule 26(f) discovery plan filed with the district court.

But no party made any such objection at the February 3, 2017 Rule 26(f) discovery conference nor was such an objection stated in the February 6, 2017 Rule 26(f) discovery plan filed with this Court (ECF No. 25). Accordingly, no party was excused from making mandatory initial disclosures under Rule 26(a)(1).

**C. Wyman Plaintiffs Failed to Disclose Numerous Witnesses, Including Expert Witnesses, Until Nearly Two Years After the Expiration of the Discovery Deadline.**

Rule 26(a)(1)(A)(i) requires a party to timely disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims." Additionally, Rule 26(a)(2)(A) requires that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705," "at the times and in the sequence that the court orders," Fed. R. Civ. P. 26(a)(2)(D).

[9] *Hutchinson v. Glob. Experience Specialists Inc.*, 216CV02397MMDEJY, 2019 WL 3804234, at *2 (D. Nev. Aug. 13, 2019) (citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001).

[10] Fed. R. Civ. P. 26(a)(1).

[11] Fed. R. Civ. P. 26(a)(1)(C).

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

Instead of complying with these rules, Wyman Plaintiffs attempt to quietly supplement their disclosures nearly two years after an extended discovery period closed on October 2, 2017 (and more than two years after the expert designation deadline closed on June 2, 2017). Their "Fourth Disclosure" improperly attempts to add a multitude of witnesses:

1) 17 custodians of record; and
2) At least 18 witnesses "expected to give <u>expert opinions</u> in accordance with FRCP 26(a)(2)(C),"[12] consisting of healthcare providers, therapists/counselors, coroner/medical examiners, and cremation service persons.

For all of Wyman Plaintiffs' assertion that these 18+ new expert witnesses are expected to give opinions "in accordance with FRCP 26(a)(2)(C)," Wyman Plaintiffs' years-late disclosures still fail to provide even a "summary of the facts and opinions to which [each] witness is expected to testify," as plainly required by Fed. R. Civ. P. 26(a)(2)(C)(ii).[13] Because all of these expert designations fail to meet the minimum criteria and timing for disclosure and supplementation, this Court should strike these rogue designations.

Furthermore, this Court should strike Wyman Plaintiffs' untimely non-expert witness disclosures. The underlying incident in this action occurred on September 29, 2015. Accordingly, Wyman Plaintiffs knew about most of these witnesses (*e.g.*, medical providers, coroner/examiner, cremation services provider) since circa October 2015, and the few outliers (*e.g.*, therapists/counselors) were still known to Wyman Plaintiffs well within the stipulated and approved discovery period. As a rule, Wyman Plaintiffs cannot excuse their own failure to fully investigate their own case.[14] Because Wyman Plaintiffs lack sufficient justification for their failure to properly disclose these witnesses with specificity, consistent with the ordinary rules of civil procedure, they should not be allowed to use these witnesses to supply evidence on a motion, at a hearing, or at a

---

[12] **Exhibit E.**
[13] *See id.*
[14] *See* Fed. R. Civ. P. 26(a)(1)(E).

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

trial.[15]

The numerous witnesses Wyman Plaintiffs attempt to disclose also hardly fit within a category of "obvious" subjects for deposition, based both on their sheer number and their roles. Indeed, Smart holds no duty to develop the Wyman Plaintiffs' case for them or to ascertain whom Wyman Plaintiffs' may call at trial among scads of potential witnesses—particularly if Wyman Plaintiffs also avoid disclosing computations of medical damages and medical records/bills.[16] Furthermore, as Wyman Plaintiffs failed to disclose both the subject matter on which their "expert witnesses" would opine and a summary of the facts and opinion to which they were expected to testify before the discovery deadline, Smart could not accurately forecast which of these experts needed to be deposed.

In short, Wyman Plaintiffs' failure to disclose affected Smart's decisions during the course of litigation. The parties' theories of the case is firmly set and all discovery completed elaborate on those theories. To avoid cost, harm, and prejudice to Smart and the other defendants, at trial, these untimely disclosures should be stricken.

**D. Wyman Plaintiffs Failed to Disclose Certain Documents and Tangible Items for Nearly Two Years Post-Discovery Deadline**

Rule 26(a)(1)(A)(ii) requires a party to timely disclose "a copy—or a description by category and location of all documents, electronically stored information . . . that the disclosing party has in its possession, custody, or control and may use to support its claims."

Despite the well-established requirement to timely disclose, Wyman Plaintiffs attempt to supplement their disclosures nearly two years after an extended discovery period closed. Their "Fourth Disclosure" improperly attempts to add considerably to their prior disclosures:

1) Approx. 735 pages of medical records and billing statements for MedicWest Ambulance,

[15] Fed. R. Civ. P. 37(c).

[16] In fact, no Plaintiffs in this case disclosed computations of damages for Affordable Cremation & Burial, Radiology Specialists, Sunrise Hospital, or United Critical Care prior to the applicable discovery deadline.

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

Radiology Specialists, Sunrise Hospital, and United Critical Care;

2) Approx. 7 X-Rays and CT Scans of Charles Wyman performed at Sunrise Hospital in early October 2015;

3) Charles Wyman and Jennifer Wyman's Federal Tax Returns – Form 1040 (for the years 2014-2015); and

4) Surveillance video of the subject incident captured September 29, 2015.

To the extent that no other party timely disclosed these documents, video, and tangible items, this Court should strike all of Wyman Plaintiffs' late disclosure. All of these new productions existed in the fall of 2015 and Wyman Plaintiffs controlled or possessed the same. Yet, Wyman Plaintiffs unreasonably delayed disclosure until late in August 2019. Wyman Plaintiffs lack sufficient justification for their failure to properly and timely disclose these documents and X-rays/CT scans, and so they should not be allowed to use them to supply evidence on a motion, at a hearing, or at a trial.[17]

In an effort to simplify and unify evidence, this Court should only allow parties to use documents, video, or tangible evidence timely disclosed—subject to any and all objections to admissibility. By limiting evidence accordingly, the Court will help alleviate confusion and cost arising from competing bates numbering, etc.

To avoid cost, harm, and prejudice to Smart and the other defendants, at trial, these untimely disclosures should be stricken.

**E. Wyman Plaintiffs Failed to Disclose Certain Computations of Alleged Damages for Nearly Two Years Post-Discovery Deadline**

Rule 26(1)(1)(A)(iii) requires a party to timely disclose "a computation of each category of damages claimed by the disclosing party." And "[c]ourts in the District of Nevada routinely exclude

[17] Fed. R. Civ. P. 37(c).

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

damages claims that are not timely disclosed pursuant to Rule 26(a)."[18]

The plain language of Rule 26(1)(1)(A)(iii) indicates that for disclosure purposes, damages are determined not by actual cost, but by what a party elects to claim.[19] The rule requires parties to make a reasonable forecast of their damages so the opposing party may "prepare for trial or make an informed decision about settlement."[20] Also, the rule requires the party to make its initial disclosures based on the information then reasonably available to it, and a party is not excused from making its disclosure because it has not fully investigated the case.[21]

Next, Rule 26(e)(1)(A) requires litigants to supplement initial disclosures "in a timely manner" if the party making the disclosure learns "that some material respect" of the disclosure changed.[22] But this duty to supplement does not create a "loophole" for a party who wishes to revise its initial disclosures to its advantage after the deadline has passed.[23]

Wyman Plaintiffs attempt to supplement their disclosures nearly two years after an extended discovery period closed. Their "Fourth Disclosure" improperly and untimely attempts to raise their past medical and related expenses computation by a total of <u>$177,468.17</u>, broken down as follows:

1) Affordable Cremation & Burial ($1,508.17);
2) Radiology Specialists ($486.00);
3) Sunrise Hospital ($172,154.00); and

---

[18] *Winfield v. Wal-Mart Stores, Inc.*, 214CV01034MMDCWH, 2016 WL 259690, at *5 (D. Nev. Jan. 20, 2016) (granting motion to exclude untimely disclosed damages claims and citing seven cases where untimely disclosed damages claims were excluded).
[19] *See Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995), *cert. denied*, 516 U.S. 822 (1995) (stating that the purpose of Rule 26(a) is to enable parties to prepare for trial, not calculate liability); *Patton v. Wal-Mart Stores, Inc.*, No. 2:12-v-2142-GMN, 2013 WL 6158461, at *4 (Nov. 20, 2013 D. Nev.) ("Actual cost is not Rule 26(a)(1)(A)(iii)'s focus. The plain language of the rule states that 'a party must … provide … a computation of each category of damages claimed by the disclosing party."); *Montilla v. Wal-Mart Stores, Inc.*, No. 2:13-cv-2348-GMN-VCF, 2015 WL 5458781 (Sept. 16, 2015 D. Nev.) (same).
[20] Fed. R. Civ. P. 26(a), Advisory Comm. Notes (1993).
[21] Fed. R. Civ. P. 26(a)(1)(E).
[22] Fed. R. Civ. P. 26(a)(1)(A).
[23] *Luke v. Family Care and Urgent Med. Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009).

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

4) United Critical Care ($3,320.00).

Because Plaintiff unreasonably delayed disclosing these computations, Defendant lacked meaningful opportunity to address the same during discovery and preparations for trial over the past years. The bottom line is that Wyman Plaintiffs' decision to withhold these disclosures affected Smart's decisions during the litigation process. Moreover, Wyman Plaintiffs also failed to timely disclose the billing statements for Radiology Specialists, United Critical Care, and Sunrise Hospital; relevant tax returns; any witnesses from Affordable Cremation & Burial Service, Radiology Specialists, and United Critical Care; and multiple witnesses (including the custodian of records) for Sunrise Hospital. Additionally, Wyman Plaintiffs never disclosed a billing statement for Affordable Cremation & Burial.

The Ninth Circuit routinely recognizes that the implementation of a Rule 37(c) sanction excluding undisclosed computations of alleged damages may be appropriate. In fact, exclusion may be appropriate "even when a litigant's entire cause of action . . . [will be] precluded."[24] Here, Wyman Plaintiffs' failure to disclose certain computations of alleged damages should result in their exclusion at trial.

Exclusion would result in a just outcome. Indeed, Wesco Ins. Co. seeks to recover as subrogee the medical specials for Charles Wyman, because it actually paid those bills. During the course of timely discovery, Smart deposed Sebastian Lara, claims examiner for Wesco Ins. Co.'s owner (AmTrust North America), and learned that Charles Wyman's medical expenses were paid by Wesco Ins. Co. (not Wyman Plaintiffs) and at a fraction of the cost computed in Wyman Plaintiffs' "fourth disclosure." The hospital medical payment was reduced from approx. $168,000.00 to just $31,712.07.[25]

///

---

[24] *Hoffman v. Constr. Protective Services, Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (citing *Yetti*, 259 F.3d at 1106).

[25] Deposition of Sebastian Lara, 59:24-61:24.

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

627.67

**F. Wyman Plaintiffs' Untimely Disclosures are Neither Substantially Justified Nor Harmless**

Rule 37(c)(1) does allow undisclosed and untimely information to be later introduced, if the disclosing party's failure is substantially justified or harmless. But the burden to show that a failure to disclose information was justified or harmless is on the party that failed to make the disclosure.[26] And when a party fails to comply with the deadlines of a scheduling order "severe sanctions" and the "exclusion of evidence" may be proper.[27] Moreover, "the Ninth Circuit has recognized that disruption of the court's discovery plan and scheduling order is not harmless."[28]

In *Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997), the Ninth Circuit identified several factors that the district court must consider in deciding whether to impose Rule 37(c)(1)'s exclusion sanction (or some lesser sanction) to dismiss a claim. Those factors include: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the other parties, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Although, in this case, the inquiry is whether to limit the evidence supportive of Wyman Plaintiffs' claims instead of whether to dismiss their claims, analysis of these factors still favors striking Wyman Plaintiffs' untimely disclosures and refraining from reopening discovery.

Here, the first *Wendt* factor favors granting Smart's instant motion. This case commenced more than three years ago. All parties' theories of the case have been firmly set by now, and all discovery completed served to elaborate on those theories. Arguably, the public's interest in expeditious resolution of litigation has already been failed, and allowing additional years-late discovery would only compound the disservice to the public interest already inflicted.

---

[26] *R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (citing *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008)); *Yetti*, 259 F.3d at 1107.

[27] *Id.* (citing *Jackson v. American Family Mutual Ins. Co.*, No. 2:10-cv-01874-LRH-PAL, 2012 WL 845646 at *3 (Mar. 12, 2012 D. Nev.)

[28] *Id.*

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

The second *Wendt* factor goes to the Court's interest in managing its own docket. Clearly, the expeditious resolution of litigation will better allow the Court to manage its docket, as opposed to the unnecessary and untimely re-opening of the case for extensive additional discovery. This case has already burdened the Court's docket for three years.

The third *Wendt* factor considers the prejudice to other parties should the Court permit Wyman Plaintiffs' late disclosure. Wyman Plaintiffs' late disclosure attempts to raise computations of damages by close to $180,000.00 and disclose evidence and witnesses supportive of those damages nearly four years post-accident (more than three years since litigation commenced and nearly two years since discovery closed). But Smart and the other Defendants discovered and prepared their defenses long ago in the absence of such disclosures. Moreover, Wyman Plaintiffs' make their untimely disclosure as part of their attempt to re-open discovery widely for all parties--enabling Wyman Plaintiffs to rework their theory of the case. Such a wide re-opening would significantly drive up the expense of litigation for all parties and further protract an already lengthy course of litigation. Smart and the other parties, deserve their "day in court" after years of preparing this case for trial. To allow Wyman Plaintiffs to circumvent the rules of this Court would unquestionably prejudice Smart and the other parties—and allow Wyman Plaintiffs to raise their damages claims against the defendants at the last hour.

The fourth *Wendt* factor considers the public policy preference for disposing of cases on their merits. That is precisely what Smart is asking for: That this case be heard by a jury and decided on its merits as it stood at the time discovery closed herein, just like any other case. Discovery by each of the parties (save Nickels and Dimes, Inc.) is fully completed, and nothing but Wyman Plaintiffs and their counsel's desire to flip the board and reset the pieces stands in the way of proceeding to a jury trial based upon the ample and entirely adequate body of evidence that already exists. Disposing of a case on its merits does not require giving special leeway to a party so that its new counsel can reconfigure the previous attorney's theory of the case based upon

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

preference. Accordingly, this factor also weighs heavily in favor of striking the late disclose evidence and against reopening discovery.

Finally, the fifth *Wendt* factor weighs the availability of lesser sanctions. Arguably, refusing to give the Wyman Plaintiffs special treatment by freeing them from the limits of the scheduling order that has stood since June 2017 and allowing their case to proceed to trial after a generous discovery period is no sanction. Moreover, all that Smart asks is that we preserve the status quo—Smart is not even seeking attorney fees at this time. Thus, striking the late disclosures and declining the reopen discovery is the fairest possible course of action.

In summary, absent any attempt to explain their years-long delay, Wyman Plaintiffs would have this Court turn a blind eye to their August 27, 2019 disclosure of new computations of damages, numerous and expert witnesses, and pages of documents and important other evidence. These disclosures contravene the rules and supportive case law—and automatic sanctions should follow.

Additionally, in light of the Wyman Plaintiff's August 27, 2019 disclosures and their September 4, 2019 proposed discovery plan, it appears that a more probable basis for the late discovery and request to reopen discovery is that Wyman Plaintiffs' new counsel, retained post-discovery, simply does not like the lay of the land at this stage in the litigation and desires a redo. More to the point, nothing disclosed by the Wyman Plaintiffs since the close of discovery was unavailable to Wyman Plaintiffs at that time, or even unknown to them, nor was there any other compelling reason that they should not have been able to discover and disclose their case according to the scheduling order already entered by the Court.

///

///

///

///

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

## III. CONCLUSION

Based on the foregoing, Smart respectfully requests that this Court grant its motion and issue an order sanctioning Wyman Plaintiffs under Fed. R. Civ. P. 37(c) striking *Plaintiffs' Fourth Disclosure of Documents and Witnesses Pursuant to FRCP 26(a)(1).* Additionally, Smart requests that this Court set forth in its order its basis for its decision to impose such sanctions.

DATED this 17th day of October, 2019.

BARRON & PRUITT, LLP

DAVID BARRON, ESQ.
Nevada Bar No. 142
JOSEPH R. MESERVY, ESQ.
Nevada Bar No. 14088
3890 West Ann Road
North Las Vegas, Nevada 89031
*Attorneys for Defendant*
*Smart Industries Corporation*

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of October 2019, I served the foregoing **DEFENDANT SMART INDUSTRIES CORPORATION'S MOTION TO STRIKE WYMAN PLAINTIFFS' FOURTH DISCLOSURE OF DOCUMENTS AND WITNESSES** as follows:

☐ BY US MAIL: by placing the document(s) listed above in a sealed envelope, postage prepaid, in the United States Mail at Las Vegas, Nevada, addressed to the following:

☐ BY FAX: by transmitting the document(s) listed above via facsimile transmission to the fax number(s) set forth below.

☐ BY HAND-DELIVERY: by hand-delivering the document(s) listed above to the address(es) set forth below.

☐ BY EMAIL: by emailing the document(s) listed above to the email address(es) set forth below (and attachments via DropBox).

☒ BY ELECTRONIC SERVICE: by electronically serving the document(s) listed above with the PACER (CM/ECF) system upon the following:

| | |
|---|---|
| Peter Dubowsky, Esq.<br>Amanda C. Vogler-Heaton, Esq.<br>DUBOWSKY LAW OFFICE, CHTD.<br>300 South Fourth Street, Suite 1020<br>Las Vegas, NV 89101<br>*Attorneys for Plaintiff Wesco Insurance Company* | Karen L. Bashor, Esq.<br>Mark C. Severino, Esq.<br>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP<br>300 South 4th Street, 11th Floor<br>Las Vegas, NV 89101<br>*Attorneys for Third-Party Defendant Nickels and Dimes Inc.* |
| Steven T. Jaffe, Esq.<br>Monte Hall, Esq.<br>Walter F. Fick, Esq.<br>HALL JAFFE & CLAYTON, LLP<br>7425 Peak Drive<br>Las Vegas, Nevada 89128<br>*Attorneys for Hi-Tech Security Inc. and William Roseberry* | Cliff W. Marcek, Esq.<br>CLIFF W. MARCEK, P.C.<br>536 East St. Louis Ave.<br>Las Vegas, Nevada 89104<br>*Attorney for Plaintiffs Sara Rodriguez and Jacob Wyman* |
| Tracy A. Eglet, Esq.<br>Thomas N. Beckom, Esq.<br>EGLET ADAMS<br>400 South 7th Street, Box 1, Suite 400<br>Las Vegas, Nevada 89101<br>*Attorneys for Plaintiff Jennifer Wyman* | |

/s/ MaryAnn Dillard
An Employee of BARRON & PRUITT, LLP

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

# Exhibit A:

# Plaintiffs' Initial Disclosure Pursuant to FRCP 26(f)

**GABRIEL A. MARTINEZ, ESQ.**
Nevada Bar No. 000326
**THOMAS W. ASKEROTH, ESQ.**
Nevada Bar No. 011513
**DILLON G. COIL, ESQ.**
Nevada Bar No. 011541
GREENMAN GOLDBERG RABY & MARTINEZ
601 South Ninth Street
Las Vegas, NV 89101
Phone: 702. 384.1616 ~ Fax: 702.384.2990
Email: gmartinez@ggrmlawfirm.com
taskeroth@ggrmlawfirm.com
dcoil@ggrmlawfirm.com
*Attorneys for Plaintiffs*

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JENNIFER WYMAN, individually; BEAR WYMAN, a minor, by and through his natural parent JENNIFER WYMAN; JENNIFER WYMAN and VIVIAN SOOF, as Joint Special Administrators of the ESTATE OF CHARLES WYMAN;

Plaintiffs,

vs.

SMART INDUSTRIES CORPORATION dba SMART INDUSTRIES CORP., MFG.; HI-TECH SECURITY INC; WILLIAM ROSEBERRY; BOULEVARD VENTURES, LLC; SANSONE COMPANIES, LLC; DOES I through V; and BUSINESS ENTITIES I through V, inclusive,

Defendants.

CASE NO.: 2:16-CV-02378-RFB- GWF

**PLAINTIFFS' INITIAL DISCLOSURE PURSUANT TO FRCP 26(f)**

COMES NOW, JENNIFER WYMAN, individually; BEAR WYMAN, by and through his natural parent JENNIFER WYMAN; and JENNIFER WYMAN and VIVIAN SOOF, as Joint Special Administrators of the ESTATE OF CHARLES WYMAN by and through their



Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

attorneys of record, GREENMAN, GOLDBERG, RABY & MARTINEZ, hereby submits their Initial Disclosures pursuant to FRCP 26(f), as follows.

I.

**WITNESSES**

1. Person Most Knowledgeable
Smart Industries Corporation
c/o Barron & Pruitt, LLP
3890 West Ann Road
North Las Vegas, Nevada 89031

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

2. Robin Russo
Smart Industries Corporation
c/o Barron & Pruitt, LLP
3890 West Ann Road
North Las Vegas, Nevada 89031

Ms. Russo is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

3. Jennifer Wyman
c/o Greenman, Goldberg, Raby & Martinez
601 South Ninth Street
Las Vegas, Nevada 89101

Ms Wyman is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

4. Bear Wyman
c/o Greenman, Goldberg, Raby & Martinez
601 South Ninth Street
Las Vegas, Nevada 89101

Mr. Wyman is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

///

5. Person Most Knowledgeable
Hi-Tech Security Inc.
c/o Las Office of Kenneth E. Goates
3993 Howard Hughes Parkway, Suite 270
Las Vegas, NV 89169

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

6. William Roseberry
c/o Law Office of Kenneth E. Goates
3993 Howard Hughes Parkway, Suite 270

Mr. Roseberry is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

7. Person Most Knowledgeable
Boulevard Ventures, LLC
c/o LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

8. Person Most Knowledgeable
Sansone Companies, LLC
C/O LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

9. Person Most Knowledgeable
Clark County Coroner/Medical Examiner
1704 Pinto Lane
Las Vegas, NV 89106

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

10. Person Most Knowledgeable
Medic West
9 West Delhi Avenue
North Las Vegas, NV 89032

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

11. Person Most Knowledgeable
Sunrise Hospital
3186 South Maryland Parkway
Las Vegas, NV 89109

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

12. Person Most Knowledgeable
State of Nevada
Department of Business and Industry
Division of Industrial Relations
Occupational Safety and Health Administration
1301 N. Green Valley Parkway, Suite 200
Henderson, NV 89074

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

13. Person Most Knowledgeable
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, Texas 75009

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

14. Diane D. Oakley
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, Texas 75009

Ms. Oakley is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

15. Kevin Kamphuis
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, Texas 75009

Mr. Kamphuis is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

16. Craig Singer
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, Texas 75009

Mr. Singer is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

17. Mark McCain
Nickels & Dimes, Inc.
Tilt, Katy Mills Mall
5000 Katy Mills Circle
Katy, Texas 77494

Mr. McCain is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

18. Vicky Peek
Nickels & Dimes, Inc.
Tilt, Katy Mills Mall
5000 Katy Mills Circle
Katy, Texas 77494

Ms. Peek is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

19. Bangeter Reinhardt
Nickels & Dimes, Inc.
Tilt, Plaza Camino Real Mall
2525 El Camino Real #100
Carlsbad, California 92008

Mr. Reinhardt is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

///

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

20. Timo Kuusela, Boulevard Mall Manager
c/o Lewis Brisbois Bisgaard & Smith LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

Mr. Kuusela is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

21. Boulevard Mall Engineers
c/o Lewis Brisbois Bisgaard & Smith LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

The designated engineers are expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

22. Cindy R., Case Manager
Sunrise Hospital
3186 South Maryland Parkway
Las Vegas, NV 89109

Cindy is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

23. Kim Henderson
Security Guard, Boulevard Mall
c/o Lewis Brisbois Bisgaard & Smith LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

Ms. Henderson is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

24. "Dillon," eyewitness to subject event
Address unknown

Dillon is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

25. Person(s) Most Knowledgeable
Consolidated Electrical Distributors
1901 E. University Avenue
Des Moines, IA 50316

Greenman Goldberg Raby Martinez
ACCIDENT INJURY ATTORNEYS

The designed person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

26. Person(s) Most Knowledgeable
Component Suppliers

The designated person(s) most knowledgeable is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

27. Person(s) Most Knowledgeable
Component Suppliers

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

28. Sebastian Lara, WESCO Insurance
c/o Dubowsky Law Office, Chtd.
300 South Fourth Street, Suite 1020
Las Vegas, Nevada 89101

Mr. Lara is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

29. James R. Hacker
Custard Insurance Adjusters, Inc.
3983 East Desert Inn Road
Las Vegas, Nevada 89121

Mr. Hacker is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

30. Russ Toledo
Pinnacle Electric
4845 W. Reno Avenue
Las Vegas, Nevada 89118

Mr. Toledo is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

31. Unnamed Employee, eyewitness to subject event
Shoe Palace
3576 S Maryland Pkwy, Ste. 120
Las Vegas, Nevada 89169

Greenman Goldberg Raby Martinez
ACCIDENT INJURY ATTORNEYS

This unnamed employee is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

32. Unnamed Employee, eyewitness to subject event
Cotton On
3506 S Maryland Pkwy, Ste. 300
Las Vegas, Nevada 89109

This unnamed employee is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

Plaintiffs anticipate that they may require testimony from any and all custodians of records, which are necessary to authenticate documents, which cannot be stipulated to regarding admissibility by the parties herein.

Plaintiffs reserve the right to call any and all expert witnesses which Plaintiffs may hereafter select as the need arises during the course of this litigation; and Plaintiffs further reserve the right to supplement this witness list if any other witnesses become known to Plaintiffs as this litigation progresses and as other witnesses are discovered or located.

Plaintiffs reserve the right to all rebuttal and/or impeachment witnesses; to call the records custodian for any person(s) or institutions(s) to which there is an objection concerning authenticity; and call any and all witnesses of any other party in this matter.

## II.

## DOCUMENTS

1. Plaintiffs' Complaint in District Court (Bates Stamped 1PCO001-1PCO021);
2. Defendant Smart Industries Corporation's Answer in Federal Court (Bates Stamped 2DSI001-2DSI007);
3. Defendant Hi-Tech Security Inc and William Roseberry's Answer in Federal Court (Bates Stamped 3DHTFC001-3DHTFC008);
4. Defendant Hi-Tech Security Inc and William Roseberry's Answer in District Court (Bates Stamped 4DHTDC001-4DHTDC008);
5. Sansone Companies Incident Report (Bates Stamped 5SCI001-5SCI004);
6. Employers Report of Industrial Injury (Bates Stamped 6ERI001);

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

7. OHSA Inspection Report with Pictures (Bates Stamped 7OIR001-7OIR078);

8. Death Certificate of Charles Wyman (Bates Stamped 8DCC001);

9. Photos of Smart Bus Crane (Bates Stamped 9PSB001-PSB005);

Plaintiffs reserve the right to submit as an exhibit any document or tangible item identified by any other party in this action or obtained from any third party. Plaintiffs further reserve the right to amend and/or supplement this list of documents or tangible items as discovery proceeds.

In addition, neither inclusion of any documents or tangible items within this disclosure nor acceptance of documents provided by any other party hereto in a disclosure shall be deemed as a waiver by Plaintiffs of any evidentiary rights Plaintiffs may have with respect to those documents and/or tangible items, including, but not limited to, objections related to authenticity, materiality, relevance, foundation, hearsay, or any other rights as may be permitted pursuant to the Nevada Rules of Evidence.

II.

**DAMAGES**

| MEDICAL PROVIDER | DATES OF SERVICE | TOTAL CHARGES |
|---|---|---|
| Medic West Ambulance | 9/29/2015; | $1,080.31 |
| Sunrise Hospital & Medical Center | | TBD |
| **TOTALS** | | **$1,080.31** |

Past Medical and Funeral Expenses — Amount to be determined

Loss of Wages and Benefits — Amount to be determined

Total Special Damages — Amount to be determined

Further, at trial, the Jury will decide upon a sum of money sufficient to reasonably and fairly compensate Plaintiffs for the following items:

1. General damages for pain, suffering, mental distress, anguish and fear on behalf of CHARLES WYMAN;

2. General damages of Plaintiffs, individually, for grief, sorrow, loss of companionship, society, and comfort and consortium; and

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

3. For such other and further relief as the Court may deem just and proper in the premises on behalf the of CHARLES WYMAN.

Plaintiffs reserves all rights to seek other damages including, but not limited to, general and exemplary damages in an amount to be proven at trial.

II.

**INSURANCE**

N/A.

DATED this 28th day of February, 2017.

GREENMAN GOLDBERG RABY & MARTINEZ

/s/ Dillon G. Coil

**GABRIEL A. MARTINEZ, ESQ.**
Nevada Bar No. 000326
**THOMAS W. ASKEROTH, ESQ.**
Nevada Bar No. 011513
**DILLON G. COIL, ESQ.**
Nevada Bar No. 011541
601 South Ninth Street
Las Vegas, NV 89101
Phone: 702. 384.1616 ~ Fax: 702.384.2990
*Attorneys for Plaintiffs*

///

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify that on the 28th of February, 2017, the foregoing **PLAINTIFFS' INITIAL DISCLOSURE PURSUANT TO FRCP 26(f)** was served via USPS to the following:

Paul A. Shpirt, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant Boulevard Ventures, LLC*

Carrie McCrea Hanlon, Esq.
LAW OFFICE OF KENNETH E. GOATES
3993 Howard Hughes Parkway, Suite 270
Las Vegas, Nevada 89169
*Attorneys for Defendants Hi-Tech Security, Inc. and William Roseberry*

David Barron, Esq.
BARRON & PRUITT
3890 West Ann Road
North Las Vegas, NV 89031
*Attorneys for Defendants Smart Industries Corporation.*

/s/ Jade Askeroth

Employee of GREENMAN GOLDBERG RABY & MARTINEZ

Greenman Goldberg Raby Martinez
ACCIDENT INJURY ATTORNEYS

# Exhibit B:

# Plaintiffs' First Supplement to Initial Disclosure Pursuant to FRCP 26(f)

**GABRIEL A. MARTINEZ, ESQ.**
Nevada Bar No. 000326
**THOMAS W. ASKEROTH, ESQ.**
Nevada Bar No. 011513
**DILLON G. COIL, ESQ.**
Nevada Bar No. 011541
**GREENMAN GOLDBERG RABY & MARTINEZ**
601 South Ninth Street
Las Vegas, NV 89101
Phone: 702. 384.1616 ~ Fax: 702.384.2990
Email: gmartinez@ggrmlawfirm.com
taskeroth@ggrmlawfirm.com
dcoil@ggrmlawfirm.com
*Attorneys for Plaintiffs*

Greenman Goldberg Raby Martinez
ACCIDENT INJURY ATTORNEYS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JENNIFER WYMAN, individually; BEAR WYMAN, a minor, by and through his natural parent JENNIFER WYMAN; JENNIFER WYMAN and VIVIAN SOOF, as Joint Special Administrators of the ESTATE OF CHARLES WYMAN;

Plaintiffs,

vs.

SMART INDUSTRIES CORPORATION dba SMART INDUSTRIES CORP., MFG.; HI-TECH SECURITY INC; WILLIAM ROSEBERRY; BOULEVARD VENTURES, LLC; SANSONE COMPANIES, LLC; DOES I through V; and BUSINESS ENTITIES I through V, inclusive,

Defendants.

CASE NO.: 2:16-CV-02378-RFB- GWF

**PLAINTIFFS' FIRST SUPPLEMENT TO INITIAL DISCLOSURE PURSUANT TO FRCP 26(f)**

COMES NOW, JENNIFER WYMAN, individually; BEAR WYMAN, by and through his natural parent JENNIFER WYMAN; and JENNIFER WYMAN and VIVIAN SOOF, as Joint Special Administrators of the ESTATE OF CHARLES WYMAN by and through their

RECEIVED
AUG 2 1 2017

attorneys of record, GREENMAN, GOLDBERG, RABY & MARTINEZ, hereby supplements their Initial Disclosures pursuant to FRCP 26(f), as follows. **NEW INFORMATION IN BOLD**

**I.**

**WITNESSES**

1. Person Most Knowledgeable
Smart Industries Corporation
c/o Barron & Pruitt, LLP
3890 West Ann Road
North Las Vegas, Nevada 89031

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

2. Robin Russo
Smart Industries Corporation
c/o Barron & Pruitt, LLP
3890 West Ann Road
North Las Vegas, Nevada 89031

Ms. Russo is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

3. Jennifer Wyman
c/o Greenman, Goldberg, Raby & Martinez
601 South Ninth Street
Las Vegas, Nevada 89101

Ms Wyman is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

4. Bear Wyman
c/o Greenman, Goldberg, Raby & Martinez
601 South Ninth Street
Las Vegas, Nevada 89101

Mr. Wyman is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

///

Greenman Goldberg Raby Martinez
ACCIDENT INJURY ATTORNEYS

5. Person Most Knowledgeable
Hi-Tech Security Inc.
c/o Las Office of Kenneth E. Goates
3993 Howard Hughes Parkway, Suite 270
Las Vegas, NV 89169

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

6. William Roseberry
c/o Law Office of Kenneth E. Goates
3993 Howard Hughes Parkway, Suite 270

Mr. Roseberry is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

7. Person Most Knowledgeable
Boulevard Ventures, LLC
c/o LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

8. Person Most Knowledgeable
Sansone Companies, LLC
C/O LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

9. Person Most Knowledgeable
Clark County Coroner/Medical Examiner
1704 Pinto Lane
Las Vegas, NV 89106

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

10. Person Most Knowledgeable
Medic West
9 West Delhi Avenue
North Las Vegas, NV 89032

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

11. **Samir Shrikar Bangalore, MD and/or**
Person Most Knowledgeable
Sunrise Hospital
3186 South Maryland Parkway
Las Vegas, NV 89109

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

12. Person Most Knowledgeable
State of Nevada
Department of Business and Industry
Division of Industrial Relations
Occupational Safety and Health Administration
1301 N. Green Valley Parkway, Suite 200
Henderson, NV 89074

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

13. Person Most Knowledgeable
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, Texas 75009

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

14. Diane D. Oakley
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, Texas 75009

Ms. Oakley is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

Greenman Goldberg Raby Martinez
ACCIDENT INJURY ATTORNEYS

15. Kevin Kamphuis
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, Texas 75009

Mr. Kamphuis is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

16. Craig Singer
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, Texas 75009

Mr. Singer is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

17. Mark McCain
Nickels & Dimes, Inc.
Tilt, Katy Mills Mall
5000 Katy Mills Circle
Katy, Texas 77494

Mr. McCain is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

18. Vicky Peek
Nickels & Dimes, Inc.
Tilt, Katy Mills Mall
5000 Katy Mills Circle
Katy, Texas 77494

Ms. Peek is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

19. Bangeter Reinhardt
Nickels & Dimes, Inc.
Tilt, Plaza Camino Real Mall
2525 El Camino Real #100
Carlsbad, California 92008

Mr. Reinhardt is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

///

20. Timo Kuusela, Boulevard Mall Manager
c/o Lewis Brisbois Bisgaard & Smith LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

Mr. Kuusela is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

21. Boulevard Mall Engineers
c/o Lewis Brisbois Bisgaard & Smith LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

The designated engineers are expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

22. Cindy R., Case Manager
Sunrise Hospital
3186 South Maryland Parkway
Las Vegas, NV 89109

Cindy is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

23. Kim Henderson
Security Guard, Boulevard Mall
c/o Lewis Brisbois Bisgaard & Smith LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

Ms. Henderson is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

24. "Dillon," eyewitness to subject event
Address unknown

Dillon is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

25. Person(s) Most Knowledgeable
Consolidated Electrical Distributors
1901 E. University Avenue
Des Moines, IA 50316

Greenman Goldberg Raby Martinez
ACCIDENT INJURY ATTORNEYS

The designed person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

26. Person(s) Most Knowledgeable
Component Suppliers

The designated person(s) most knowledgeable is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

27. Person(s) Most Knowledgeable
Component Suppliers

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

28. Sebastian Lara, WESCO Insurance
c/o Dubowsky Law Office, Chtd.
300 South Fourth Street, Suite 1020
Las Vegas, Nevada 89101

Mr. Lara is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

29. James R. Hacker
Custard Insurance Adjusters, Inc.
3983 East Desert Inn Road
Las Vegas, Nevada 89121

Mr. Hacker is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

30. Russ Toledo
Pinnacle Electric
4845 W. Reno Avenue
Las Vegas, Nevada 89118

Mr. Toledo is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

31. Unnamed Employee, eyewitness to subject event
Shoe Palace
3576 S Maryland Pkwy, Ste. 120
Las Vegas, Nevada 89169

Greenman Goldberg Raby Martinez
ACCIDENT INJURY ATTORNEYS

This unnamed employee is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

32. Unnamed Employee, eyewitness to subject event
Cotton On
3506 S Maryland Pkwy, Ste. 300
Las Vegas, Nevada 89109

This unnamed employee is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

**33. Paul Easter**
**5272 W Muriel Dr**
**Glendale, AZ 85308**

**Mr. Easter is an acquaintance of Plaintiffs and may testify regarding his knowledge of the facts and circumstances surround the death of Charles Wyman; her knowledge of Charles Wyman's life, hobbies, interests, and interaction with family, friends, and colleagues; and the grief, sorrow, loss of support, companionship, society, and comfort suffered by Plaintiffs Jennifer and Bear Wyman.**

**34. Christine Rhys-Evans**
**PO Box 4433**
**Chino Valley, AZ 86323**

**Ms. Rhys-Evans is an acquaintance of Plaintiffs and may testify regarding her knowledge of the facts and circumstances surround the death of Charles Wyman; her knowledge of Charles Wyman's life, hobbies, interests, and interaction with family, friends, and colleagues; and the grief, sorrow, loss of support, companionship, society, and comfort suffered by Plaintiffs Jennifer and Bear Wyman.**

**35. Sean Wyman**
**Active Duty Military**
**c/o Greenman, Goldberg, Raby & Martinez**
**601 South Ninth Street**
**Las Vegas, Nevada 89101**

**Mr. Easter is an acquaintance of Plaintiffs and may testify regarding his knowledge of the facts and circumstances surround the death of Charles Wyman; her knowledge of Charles Wyman's life, hobbies, interests, and interaction with family, friends, and colleagues; and the grief, sorrow, loss of support, companionship, society, and comfort suffered by Plaintiffs Jennifer and Bear Wyman.**

///

Greenman Goldberg Raby Martinez
ACCIDENT INJURY ATTORNEYS

36. **Jason Burns, CSHO #R7073**
**OHSA**
**1301 N. Green Valley Parkway #200**
**Henderson, NV 89074**

**Mr. Burns is a certified safety and health official and the OSHA representative who investigated the scene. He is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.**

Plaintiffs anticipate that they may require testimony from any and all custodians of records, which are necessary to authenticate documents, which cannot be stipulated to regarding admissibility by the parties herein.

Plaintiffs reserve the right to call any and all expert witnesses which Plaintiffs may hereafter select as the need arises during the course of this litigation; and Plaintiffs further reserve the right to supplement this witness list if any other witnesses become known to Plaintiffs as this litigation progresses and as other witnesses are discovered or located.

Plaintiffs reserve the right to all rebuttal and/or impeachment witnesses; to call the records custodian for any person(s) or institutions(s) to which there is an objection concerning authenticity; and call any and all witnesses of any other party in this matter.

## II.

## DOCUMENTS

1. Plaintiffs' Complaint in District Court (Bates Stamped 1PCO001-1PCO021);
2. Defendant Smart Industries Corporation's Answer in Federal Court (Bates Stamped 2DSI001-2DSI007);
3. Defendant Hi-Tech Security Inc and William Roseberry's Answer in Federal Court (Bates Stamped 3DHTFC001-3DHTFC008);
4. Defendant Hi-Tech Security Inc and William Roseberry's Answer in District Court (Bates Stamped 4DHTDC001-4DHTDC008);
5. Sansone Companies Incident Report (Bates Stamped 5SCI001-5SCI004);
6. Employers Report of Industrial Injury (Bates Stamped 6ERI001);
7. OHSA Inspection Report with Pictures (Bates Stamped 7OIR001-7OIR078);

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

8. Death Certificate of Charles Wyman (Bates Stamped 8DCC001);

9. Photos of Smart Bus Crane (Bates Stamped 9PSB001-PSB005);

Plaintiffs reserve the right to submit as an exhibit any document or tangible item identified by any other party in this action or obtained from any third party. Plaintiffs further reserve the right to amend and/or supplement this list of documents or tangible items as discovery proceeds.

In addition, neither inclusion of any documents or tangible items within this disclosure nor acceptance of documents provided by any other party hereto in a disclosure shall be deemed as a waiver by Plaintiffs of any evidentiary rights Plaintiffs may have with respect to those documents and/or tangible items, including, but not limited to, objections related to authenticity, materiality, relevance, foundation, hearsay, or any other rights as may be permitted pursuant to the Nevada Rules of Evidence.

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

## II.

## DAMAGES

| MEDICAL PROVIDER | DATES OF SERVICE | TOTAL CHARGES |
|---|---|---|
| Medic West Ambulance | 9/29/2015; | $1,080.31 |
| Sunrise Hospital & Medical Center | | TBD |
| **TOTALS** | | **$1,080.31** |

Past Medical and Funeral Expenses — Amount to be determined

**Loss of Wages and Benefits** — **$1,326,589.00 (Based on Expert Report EX8PRL001-EX8PRL012)**

Total Special Damages — Amount to be determined

Further, at trial, the Jury will decide upon a sum of money sufficient to reasonably and fairly compensate Plaintiffs for the following items:

1. General damages for pain, suffering, mental distress, anguish and fear on behalf of CHARLES WYMAN;

2. General damages of Plaintiffs, individually, for grief, sorrow, loss of companionship, society, and comfort and consortium; and

3. For such other and further relief as the Court may deem just and proper in the premises on behalf the of CHARLES WYMAN.

Plaintiffs reserves all rights to seek other damages including, but not limited to, general and exemplary damages in an amount to be proven at trial.

## II.

## INSURANCE

N/A.

DATED this 15th day of August, 2017.

GREENMAN GOLDBERG RABY & MARTINEZ

/s/ Dillon G. Coil

**GABRIEL A. MARTINEZ, ESQ.**
Nevada Bar No. 000326
**THOMAS W. ASKEROTH, ESQ.**
Nevada Bar No. 011513
**DILLON G. COIL, ESQ.**
Nevada Bar No. 011541
601 South Ninth Street
Las Vegas, NV 89101
Phone: 702. 384.1616 ~ Fax: 702.384.2990
*Attorneys for Plaintiffs*

///

Greenman Goldberg Raby Martinez
ACCIDENT INJURY ATTORNEYS

Greenman Goldberg Raby Martinez
ACCIDENT INJURY ATTORNEYS

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify that on the 15th of August, 2017, the foregoing **PLAINTIFFS' FIRST SUPPLEMENT TO INITIAL DISCLOSURE PURSUANT TO FRCP 26(f)** was served via USPS to the following:

Paul A. Shpirt, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant Boulevard Ventures, LLC*

Carrie McCrea Hanlon, Esq.
LAW OFFICE OF KENNETH E. GOATES
3993 Howard Hughes Parkway, Suite 270
Las Vegas, Nevada 89169
*Attorneys for Defendants Hi-Tech Security, Inc. and William Roseberry*

David Barron, Esq.
BARRON & PRUITT
3890 West Ann Road
North Las Vegas, NV 89031
*Attorneys for Defendants Smart Industries Corporation*

✓

/s/ Jade Askeroth

Employee of GREENMAN GOLDBERG RABY & MARTINEZ

# Exhibit C:

# Plaintiffs' Second Supplement to Initial Disclosure Pursuant to FRCP 26(f)

**GABRIEL A. MARTINEZ, ESQ.**
Nevada Bar No. 000326
**THOMAS W. ASKEROTH, ESQ.**
Nevada Bar No. 011513
**DILLON G. COIL, ESQ.**
Nevada Bar No. 011541
GREENMAN GOLDBERG RABY & MARTINEZ
601 South Ninth Street
Las Vegas, NV 89101
Phone: 702. 384.1616 ~ Fax: 702.384.2990
Email: gmartinez@ggrmlawfirm.com
taskeroth@ggrmlawfirm.com
dcoil@ggrmlawfirm.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JENNIFER WYMAN, individually; BEAR WYMAN, a minor, by and through his natural parent JENNIFER WYMAN; JENNIFER WYMAN and VIVIAN SOOF, as Joint Special Administrators of the ESTATE OF CHARLES WYMAN;

Plaintiffs,

vs.

SMART INDUSTRIES CORPORATION dba SMART INDUSTRIES CORP., MFG.; HI-TECH SECURITY INC; WILLIAM ROSEBERRY; BOULEVARD VENTURES, LLC; SANSONE COMPANIES, LLC; DOES I through V; and BUSINESS ENTITIES I through V, inclusive,

Defendants.

CASE NO.: 2:16-CV-02378-RFB- GWF

**PLAINTIFFS' SECOND SUPPLEMENT TO INITIAL DISCLOSURE PURSUANT TO FRCP 26(f)**

COMES NOW, JENNIFER WYMAN, individually; BEAR WYMAN, by and through his natural parent JENNIFER WYMAN; and JENNIFER WYMAN and VIVIAN SOOF, as Joint Special Administrators of the ESTATE OF CHARLES WYMAN by and through their

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

attorneys of record, GREENMAN, GOLDBERG, RABY & MARTINEZ, hereby supplements their Initial Disclosures pursuant to FRCP 26(f), as follows. **NEW INFORMATION IN BOLD**

**I.**

**WITNESSES**

1. Person Most Knowledgeable
Smart Industries Corporation
c/o Barron & Pruitt, LLP
3890 West Ann Road
North Las Vegas, Nevada 89031

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

2. Robin Russo
Smart Industries Corporation
c/o Barron & Pruitt, LLP
3890 West Ann Road
North Las Vegas, Nevada 89031

Ms. Russo is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

3. Jennifer Wyman
c/o Greenman, Goldberg, Raby & Martinez
601 South Ninth Street
Las Vegas, Nevada 89101

Ms Wyman is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

4. Bear Wyman
c/o Greenman, Goldberg, Raby & Martinez
601 South Ninth Street
Las Vegas, Nevada 89101

Mr. Wyman is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

///

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

5. Person Most Knowledgeable
Hi-Tech Security Inc.
c/o Las Office of Kenneth E. Goates
3993 Howard Hughes Parkway, Suite 270
Las Vegas, NV 89169

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

6. William Roseberry
c/o Law Office of Kenneth E. Goates
3993 Howard Hughes Parkway, Suite 270

Mr. Roseberry is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

7. Person Most Knowledgeable
Boulevard Ventures, LLC
c/o LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

8. Person Most Knowledgeable
Sansone Companies, LLC
c/o LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

9. Person Most Knowledgeable
Clark County Coroner/Medical Examiner
1704 Pinto Lane
Las Vegas, NV 89106

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

10. Person Most Knowledgeable
Medic West
9 West Delhi Avenue
North Las Vegas, NV 89032

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

11. Samir Shrikar Bangalore, MD and/or
Person Most Knowledgeable
Sunrise Hospital
3186 South Maryland Parkway
Las Vegas, NV 89109

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

12. Person Most Knowledgeable
State of Nevada
Department of Business and Industry
Division of Industrial Relations
Occupational Safety and Health Administration
1301 N. Green Valley Parkway, Suite 200
Henderson, NV 89074

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

13. Person Most Knowledgeable
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, Texas 75009

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

14. Diane D. Oakley
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, Texas 75009

Ms. Oakley is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

15. Kevin Kamphuis
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, Texas 75009

Mr. Kamphuis is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

16. Craig Singer
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, Texas 75009

Mr. Singer is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

17. Mark McCain
Nickels & Dimes, Inc.
Tilt, Katy Mills Mall
5000 Katy Mills Circle
Katy, Texas 77494

Mr. McCain is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

18. Vicky Peek
Nickels & Dimes, Inc.
Tilt, Katy Mills Mall
5000 Katy Mills Circle
Katy, Texas 77494

Ms. Peek is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

19. Bangeter Reinhardt
Nickels & Dimes, Inc.
Tilt, Plaza Camino Real Mall
2525 El Camino Real #100
Carlsbad, California 92008

Mr. Reinhardt is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

///

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

20. Timo Kuusela, Boulevard Mall Manager
c/o Lewis Brisbois Bisgaard & Smith LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

Mr. Kuusela is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

21. Boulevard Mall Engineers
c/o Lewis Brisbois Bisgaard & Smith LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

The designated engineers are expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

22. Cindy R., Case Manager
Sunrise Hospital
3186 South Maryland Parkway
Las Vegas, NV 89109

Cindy is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

23. Kim Henderson
Security Guard, Boulevard Mall
c/o Lewis Brisbois Bisgaard & Smith LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

Ms. Henderson is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

24. "Dillon," eyewitness to subject event
Address unknown

Dillon is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

25. Person(s) Most Knowledgeable
Consolidated Electrical Distributors
1901 E. University Avenue
Des Moines, IA 50316

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

The designed person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

26. Person(s) Most Knowledgeable
Component Suppliers

The designated person(s) most knowledgeable is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

27. Person(s) Most Knowledgeable
Component Suppliers

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

28. Sebastian Lara, WESCO Insurance
c/o Dubowsky Law Office, Chtd.
300 South Fourth Street, Suite 1020
Las Vegas, Nevada 89101

Mr. Lara is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

29. James R. Hacker
Custard Insurance Adjusters, Inc.
3983 East Desert Inn Road
Las Vegas, Nevada 89121

Mr. Hacker is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

30. Russ Toledo
Pinnacle Electric
4845 W. Reno Avenue
Las Vegas, Nevada 89118

Mr. Toledo is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

31. Unnamed Employee, eyewitness to subject event
Shoe Palace
3576 S Maryland Pkwy, Ste. 120
Las Vegas, Nevada 89169

This unnamed employee is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

32. Unnamed Employee, eyewitness to subject event
Cotton On
3506 S Maryland Pkwy, Ste. 300
Las Vegas, Nevada 89109

This unnamed employee is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

33. Paul Easter
5272 W Muriel Dr
Glendale, AZ 85308

Mr. Easter is an acquaintance of Plaintiffs and may testify regarding his knowledge of the facts and circumstances surround the death of Charles Wyman; her knowledge of Charles Wyman's life, hobbies, interests, and interaction with family, friends, and colleagues; and the grief, sorrow, loss of support, companionship, society, and comfort suffered by Plaintiffs Jennifer and Bear Wyman.

34. Christine Rhys-Evans
PO Box 4433
Chino Valley, AZ 86323

Ms. Rhys-Evans is an acquaintance of Plaintiffs and may testify regarding her knowledge of the facts and circumstances surround the death of Charles Wyman; her knowledge of Charles Wyman's life, hobbies, interests, and interaction with family, friends, and colleagues; and the grief, sorrow, loss of support, companionship, society, and comfort suffered by Plaintiffs Jennifer and Bear Wyman.

35. Sean Wyman
Active Duty Military
c/o Greenman, Goldberg, Raby & Martinez
601 South Ninth Street
Las Vegas, Nevada 89101

Mr. Easter is an acquaintance of Plaintiffs and may testify regarding his knowledge of the facts and circumstances surround the death of Charles Wyman; her knowledge of Charles Wyman's life, hobbies, interests, and interaction with family, friends, and colleagues; and the grief, sorrow, loss of support, companionship, society, and comfort suffered by Plaintiffs Jennifer and Bear Wyman.

///

Greenman Goldberg Raby Martinez
ACCIDENT INJURY ATTORNEYS

36. Jason Burns, CSHO #R7073
OHSA
1301 N. Green Valley Parkway #200
Henderson, NV 89074

Mr. Burns is a certified safety and health official and the OSHA representative who investigated the scene. He is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

Plaintiffs anticipate that they may require testimony from any and all custodians of records, which are necessary to authenticate documents, which cannot be stipulated to regarding admissibility by the parties herein.

Plaintiffs reserve the right to call any and all expert witnesses which Plaintiffs may hereafter select as the need arises during the course of this litigation; and Plaintiffs further reserve the right to supplement this witness list if any other witnesses become known to Plaintiffs as this litigation progresses and as other witnesses are discovered or located.

Plaintiffs reserve the right to all rebuttal and/or impeachment witnesses; to call the records custodian for any person(s) or institutions(s) to which there is an objection concerning authenticity; and call any and all witnesses of any other party in this matter.

**II.**

**DOCUMENTS**

1. Plaintiffs' Complaint in District Court (Bates Stamped 1PCO001-1PCO021);
2. Defendant Smart Industries Corporation's Answer in Federal Court (Bates Stamped 2DSI001-2DSI007);
3. Defendant Hi-Tech Security Inc and William Roseberry's Answer in Federal Court (Bates Stamped 3DHTFC001-3DHTFC008);
4. Defendant Hi-Tech Security Inc and William Roseberry's Answer in District Court (Bates Stamped 4DHTDC001-4DHTDC008);
5. Sansone Companies Incident Report (Bates Stamped 5SCI001-5SCI004);
6. Employers Report of Industrial Injury (Bates Stamped 6ERI001);
7. OHSA Inspection Report with Pictures (Bates Stamped 7OIR001-7OIR078);

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

8. Death Certificate of Charles Wyman (Bates Stamped 8DCC001);

9. Photos of Smart Bus Crane (Bates Stamped 9PSB001-PSB005);

**10. Photographs of Charles Wyman and Family (Bates Stamped 10PCW001-10PCW210);**

Plaintiffs reserve the right to submit as an exhibit any document or tangible item identified by any other party in this action or obtained from any third party. Plaintiffs further reserve the right to amend and/or supplement this list of documents or tangible items as discovery proceeds.

In addition, neither inclusion of any documents or tangible items within this disclosure nor acceptance of documents provided by any other party hereto in a disclosure shall be deemed as a waiver by Plaintiffs of any evidentiary rights Plaintiffs may have with respect to those documents and/or tangible items, including, but not limited to, objections related to authenticity, materiality, relevance, foundation, hearsay, or any other rights as may be permitted pursuant to the Nevada Rules of Evidence.

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

## II.

## DAMAGES

| MEDICAL PROVIDER | DATES OF SERVICE | TOTAL CHARGES |
|---|---|---|
| Medic West Ambulance | 9/29/2015; | $1,080.31 |
| Sunrise Hospital & Medical Center | | TBD |
| TOTALS | | $1,080.31 |

| | |
|---|---|
| Past Medical and Funeral Expenses | Amount to be determined |
| Loss of Wages and Benefits | $1,326,589.00 (Based on Expert Report EX8PRL001-EX8PRL012) |
| Total Special Damages | Amount to be determined |

Further, at trial, the Jury will decide upon a sum of money sufficient to reasonably and fairly compensate Plaintiffs for the following items:

1. General damages for pain, suffering, mental distress, anguish and fear on behalf of CHARLES WYMAN;

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

2. General damages of Plaintiffs, individually, for grief, sorrow, loss of companionship, society, and comfort and consortium; and

3. For such other and further relief as the Court may deem just and proper in the premises on behalf the of CHARLES WYMAN.

Plaintiffs reserves all rights to seek other damages including, but not limited to, general and exemplary damages in an amount to be proven at trial.

**II.**

**INSURANCE**

N/A.

DATED this 30th day of August, 2017.

GREENMAN GOLDBERG RABY & MARTINEZ

/s/ Dillon G. Coil

**GABRIEL A. MARTINEZ, ESQ.**
Nevada Bar No. 000326
**THOMAS W. ASKEROTH, ESQ.**
Nevada Bar No. 011513
**DILLON G. COIL, ESQ.**
Nevada Bar No. 011541
601 South Ninth Street
Las Vegas, NV 89101
Phone: 702. 384.1616 ~ Fax: 702.384.2990
*Attorneys for Plaintiffs*

///

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify that on the 30th of August, 2017, the foregoing **PLAINTIFFS' SECOND SUPPLEMENT TO INITIAL DISCLOSURE PURSUANT TO FRCP 26(f)** was served via USPS to the following:

Paul A. Shpirt, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant Boulevard Ventures, LLC*

Carrie McCrea Hanlon, Esq.
LAW OFFICE OF KENNETH E. GOATES
3993 Howard Hughes Parkway, Suite 270
Las Vegas, Nevada 89169
*Attorneys for Defendants Hi-Tech Security, Inc. and William Roseberry*

David Barron, Esq.
BARRON & PRUITT
3890 West Ann Road
North Las Vegas, NV 89031
*Attorneys for Defendants Smart Industries Corporation*

/s/ Jade Askeroth

Employee of GREENMAN GOLDBERG RABY & MARTINEZ

# Exhibit D:

# Plaintiffs' Third Supplement to Initial Disclosure Pursuant to FRCP 26(f)

**GABRIEL A. MARTINEZ, ESQ.**
Nevada Bar No. 000326
**THOMAS W. ASKEROTH, ESQ.**
Nevada Bar No. 011513
**DILLON G. COIL, ESQ.**
Nevada Bar No. 011541
**GREENMAN GOLDBERG RABY & MARTINEZ**
601 South Ninth Street
Las Vegas, NV 89101
Phone: 702. 384.1616 ~ Fax: 702.384.2990
Email: gmartinez@ggrmlawfirm.com
taskeroth@ggrmlawfirm.com
dcoil@ggrmlawfirm.com
*Attorneys for Plaintiffs*

Greenman Goldberg Raby Martinez
ACCIDENT INJURY ATTORNEYS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JENNIFER WYMAN, individually; BEAR WYMAN, a minor, by and through his natural parent JENNIFER WYMAN; JENNIFER WYMAN and VIVIAN SOOF, as Joint Special Administrators of the ESTATE OF CHARLES WYMAN;

Plaintiffs,

vs.

SMART INDUSTRIES CORPORATION dba SMART INDUSTRIES CORP., MFG.; HI-TECH SECURITY INC; WILLIAM ROSEBERRY; BOULEVARD VENTURES, LLC; SANSONE COMPANIES, LLC; DOES I through V; and BUSINESS ENTITIES I through V, inclusive,

Defendants.

CASE NO.: 2:16-CV-02378-RFB- GWF

**PLAINTIFFS' THIRD SUPPLEMENT TO INITIAL DISCLOSURE PURSUANT TO FRCP 26(f)**

COMES NOW, JENNIFER WYMAN, individually; BEAR WYMAN, by and through his natural parent JENNIFER WYMAN; and JENNIFER WYMAN and VIVIAN SOOF, as Joint Special Administrators of the ESTATE OF CHARLES WYMAN by and through their

attorneys of record, GREENMAN, GOLDBERG, RABY & MARTINEZ, hereby supplements their Initial Disclosures pursuant to FRCP 26(f), as follows. **NEW INFORMATION IN BOLD**

**I.**

**WITNESSES**

1. Person Most Knowledgeable
Smart Industries Corporation
c/o Barron & Pruitt, LLP
3890 West Ann Road
North Las Vegas, Nevada 89031

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

2. Robin Russo
Smart Industries Corporation
c/o Barron & Pruitt, LLP
3890 West Ann Road
North Las Vegas, Nevada 89031

Ms. Russo is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

3. Jennifer Wyman
c/o Greenman, Goldberg, Raby & Martinez
601 South Ninth Street
Las Vegas, Nevada 89101

Ms Wyman is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

4. Bear Wyman
c/o Greenman, Goldberg, Raby & Martinez
601 South Ninth Street
Las Vegas, Nevada 89101

Mr. Wyman is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

///

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

5. Person Most Knowledgeable
Hi-Tech Security Inc.
c/o Las Office of Kenneth E. Goates
3993 Howard Hughes Parkway, Suite 270
Las Vegas, NV 89169

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

6. William Roseberry
c/o Law Office of Kenneth E. Goates
3993 Howard Hughes Parkway, Suite 270

Mr. Roseberry is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

7. Person Most Knowledgeable
Boulevard Ventures, LLC
c/o LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

8. Person Most Knowledgeable
Sansone Companies, LLC
C/O LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

9. Person Most Knowledgeable
Clark County Coroner/Medical Examiner
1704 Pinto Lane
Las Vegas, NV 89106

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

10. Person Most Knowledgeable
Medic West
9 West Delhi Avenue
North Las Vegas, NV 89032

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

11. Samir Shrikar Bangalore, MD and/or
Person Most Knowledgeable
Sunrise Hospital
3186 South Maryland Parkway
Las Vegas, NV 89109

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

12. Person Most Knowledgeable
State of Nevada
Department of Business and Industry
Division of Industrial Relations
Occupational Safety and Health Administration
1301 N. Green Valley Parkway, Suite 200
Henderson, NV 89074

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

13. Person Most Knowledgeable
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, Texas 75009

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

14. Diane D. Oakley
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, Texas 75009

Ms. Oakley is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

15. Kevin Kamphuis
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, Texas 75009

Mr. Kamphuis is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

16. Craig Singer
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, Texas 75009

Mr. Singer is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

17. Mark McCain
Nickels & Dimes, Inc.
Tilt, Katy Mills Mall
5000 Katy Mills Circle
Katy, Texas 77494

Mr. McCain is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

18. Vicky Peek
Nickels & Dimes, Inc.
Tilt, Katy Mills Mall
5000 Katy Mills Circle
Katy, Texas 77494

Ms. Peek is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

19. Bangeter Reinhardt
Nickels & Dimes, Inc.
Tilt, Plaza Camino Real Mall
2525 El Camino Real #100
Carlsbad, California 92008

Mr. Reinhardt is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

///

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

20. Timo Kuusela, Boulevard Mall Manager
c/o Lewis Brisbois Bisgaard & Smith LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

Mr. Kuusela is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

21. Boulevard Mall Engineers
c/o Lewis Brisbois Bisgaard & Smith LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

The designated engineers are expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

22. Cindy R., Case Manager
Sunrise Hospital
3186 South Maryland Parkway
Las Vegas, NV 89109

Cindy is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

23. Kim Henderson
Security Guard, Boulevard Mall
c/o Lewis Brisbois Bisgaard & Smith LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

Ms. Henderson is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

24. "Dillon," eyewitness to subject event
Address unknown

Dillon is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

25. Person(s) Most Knowledgeable
Consolidated Electrical Distributors
1901 E. University Avenue
Des Moines, IA 50316

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

The designed person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

26. Person(s) Most Knowledgeable
Component Suppliers

The designated person(s) most knowledgeable is expected to testify regarding her knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

27. Person(s) Most Knowledgeable
Component Suppliers

The designated person(s) most knowledgeable is expected to testify regarding their knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

28. Sebastian Lara, WESCO Insurance
c/o Dubowsky Law Office, Chtd.
300 South Fourth Street, Suite 1020
Las Vegas, Nevada 89101

Mr. Lara is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

29. James R. Hacker
Custard Insurance Adjusters, Inc.
3983 East Desert Inn Road
Las Vegas, Nevada 89121

Mr. Hacker is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

30. Russ Toledo
Pinnacle Electric
4845 W. Reno Avenue
Las Vegas, Nevada 89118

Mr. Toledo is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

31. Unnamed Employee, eyewitness to subject event
Shoe Palace
3576 S Maryland Pkwy, Ste. 120
Las Vegas, Nevada 89169

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

This unnamed employee is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

32. Unnamed Employee, eyewitness to subject event
Cotton On
3506 S Maryland Pkwy, Ste. 300
Las Vegas, Nevada 89109

This unnamed employee is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

33. Paul Easter
5272 W Muriel Dr
Glendale, AZ 85308

Mr. Easter is an acquaintance of Plaintiffs and may testify regarding his knowledge of the facts and circumstances surround the death of Charles Wyman; her knowledge of Charles Wyman's life, hobbies, interests, and interaction with family, friends, and colleagues; and the grief, sorrow, loss of support, companionship, society, and comfort suffered by Plaintiffs Jennifer and Bear Wyman.

34. Christine Rhys-Evans
PO Box 4433
Chino Valley, AZ 86323

Ms. Rhys-Evans is an acquaintance of Plaintiffs and may testify regarding her knowledge of the facts and circumstances surround the death of Charles Wyman; her knowledge of Charles Wyman's life, hobbies, interests, and interaction with family, friends, and colleagues; and the grief, sorrow, loss of support, companionship, society, and comfort suffered by Plaintiffs Jennifer and Bear Wyman.

35. Sean Wyman
Active Duty Military
c/o Greenman, Goldberg, Raby & Martinez
601 South Ninth Street
Las Vegas, Nevada 89101

Mr. Easter is an acquaintance of Plaintiffs and may testify regarding his knowledge of the facts and circumstances surround the death of Charles Wyman; her knowledge of Charles Wyman's life, hobbies, interests, and interaction with family, friends, and colleagues; and the grief, sorrow, loss of support, companionship, society, and comfort suffered by Plaintiffs Jennifer and Bear Wyman.

///

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

36. Jason Burns, CSHO #R7073
OHSA
1301 N. Green Valley Parkway #200
Henderson, NV 89074

Mr. Burns is a certified safety and health official and the OSHA representative who investigated the scene. He is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

Plaintiffs anticipate that they may require testimony from any and all custodians of records, which are necessary to authenticate documents, which cannot be stipulated to regarding admissibility by the parties herein.

Plaintiffs reserve the right to call any and all expert witnesses which Plaintiffs may hereafter select as the need arises during the course of this litigation; and Plaintiffs further reserve the right to supplement this witness list if any other witnesses become known to Plaintiffs as this litigation progresses and as other witnesses are discovered or located.

Plaintiffs reserve the right to all rebuttal and/or impeachment witnesses; to call the records custodian for any person(s) or institutions(s) to which there is an objection concerning authenticity; and call any and all witnesses of any other party in this matter.

## II.

## DOCUMENTS

1. Plaintiffs' Complaint in District Court (Bates Stamped 1PCO001-1PCO021);
2. Defendant Smart Industries Corporation's Answer in Federal Court (Bates Stamped 2DSI001-2DSI007);
3. Defendant Hi-Tech Security Inc and William Roseberry's Answer in Federal Court (Bates Stamped 3DHTFC001-3DHTFC008);
4. Defendant Hi-Tech Security Inc and William Roseberry's Answer in District Court (Bates Stamped 4DHTDC001-4DHTDC008);
5. Sansone Companies Incident Report (Bates Stamped 5SCI001-5SCI004);
6. Employers Report of Industrial Injury (Bates Stamped 6ERI001);
7. OHSA Inspection Report with Pictures (Bates Stamped 7OIR001-7OIR078);

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

8. Death Certificate of Charles Wyman (Bates Stamped 8DCC001);

9. Photos of Smart Bus Crane (Bates Stamped 9PSB001-PSB005);

10. Photographs of Charles Wyman and Family (Bates Stamped 10PCW001-10PCW210);

**11. Video of Charles Wyman and Family (Attached DVD);**

Plaintiffs reserve the right to submit as an exhibit any document or tangible item identified by any other party in this action or obtained from any third party. Plaintiffs further reserve the right to amend and/or supplement this list of documents or tangible items as discovery proceeds.

In addition, neither inclusion of any documents or tangible items within this disclosure nor acceptance of documents provided by any other party hereto in a disclosure shall be deemed as a waiver by Plaintiffs of any evidentiary rights Plaintiffs may have with respect to those documents and/or tangible items, including, but not limited to, objections related to authenticity, materiality, relevance, foundation, hearsay, or any other rights as may be permitted pursuant to the Nevada Rules of Evidence.

**II.**

**DAMAGES**

| MEDICAL PROVIDER | DATES OF SERVICE | TOTAL CHARGES |
|---|---|---|
| Medic West Ambulance | 9/29/2015; | $1,080.31 |
| Sunrise Hospital & Medical Center | | TBD |
| TOTALS | | $1,080.31 |

Past Medical and Funeral Expenses — Amount to be determined

Loss of Wages and Benefits — $1,326,589.00 (Based on Expert Report EX8PRL001-EX8PRL012)

Total Special Damages — Amount to be determined

Further, at trial, the Jury will decide upon a sum of money sufficient to reasonably and fairly compensate Plaintiffs for the following items:

1. General damages for pain, suffering, mental distress, anguish and fear on behalf

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

of CHARLES WYMAN;

2. General damages of Plaintiffs, individually, for grief, sorrow, loss of companionship, society, and comfort and consortium; and

3. For such other and further relief as the Court may deem just and proper in the premises on behalf the of CHARLES WYMAN.

Plaintiffs reserves all rights to seek other damages including, but not limited to, general and exemplary damages in an amount to be proven at trial.

II.

**INSURANCE**

N/A.

DATED this 2nd day of October, 2017.

GREENMAN GOLDBERG RABY & MARTINEZ

/s/ Dillon G. Coil

**GABRIEL A. MARTINEZ, ESQ.**
Nevada Bar No. 000326
**THOMAS W. ASKEROTH, ESQ.**
Nevada Bar No. 011513
**DILLON G. COIL, ESQ.**
Nevada Bar No. 011541
601 South Ninth Street
Las Vegas, NV 89101
Phone: 702. 384.1616 ~ Fax: 702.384.2990
*Attorneys for Plaintiffs*

///

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

Greenman Goldberg Raby Martinez ACCIDENT INJURY ATTORNEYS

# CERTIFICATE OF SERVICE

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify that on the 2nd of October, 2017, the foregoing **PLAINTIFFS' THIRD SUPPLEMENT TO INITIAL DISCLOSURE PURSUANT TO FRCP 26(f)** was served via USPS to the following:

Paul A. Shpirt, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant Boulevard Ventures, LLC*

Carrie McCrea Hanlon, Esq.
LAW OFFICE OF KENNETH E. GOATES
3993 Howard Hughes Parkway, Suite 270
Las Vegas, Nevada 89169
*Attorneys for Defendants Hi-Tech Security, Inc. and William Roseberry*

David Barron, Esq.
BARRON & PRUITT
3890 West Ann Road
North Las Vegas, NV 89031
*Attorneys for Defendants Smart Industries Corporation*

/s/ Jade Askeroth

Employee of GREENMAN GOLDBERG RABY & MARTINEZ

# Exhibit E:

# Plaintiffs' Fourth Supplement to Initial Disclosure Pursuant to FRCP 26(f)

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
TRACY A. EGLET, ESQ.
Nevada Bar No. 6419
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
**EGLET ADAMS**
400 S. 7th Street, 4th Floor
Las Vegas, Nevada 89101
E-Mail: eservice@egletlaw.com
T: 702.450.5400
F: 702.450.5451
*-and-*
GABRIEL A. MARTINEZ, ESQ.
Nevada Bar No. 326
DILLON G. COIL, ESQ.
Nevada Bar No. 11541
**GREENMAN GOLDBERG RABY & MARTINEZ**
601 S. Ninth Street
Las Vegas, NV 89101
E-Mail: gmartinez@ggrmlawfirm.com
E-Mail: dcoil@ggrmlawfirm.com
T: 702. 384.1616
F: 702.384.2990
*Attorneys for Plaintiffs*
*JENNIFER WYMAN and BEAR WYMAN*

EGLET ADAMS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JENNIFER WYMAN, individually; BEAR WYMAN, a minor, by and through his natural parent JENNIFER WYMAN; JENNIFER WYMAN and VIVIAN SOOF, as Joint Special Administrators of the ESTATE OF CHARLES WYMAN;<br><br>Plaintiffs,<br><br>vs.<br><br>SMART INDUSTRIES CORPORATION dba SMART INDUSTRIES CORP., MFG.; HI-TECH SECURITY INC; WILLIAM ROSEBERRY; BOULEVARD VENTURES, LLC; SANSONE COMPANIES, LLC; | CASE NO.: 2:16-cv-01206-JCM-GWF<br><br>**PLAINTIFFS' FOURTH DISCLOSURE OF DOCUMENTS AND WITNESSES PURSUANT TO FRCP 26(a)(1)** |

DOES I through V;
and BUSINESS ENTITIES I through V,
inclusive,

Defendants.

AND ALL OTHER RELATED CASES.

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL HEREIN:

Plaintiffs, by and through their counsel of record, hereby produce (or will produce where indicated) the identity of trial witnesses who may be called to testify at the trial of this matter, documents, and tangible things which may be introduced into evidence.

**I.**

**WITNESSES**

Pursuant to FRCP 26(a)(1)(A)(i), Plaintiffs hereby disclose "[t]he name and, if known, the address and telephone number of each individual likely to have information discoverable under Rule 26(b)." Regarding medical providers, Plaintiffs have attempted to list every treating physician and nurse who saw Plaintiff ALEXANDER "SASHA" RIES at the named facilities, but refers Defendants to the medical records and incorporates those names herein in case of any inadvertent oversight.

1. Person(s) Most Knowledgeable **and/or Custodian of Records**
   Smart Industries Corporation
   c/o BARRON & PRUITT, LLP
   3890 West Ann Road
   North Las Vegas, Nevada 89131

Defendant/person(s) most knowledgeable is expected to testify as to their knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

EGLET ADAMS

2. Robin Russo
Smart Industries Corporation
c/o BARRON & PRUITT, LLP
3890 West Ann Road
North Las Vegas, Nevada 89131

Defendant is expected to testify as to their knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

3. Jennifer Wyman
**c/o EGLET ADAMS**
**400 S. Seventh St., Suite 400**
**Las Vegas, Nevada 89101**
**(7020 450-4550**
And
c/o GREENMAN, GOLDBERG, RABY & MARTINEZ
601 South Ninth Street
Las Vegas, NV 89101

**Plaintiff is anticipated to testify regarding the facts and circumstances of the incident, as well as the damages caused by the incident. Damages include the injuries that Plaintiff sustained as well as the past medical treatment that Decedent CHARLES WYMAN has had. Plaintiff will also testify regarding her pain, suffering and loss of enjoyment of life. Moreover, Plaintiff will testify with regard to loss of earning capacity as well as loss of household services (if any).**

4. Bear Wyman
**c/o EGLET ADAMS**
**400 S. Seventh St., Suite 400**
**Las Vegas, Nevada 89101**
**(7020 450-4550**
And
c/o GREENMAN, GOLDBERG, RABY & MARTINEZ
601 South Ninth Street
Las Vegas, NV 89101

**Plaintiff is anticipated to testify regarding the facts and circumstances of the incident, as well as the damages caused by the incident. Damages include the injuries that Plaintiff sustained as well as the past medical treatment that Decedent CHARLES**

EGLET ADAMS

**WYMAN has had. Plaintiff will also testify regarding his pain, suffering and loss of enjoyment of life. Moreover, Plaintiff will testify with regard to loss of earning capacity as well as loss of household services (if any).**

5. Person(s) Most Knowledgeable **and/or**
**Custodian of Records**
Hi-Tech Security, Inc.
**c/o HALL, JAFFE & CLAYTON, LLP**
**7425 Peak Drive**
**Las Vegas, NV 89128**

Defendant/person(s) most knowledgeable is expected to testify as to their knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

6. William Roseberry
**c/o HALL, JAFFE & CLAYTON, LLP**
**7425 Peak Drive**
**Las Vegas, NV 89128**

Defendant is expected to testify as to their knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

7. Person(s) Most Knowledgeable **and/or**
**Custodian of Records**
Boulevard Ventures, LLC
c/o LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

Defendant/person(s) most knowledgeable is expected to testify as to their knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

///

///

///

EGLET ADAMS

8. Person(s) Most Knowledgeable **and/or**
**Custodian of Records**
Sansone Companies, LLC
c/o LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

Defendant/person(s) most knowledgeable is expected to testify as to their knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

9. Person(s) Most Knowledgeable **and/or**
**Custodian of Records**
Clark County Coroner/Medical Examiner
**Lisa Gavin, M.D.**
1704 Pinto Lane
Las Vegas, NV 89106

**These witnesses are expected to give expert opinions in accordance with FRCP 26(a)(2)(C) in relation to their examination of Decedent CHARLES WYMAN and of the injuries sustained by Decedent and the cause of his injuries, diagnoses as reflected in his medical records, the necessity and reasonableness of the treatment rendered, and the causation of the necessity for past medical treatment, caused by the incident. They will also discuss all opinions set forth in their records, reports, and depositions.**

10. Person(s) Most Knowledgeable **and/or**
**Custodian of Records**
Department of Business and Industry
Division of Industrial Relations
Occupational Safety and Health Administration
1301 N. Green Valley Parkway, Suite 200
Henderson, NV 89074

This witness is expected to testify as to their knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

///

EGLET ADAMS

EGLET ADAMS

11. Person(s) Most Knowledgeable **and/or**
**Custodian of Records**
Nickels & Dimes, Inc.
**c/o WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER, LLP**
**300 S. Fourth St., 11th Floor**
**Las Vegas, NV 89101**

This witness is expected to testify as to their knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

12. Diane D. Oakley
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, TX 75009

This witness is expected to testify as to her knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

13. Kevin Kamphuis
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, TX 75009

This witness is expected to testify as to his knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

14. Craig Singer
Nickels & Dimes, Inc.
1844 North Preston Road
Celina, TX 75009

This witness is expected to testify as to his knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

15. Mark McCain
Nickels & Dimes, Inc.
Tilt, Katy Mills Mall
5000 Katy Mills Circle
Katy, TX 77494

This witness is expected to testify as to his knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

16. Vicky Peek
Nickels & Dimes, Inc.
Tilt, Katy Mills Mall
5000 Katy Mills Circle
Katy, TX 77494

This witness is expected to testify as to her knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

17. Bangeter Reinhardt
Nickels & Dimes, Inc.
Tilt, Plaza Camino Real Mall
2525 El Camino Real #100
Carlsbad, CA 92008

This witness is expected to testify as to his/her knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

18. Timo Kuusela, Boulevard Mall Manager
c/o Lewis, Brisbois, Bisgaard & Smith, LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

This witness is expected to testify as to his/her knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

19. Boulevard Mall Engineers
c/o Lewis, Brisbois, Bisgaard & Smith, LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

These witnesses are expected to testify as to their knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

20. Cindy R., Case Manager
Sunrise Hospital
3186 South Maryland Parkway
Las Vegas, NV 89109

EGLET ADAMS

This witness is expected to testify as to her knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

21. Kim Henderson
Security Gard, Boulevard Mall
c/o Lewis, Brisbois, Bisgaard & Smith, LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

This witness is expected to testify as to his/her knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

22. "Dillon, " eyewitness to subject incident
Address unknown

This witness is expected to testify as to his knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

23. Person(s) Most Knowledeable **and/or Custodian of Records**
Consolidated Electrical Distributors
c/o Lewis, Brisbois, Bisgaard & Smith, LLP
1901 E. University Avenue
Des Moines, IA 50316

This witness is expected to testify as to their knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

24. Person(s) Most Knowledgeable **and/or Custodian of Records**
Component Suppliers

This witness is expected to testify as to their knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

25. Sebastian Lara, WESCO Insurance
c/o Dubowsky Law Office, Chtd.
300 South Fourth Street, Suite 1020
Las Vegas, NV 89101

This witness is expected to testify as to his knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

EGLET ADAMS

26. James R. Hacker
Custard Insurance Adjusters, Inc.
3983 East Desert Inn Road
Las Vegas, NV 89121

This witness is expected to testify as to his knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

27. Russ Toledo
Pinnacle Electric
4845 W. Reno Avenue
Las Vegas, NV 89118

This witness is expected to testify as to his knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

28. Unnamed Employee, eyewitness to subject event
Shoe Palace
3576 S. Maryland Parkway, Suite 120
Las Vegas, NV 89169

This witness is expected to testify as to his/her knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

29. Unnamed Employee, eyewitness to subject event
Cotton On
3506 S. Maryland Pkwy., Suite 300
Las Vegas, NV 89109

This witness is expected to testify as to his/her knowledge of the allegations contained in the subject Complaint and the facts and circumstances surrounding the subject incident.

30. Paul Easter
5272 W. Muriel Drive
Glendale, AZ. 85306

This witness is an acquaintance of Plaintiffs and may testify regarding his knowledge of the facts and circumstances surrounding the death of Charles Wyman, his knowledge of Charles Wyman's life, hobbies, interests, and interaction with family, friends, and colleagues, and the grief, sorrow, loss of support, companionship, society, and comfort suffered by Plaintiffs.

EGLET ADAMS

EGLET ADAMS

31. Christine Rhys-Evans
P.O. Box 4433
Chino Valley, AZ 86323

This witness is an acquaintance of Plaintiffs and may testify regarding her knowledge of the facts and circumstances surrounding the death of Charles Wyman, her knowledge of Charles Wyman's life, hobbies, interests, and interaction with family, friends, and colleagues, and the grief, sorrow, loss of support, companionship, society, and comfort suffered by Plaintiffs.

32. Sean Wyman
Active Duty Military
c/o Greenman, Goldberg, Raby & Martinez
601 South Ninth Street
Las Vegas, NV 89101

This witness is an acquaintance of Plaintiffs and may testify regarding his knowledge of the facts and circumstances surrounding the death of Charles Wyman, his knowledge of Charles Wyman's life, hobbies, interests, and interaction with family, friends, and colleagues, and the grief, sorrow, loss of support, companionship, society, and comfort suffered by Plaintiffs.

33. Jason Burns, CSHO #R7073
OSHA
1301 N. Green Valley Parkway, #200
Henderson, NV 89074

This witness is a certified safety and health official and the OSHA representative who investigate the scene. He is expected to testify regarding his knowledge of the allegations contained in the subject Complaint and the facts and circumstances at issue in the instant litigation.

**34. Sara Rodriguez**
**As Parent and Guardian of Jacob Wyman**
**c/o CLIFF W. MARCEK, P.C.**
**536 E. St. Louis Ave.**
**Las Vegas, NV 89104**
**and**
**c/o HOLLORAN, SCHWARTZ & GAERTNER, LLP**
**9200 Litzsinger Road**
**St. Louis, MO 63144**

**Plaintiff is anticipated to testify regarding the facts and circumstances of the**

**incident, as well as the damages caused by the incident. Damages include the injuries that Plaintiff sustained as well as the pain, suffering and loss of enjoyment of life for Jacob Wyman.**

**DECEDANT'S HEALTHCARE PROVIDERS:**

1. **Treating Physicians and/or**
   **Treating Nurses and/or**
   Person(s) Most Knowledgeable and/or
   **Custodian of Records**
   MedicWest Ambulance
   **Brian Clear, EMT**
   **Eddie Castillo, EMT**
   **Jordan Fox, EMT**
   **P.O. Box 745774**
   **Los Angeles, CA 90074-4774**

**These witnesses are expected to give expert opinions in accordance with FRCP 26(a)(2)(C) in relation to the nature of the injuries sustained by Decedent CHARLES WYMAN and the cause of his injuries, diagnoses as reflected in his medical records, prognosis, the necessity and reasonableness of the treatment rendered, the causation of the necessity for past medical treatment, caused by the incident. These witnesses are expected to testify as to Decedent CHARLES WYMAN'S injuries, including but not limited to cardiac arrest and electrocution. They will also discuss all opinions set forth in their medical records, reports, and depositions. Their opinions shall include the cost of past medical care, and whether those medical costs fall within the usual and customary charges in the community for similar medical care and treatment.**

2. **Treating Physicians and/or**
   **Treating Nurses and/or**
   Person(s) Most Knowledgeable and/or
   **Custodian of Records**
   Sunrise Hospital
   Samir Shrikar Bangalore, M.D.
   **Julie Rivas, M.D.**
   **Stephen Tam, M.D.**

EGLET ADAMS

**Chad Goffstein, M.D.**
**Richard Byrd, M.D.**
**Prashant Gundre, M.D.**
3186 South Maryland Parkway
Las Vegas, NV 89109

**These witnesses are expected to give expert opinions in accordance with FRCP 26(a)(2)(C) in relation to the nature of the injuries sustained by Decedent CHARLES WYMAN and the cause of his injuries, diagnoses as reflected in his medical records, prognosis, the necessity and reasonableness of the treatment rendered, the causation of the necessity for past medical treatment, caused by the incident. These witnesses are expected to testify as to Decedent CHARLES WYMAN'S injuries, including but not limited to electrocution, respiratory failure requiring intubation, altered mental status, electrical accident caused by industrial wiring, appliances, and electrical machinery, acute respiratory failure with hypoxemia, cardiac arrest, anoxic encephalopathy, hypoxic brain injury, cerebral edema, and absent cranial nerve function. They will also discuss all opinions set forth in their medical records, reports, and depositions. Their opinions shall include the cost of past medical care, and whether those medical costs fall within the usual and customary charges in the community for similar medical care and treatment.**

**3. Treating Physicians and/or**
**Treating Nurses and/or**
**Person(s) Most Knowledgeable and/or**
**Custodian of Records**
**Affordable Cremation & Burial Service**
**2457 N. Decatur Blvd.**
**Las Vegas, NV 89108**
**(702) 464-8560**

**These witnesses are expected to give expert opinions in accordance with FRCP 26(a)(2)(C) in relation to the preparation and cremation of Decedent CHARLES WYMAN. Their opinions shall include the cost of burial and/or cremation, and whether those costs fall**

EGLET ADAMS

within the usual and customary charges in the community for similar burial and/or cremation.

4. Treating Physicians and/or
Treating Nurses and/or
Person(s) Most Knowledgeable and/or
Custodian of Records
Nevada Neurosciences Institute
Samir Bangalore, M.D.
3131 Canada Street
Las Vegas, NV 89169
(702) 706-7710

These witnesses are expected to give expert opinions in accordance with FRCP 26(a)(2)(C) in relation to the nature of the injuries sustained by Decedent CHARLES WYMAN and the cause of his injuries, diagnoses as reflected in his medical records, prognosis, the necessity and reasonableness of the treatment rendered, the causation of the necessity for past medical treatment, caused by the incident. These witnesses are expected to testify as to Decedent CHARLES WYMAN'S injuries, including but not limited to electrocution, respiratory failure requiring intubation, altered mental status, electrical accident caused by industrial wiring, appliances, and electrical machinery, acute respiratory failure with hypoxemia, cardiac arrest, anoxic encephalopathy, hypoxic brain injury, cerebral edema, and absent cranial nerve function. They will also discuss all opinions set forth in their medical records, reports, and depositions. Their opinions shall include the cost of past medical care, and whether those medical costs fall within the usual and customary charges in the community for similar medical care and treatment.

///

///

///

///

EGLET ADAMS

5. Treating Physicians and/or
Treating Nurses and/or
Person(s) Most Knowledgeable and/or
Custodian of Records
Radiology Specialists
Kelly Gardner, M.D.
David Gorczyca, M.D.
Raisa Lev, M.D.
Wayne Jacobs, M.D.
Lindsay Blake, M.D.
P.O. Box 50709
Henderson, NV 89016
(702) 947-7448

These witnesses are expected to give expert opinions in accordance with FRCP 26(a)(2)(C) in relation to the nature of the injuries sustained by Decedent CHARLES WYMAN and the cause of his injuries, diagnoses as reflected in his medical records, prognosis, the necessity and reasonableness of the treatment rendered, the causation of the necessity for past medical treatment, caused by the incident. These witnesses are expected to testify as to Decedent CHARLES WYMAN'S injuries, including but not limited to radiology imaging of chest and brain. They will also discuss all opinions set forth in their medical records, reports, and depositions. Their opinions shall include the cost of past medical care, and whether those medical costs fall within the usual and customary charges in the community for similar medical care and treatment.

6. Treating Physicians and/or
Treating Nurses and/or
Person(s) Most Knowledgeable and/or
Custodian of Records
United Critical Care
Prashant Gundre, M.D.
6040 S. Fort Apache Rd., Suite 100
Las Vegas, NV 89148
(702) 476-4900

These witnesses are expected to give expert opinions in accordance with FRCP 26(a)(2)(C) in relation to the nature of the injuries sustained by Decedent CHARLES

EGLET ADAMS

WYMAN and the cause of his injuries, diagnoses as reflected in his medical records, prognosis, the necessity and reasonableness of the treatment rendered, the causation of the necessity for past medical treatment, caused by the incident. These witnesses are expected to testify as to Decedent CHARLES WYMAN'S injuries, including but not limited to electrocution, respiratory failure requiring intubation, altered mental status, electrical accident caused by industrial wiring, appliances, and electrical machinery, acute respiratory failure with hypoxemia, cardiac arrest, anoxic encephalopathy, hypoxic brain injury, cerebral edema, and absent cranial nerve function. They will also discuss all opinions set forth in their medical records, reports, and depositions. Their opinions shall include the cost of past medical care, and whether those medical costs fall within the usual and customary charges in the community for similar medical care and treatment.

7. Treating Physicians and/or
Treating Nurses and/or
Person(s) Most Knowledgeable and/or
Custodian of Records
Clark County Fire Department
575 East Flamingo Rd.
Las Vegas, NV 89119
(702) 455-7322

These witnesses are expected to give expert opinions in accordance with FRCP 26(a)(2)(C) in relation to the nature of the injuries sustained by Decedent CHARLES WYMAN and the cause of his injuries, diagnoses as reflected in his medical records, prognosis, the necessity and reasonableness of the treatment rendered, the causation of the necessity for past medical treatment, caused by the incident. They will also discuss all opinions set forth in their medical records, reports, and depositions. Their opinions shall include the cost of past medical care, and whether those medical costs fall within the usual and customary charges in the community for similar medical care and treatment.

EGLET ADAMS

8. **Treating Physicians and/or**
**Treating Nurses and/or**
**Person(s) Most Knowledgeable and/or**
**Custodian of Records**
**Jerry Andrews, LMFT, LISAC**
**17100 N. 67TH Avenue, Suite 400**
**Glendale, AZ 85308**
**(602) 938-3323**

**This witness is expected to give expert opinions in accordance with FRCP 26(a)(2)(C) in relation to the nature of the injuries sustained by Plaintiff JENNIFER WYMAN and the cause of her injuries, diagnoses as reflected in her medical records, prognosis, the necessity and reasonableness of the treatment rendered, the causation of the necessity for past medical treatment, caused by the incident. These witnesses are expected to testify as to Plaintiff JENNIFER WYMAN'S injuries, including but not limited to counseling and therapy regarding the loss of her husband. They will also discuss all opinions set forth in their medical records, reports, and depositions. Their opinions shall include the cost of past medical care, and whether those medical costs fall within the usual and customary charges in the community for similar medical care and treatment.**

## II.

## DOCUMENTS

Pursuant to FRCP 26(a)(1)(A)(ii), Plaintiffs hereby disclose "a description by category and location" of the following documents. Regarding medical records, Plaintiffs have provided copies of most records and billing, but have executed HIPAA authorizations available to the defense upon request for any medical providers listed below in the event that any date of service or billing record is inadvertently overlooked in the list below or missing from the documents produced.

1. Plaintiffs' Complaint in District Court (1PCO001-1PCO021);

2. Defendant Smart Industries Corporation's Answer in Federal Court (2DSI001-

EGLET ADAMS

2DSI007);

3. Defendant Hi-Tech Security, Inc. and William Roseberry's Answer in Federal Court (3DHTFC001 – 3DHTFC008);

4. Defendant Hi-Tech Security, Inc. and William Roseberry's Answer in District Court (4DHTDC001 – 4DHTDC008);

5. Sansone Companies Incident Report (5SCI001 – 5SCI004);

6. Employers Report of Industrial Injury (6ERI001);

7. OSHA Inspection Report with Pictures (7OIR001 – 7OIR078);

8. Death Certificate of Charles Wyman (8DCC001);

9. Photos of Smart Bus Crane (9PSB001 – PSB005);

10. Photographs of Charles Wyman and Family (10PCW001 – 10PCW 210);

11. Video of Charles Wyman and Family (attached DVD);

12. **Medical records and billing of MedicWest Ambulance dated 9/29/15 (PLTF000001 – PLTF000011);**

13. **Billing statement of Radiology Specialists dated 9/29/15 through 10/04/15 (PLTF000012 – PLTF000013);**

14. **Medical records of Sunrise Hospital dated 9/29/15 through 10/04/15 (PLTF000014 – PLTF000715);**

15. **Billing statement of United Critical Care dated 9/29/15 through 10/03/15 (PLTF000716 – PLTF000721);**

**16. Plaintiff Jennifer Wyman's and Decedent Chuck Wyman's Federal Tax Return – Form 1040 for Tax Year 2014 and 2015 (PLTF000722 – PLTF000762);**

**17. Surveillance video of subject incident produced by Defendant Boulevard Ventures, LLC in their Initial 16.1 production on March 22, 2017 under Bates Number**

EGLET ADAMS

**BV000001;**

**18. Billing statement of Sunrise Hospital dated 9/29/15 through 10/04/15 (PLTF0000763 – PLTF000777).**

**III.**

**TANGIBLE ITEMS**

Pursuant to FRCP 26(a)(1)(A)(ii), Plaintiffs hereby describe and identify the tangible items or things in possession of Plaintiffs which are relevant to this lawsuit and ***are available for inspection and copying at Defendant's expense***: All MRIs, X-rays, CT scans, and radiology films and studies associated with reports contained in the medical records.

| Provider | Service Date | Type of Film |
|---|---|---|
| **Sunrise Hospital** | **9/29/15** | **X-Ray Chest** |
| **Sunrise Hospital** | **9/29/15** | **CT Brain** |
| **Sunrise Hospital** | **9/30/15** | **X-Ray Chest** |
| **Sunrise Hospital** | **10/01/15** | **X-Ray Chest** |
| **Sunrise Hospital** | **10/02/15** | **CT Brain** |
| **Sunrise Hospital** | **10/02/15** | **X-Ray Chest** |
| **Sunrise Hospital** | **10/04/15** | **X-Ray Chest** |

Plaintiffs also designate and incorporate herein all documents, witnesses, and tangible items disclosed by any other party in this action pursuant to FRCP 26-1; all documents produced by all parties in response to Requests for Production of Documents; and all exhibits to depositions taken in this action.

**IV.**

**COMPUTATION OF DAMAGES**

Pursuant to FRCP 26(a)(1)(A)(iii), Plaintiffs provide the following computation of damages, which is not intended to be all-inclusive. Discovery is continuing and Plaintiffs reserves

EGLET ADAMS

the right to supplement any computation and damage amount.

| | **Medical Provider** | **Charges** |
|---|---|---|
| 1. | **Affordable Cremation & Burial** | **$1,508.17** |
| 2. | MedicWest Ambulance | $1,080.31 |
| 3. | **Radiology Specialists** | **$486.00** |
| 4. | **Sunrise Hospital** | **$172,154.00** |
| 5. | **United Critical Care** | **$3,320.00** |
| | **TOTAL** | **$178,548.48** |

| | |
|---|---|
| **Past Medical and Related Expenses** | **$178,548.48** |
| Loss of Financial Support | $1,326,589.00 |
| Loss of Household Services | $TBD |
| **Total Special Damages** | **$1,505,137.48** |

Plaintiffs reserve the right to supplement this Computation of Damages with any and all other relevant documents and records, which come into their possession during discovery.

Further, Plaintiffs reserve the right to seek other damages in an amount to be proven at trial, whereby a jury will decide upon a sum of money sufficient to reasonably and fairly compensate Plaintiffs for the following items:

1. The reasonable medical expenses Plaintiffs have necessarily incurred as a result of the accident/incident.

2. The reasonable value of services performed by another in doing things for Plaintiffs, which, except for the injuries, Plaintiffs would ordinarily have performed.

3. The physical and mental pain, suffering, anguish, and disability endured by Plaintiffs from the date of the accident/incident to the present; and

4. The physical and mental pain, suffering, anguish, and disability which the jury believes Plaintiffs is reasonably certain to experience in the future as a result of the accident/incident, discounted to present value.

EGLET ADAMS

**MISCELLANEOUS**

Plaintiffs reserve the right to have a consulting expert review records and/or documents and provide opinions to counsel, but not testify at the time of trial, pursuant to FRCP 26(b)(5).

Plaintiffs reserve the right to call any witness named by Defendants. Plaintiffs reserve the right to call any witness as may be necessary for the purpose of impeachment. Plaintiffs may call any and all witnesses called in rebuttal to testimony given by Defendants' witnesses. Plaintiffs reserve the right to object to any of Defendants' witnesses at the time of trial.

Plaintiffs reserve the right to supplement this exhibit list with any and all other relevant documents and records, which come into their possession during discovery.

Plaintiffs reserve the right to have a medical expert review the medical records and provide an opinion to counsel, but not testify at the time of trial and/or arbitration.

Plaintiffs further reserve the right to use any and all of any other parties' exhibits at the time of trial of this matter.

V.

**DEMONSTRATIVE EXHIBITS**

Plaintiffs may offer at trial certain exhibits for demonstrative purposes including, but not limited to, the following:

a. Actual surgical hardware, plates, screws, surgical tools, and surgical equipment as used in Decedent CHARLES WYMAN'S medical treatment;

b. Demonstrative and actual photographs and videos of surgical procedures and other diagnostic tests Decedent CHARLES WYMAN underwent;

c. Actual diagnostic studies performed on Decedent CHARLES WYMAN, including post discography CT scans (if any) and computer digitized diagnostic studies;

d. Samples of tools used in surgical procedures;

EGLET ADAMS

e. Diagrams, drawings, pictures, photos, film, video, DVD, and CD ROM of various parts of the human body, diagnostic tests and surgical procedures;

f. Computer simulation, finite element analysis, mabymo, and similar forms of computer visualization;

g. Power point images/drawings/diagrams/animations/story boards, of the subject incident, the parties involved, the location of subject incident, and what occurred at the subject incident.

h. Pictures of Decedent CHARLES WYMAN prior and subsequent to the subject accident;

i. Surgical timeline;

j. Medical treatment timeline;

k. Future medical timeline;

l. Charts depicting Plaintiffs' life care plans;

m. Charts depicting Plaintiffs' loss of hedonic damages;

n. Charts depicting Plaintiffs' loss of household services;

o. Photographs of Plaintiffs' witnesses;

p. Charts depicting Plaintiffs' life expectancy;

q. Story boards and computer digitized power point images;

r. Blow-ups/transparencies/digitized images of medical records, medical bills, photographs and other exhibits;

s. Diagrams/story boards/computer re-enactment of subject incident;

t. Diagrams of various parts of the human body related to Decedent CHARLES WYMAN'S injuries;

u. Photographs of various parts of the human body related to Decedent CHARLES WYMAN'S injuries;

v. Models of the human body related to Decedent CHARLES WYMAN'S injuries;

w. Sample of an intrathecal drug delivery system and leads; and

EGLET ADAMS

      x. Samples of the needles and surgical tools used in Decedent CHARLES WYMAN'S various diagnostic and therapeutic pain management procedures.

## VI.

## GENERAL OBJECTIONS

1. General Objections Applicable to All Witnesses Disclosed by Defendants.

Plaintiffs object to any witness identified by Defendants which should be excluded on the basis that the witnesses are not relevant, or unfairly prejudicial, or not identified with particularity, or lack foundation, or would potentially violate the collateral source rule, or violate a stipulation of the parties and/or Orders of this Court. Additionally, Plaintiffs reserve the right to object to any witness identified by any party in the instant matter. Furthermore, Plaintiffs reserve the right to object to or exclude any witness testimony, of any basis, at the time of trial.

2. General Objections Applicable to all Documents Disclosed by Defendants.

Plaintiffs object to any documents that Defendants intend to use as exhibits at the trial of this matter, if any information violates the collateral source rule, hearsay rule, lacks foundation, is not relevant or which relevancy is outweighed by its prejudicial effect, or contains information that was/will be excluded by the court or by stipulation of the parties. Plaintiffs also object to these documents inasmuch as they have not been properly redacted according to the laws of privacy, and the previous stated objections.

By disclosing witnesses and/or documents, Plaintiffs do not waive the right to challenge and/or exclude any such witness or document or portions thereof on any basis.

///

///

///

EGLET ADAMS

Plaintiffs reserve the right to object to any document identified by any party in the instant matter.

DATED this 27th day of August, 2019.

**EGLET ADAMS**

*/s/ Tracy A. Eglet, Esq.*
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
TRACY A. EGLET, ESQ.
Nevada Bar No. 6419
*Attorneys for Plaintiffs*

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

EGLET ADAMS

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of EGLET ADAMS, and that on August 27, 2019, I caused the foregoing document entitled **PLAINTIFF'S INITIAL DISCLOSURE OF DOCUMENTS AND WITNESSES PURSUANT TO FRCP 26(a)(1)** to be served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

David Barron, Esq.
Joseph R. Meservy, Esq.
BARRON & PRUITT
3890 West Ann Road
North Las Vegas, NV 89031
*Attorneys for Defendant Smart Industries Corporation*

Josh C. Aicklen, Esq.
Paul A. Shpirt, Esq.
Amber L. White-Davidson, Esq.
LEWIS BRISBOIS BISGAARD & SMITH
6385 S. Rainbow Blvd, Ste. 600
Las Vegas, NV 89118
*Attorneys for Defendant Boulevard Ventures, LLC*

Steven T. Jaffe, Esq.
Walter F. Fick, Esq.
HALL, JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128
- and -
Marsha L. Stephenson, Esq.
STEPHENSON & DICKINSON
2820 West Charleston Blvd., Suite 17
Las Vegas, NV 89102
*Attorneys for Defendants*
*Hi-Tech Security, Inc. and William Roseberry*

///

EGLET ADAMS

EGLET ADAMS

Peter Dubowsky, Esq.
Amanda C. Vogler-Heaton, Esq.
DUBOWSKY LAW OFFICE, CHTD.
300 S. Fourth Street, Suite 1020
Las Vegas, NV 89101
*Attorneys for Plaintiff Wesco Insurance*

Mark C. Severino, Esq.
Karen L. Bashor, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
300 S. Fourth Street, 11th Floor
Las Vegas, NV 89101
*Attorneys for Third-Party Defendant Nickels and Dimes Incorporated*

Cliff W. Marcek, Esq.
CLIFF W. MARCEK, P.C.
536 E. St. Louis Ave.
Las Vegas, NV 89104
- and -
Thomas E. Schwartz, Esq.
Rebecca Grossman, Esq.
HOLLORAN, SCHWARTZ & GAERTNER, LLP
9200 Litzsinger Road
St. Louis, MO 63144
*Attorneys for Plaintiff Sara Rodriguez, As parent and guardian of Jacob Wyman*

*/s/ Jennifer L. Nerney*
An Employee of EGLET ADAMS