**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| WESCO INSURANCE COMPANY as subrogee of its insured NICKELS AND DIMES INCORPORATED, | Case No.: 2:16-cv-01206-JCM-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| SMART INDUSTRIES CORPATION dba SMART INDUSTRIES CORP., MFG., an Iowa corporation, | |
| Defendants. | |
| JENNIFER WYMAN, individually; BEAR WYMAN, a minor, by and through his natural parent JENNIFER WYMAN; JENNIFER WYMAN and VIVIAN SOOF, as Joint Special Administrators of the ESTATE OF CHARLES WYMAN; and SARA RODRIGUEZ, natural parent and guardian ad litem of JACOB WYMAN, | Consolidated with Case No. 2:16-cv-02378-JCM-CWH |
| Plaintiffs, | |
| v. | |
| SMART INDUSTRIES CORPORATION d/b/a SMART INDUSTRIES CORP., MFG, an Iowa corporation; HI-TECH SECURITY INC., a Nevada corporation; WILLIAM ROSEBERRY; BOULEVARD VENTURES, LLC, a Nevada corporation; DOES I through V; DOES 1 through 10; BUSINESS ENTITIES I through V; and ROE CORPORATIONS 11 through 20, inclusive, | |
| Defendants. | |

On February 19, 2020, the Court issued its written Order granting in part and denying in part Defendant Smart Industries Corporation's Motion to Strike [the] Wyman Plaintiffs' Fourth Disclosure of Documents and Witnesses. ECF No. 199. In addition to stating what part of Defendant's Motion was granted and what part was denied, the Court ordered the parties to appear at a hearing on February 25, 2020 in Courtroom 4B to address the disclosure of (i) seventeen

1

custodians of record, (ii) numerous treating nurses and/or treating physicians and/or persons most knowledgeable for Nevada Neurosciences Institute, Radiology Specialists, and United Critical Care, (iii) treating nurses and/or physicians for the Clark County Fire Department and Affordable Cremation & Burial, and (iv) 777 pages of medical and billing records, x-rays and CT scans of decedent, Jennifer Wyman's tax returns, and the surveillance video.

The parties appeared at 3 p.m. on February 25, 2020. The Wyman Plaintiffs and Smart Industries agreed to the following pertaining to the Fourth Supplemental Disclosure by the Wyman Plaintiffs:[1]

- The 17 Custodian of Records are struck;
- The authenticity of the documents that could otherwise be established by testimony of such Custodians will not be challenged; provided, however, that the Smart Industries does not waive the right to challenge the admissibility of any document deemed authenticated;
- The treating nurses and/or treating physicians and/or persons most knowledgeable for Radiology Specialists and United Critical Care are withdrawn;
- The treating nurses and/or physicians and/or person most knowledgeable for Clark County Fire Department are withdrawn;
- The treating nurses and/or physicians of Affordable Cremation & Burial are struck;
- The documents regarding charges identified by Affordable Cremation & Burial were properly produced and are not challenged by Smart Industries to the extent that the content of such records is authentic;
- Smart Industries does not contest the disclosure of documents previously produced by the Clark County Fire Department;
- The X-rays and CT scans of decedent are struck;
- The tax returns of Jennifer Wyman are withdrawn; and,

---

[1] This Order does not impact disclosures made, if any, by any plaintiff other than those defined as the Wyman Plaintiffs. Issues pertaining to the disclosure of witnesses and/or documents by Plaintiffs Sara Rodriguez, as the parent and guardian ad litem of Jacob Wyman, such issues may be raised by the parties as the parties deemed to be appropriate.

- Smart Industries does not contest the disclosure of the surveillance video; Sunrise Hospital documents Bates Numbered WESCO 262-681/Smart 1457-1876; Affordable Cremation documents Bates Numbered Smart 1378-1380; United Critical Care-Sunrise Emergency Department documents Bates Numbered Smart 1783-1740; or MedicWest documents bearing WESCO or Smart Bates Number.

IT IS FURTHER ORDERED that any Sunrise Hospital not identified above are struck.

IT IS FURTHER ORDERED that Radiology Specialists documents Bates Numbered Smart 1917-1938, to the extent they are billing records, are disproportionate to the case and for this reason they are struck. The parties agree that non-billing records contained within these Bates Numbers, if any, were properly disclosed, admissibility to be determined at a later date.

IT IS FURTHER ORDERED that document Bates Numbered Smart 1913, a United Critical Care bill, is struck.

IT IS FURTHER ORDERED that Dr. Bangalore, with Nevada Neurosciences, may testify to his diagnoses, treatment, and prognosis of the decedent (the equivalent of the S.O.A.P. (subjective, objective, assessment, and plan)), as well as information in the records he reviewed that Dr. Bangalore considered when providing medical care to decedent Charles Wyman. Consistent with the Order docketed as ECF No. 199, Dr. Bangalore may not offer opinion testimony as a non-retained expert pursuant to Fed. R. Evid. 702, 703, and 705. All other treating physicians and nurses and/or persons most knowledgeable for Nevada Neurosciences are struck.

IT IS FURTHER ORDERED that if any Bates Numbered document that is inadvertently not identified above, but which is within the subject matters identified above and produced by Smart Industries or Wesco are not struck.

IT IS FURTHER ORDERED that if Smart Industries seeks the deposition of Mr. Andrews, Smart Industries shall be entitled to receive and review any documents reviewed by Mr. Andrews in preparation for his deposition. This does not impact the Court's prior ruling regarding the failure to timely produce such records by the Wyman Plaintiffs and striking any such records.

IT IS FURTHER ORDERED that should the parties have additional discovery issues or seek clarification of this Order, they are instructed to contact my chambers to set a telephonic hearing.

DATED: March 2, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE