**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| WESCO INSURANCE COMPANY as subrogee of its insured NICKELS AND DIMES INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>SMART INDUSTRIES CORPATION dba SMART INDUSTRIES CORP., MFG., an Iowa corporation,<br><br>Defendants. | Case No.: 2:16-cv-01206-JCM-EJY<br><br>**ORDER** |
| JENNIFER WYMAN, individually; BEAR WYMAN, a minor, by and through his natural parent JENNIFER WYMAN; JENNIFER WYMAN and VIVIAN SOOF, as Joint Special Administrators of the ESTATE OF CHARLES WYMAN; and SARA RODRIGUEZ, natural parent and guardian ad litem of JACOB WYMAN,<br><br>Plaintiffs,<br><br>v.<br><br>SMART INDUSTRIES CORPORATION d/b/a SMART INDUSTRIES CORP., MFG, an Iowa corporation; HI-TECH SECURITY INC., a Nevada corporation; WILLIAM ROSEBERRY; BOULEVARD VENTURES, LLC, a Nevada corporation; DOES I through V; DOES 1 through 10; BUSINESS ENTITIES I through V; and ROE CORPORATIONS 11 through 20, inclusive,<br><br>Defendants. | Consolidated with<br>Case No. 2:16-cv-02378-JCM-CWH |

Before the Court is Defendant Smart Industries Corporation's ("Smart") Memorandum of Fees and Costs Related to its Motion to Strike (ECF No. 210). The Court has considered Smart's Memorandum, Plaintiffs Jennifer Wyman, Bear Wyman, and the Estate of Charles Wyman's ("Plaintiffs") Responsive Memorandum (ECF No. 229), and Smart's Reply (ECF No. 235). The Court finds as follows.

1

**DISCUSSION**

A.  Attorneys' Fees

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian,* 987 F.2d 1392, 1398 (9th Cir. 1992)).  Here, the Court ordered an award of attorney's fees (and costs) incurred by Smart for bringing its Motion to Strike and Reply in support thereof.  ECF No. 199.

When reviewing hours claimed by the party to whom fees have been awarded, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary.  *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Cruz v. Alhambra School Dist.,* 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009).  When determining the reasonable hourly rate to be applied to an award of attorney's fees, the Court must consider the "prevailing market rates in the relevant community" and compare the rates of "lawyers of reasonably comparable skill, experience and reputation" to the rates requested in the case before the Court.  *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. July 26, 2019) (internal citation omitted).  This is a two step process.  The first step requires the Court to "calculate the lodestar amount by" multiplying "the number of hours reasonably expended on the" motion at issue "by a reasonable hourly rate."  *Id*. (citations omitted).[1]  The second step requires the Court to consider adjusting the lodestar amount upward or downward, something done "only on rare and exceptional occasions, … using a multiplier based on factors not subsumed in the initial calculation of the lodestar."  *Id. citing Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal brackets removed).[2]

---

[1]  Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method.  *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

[2]  There are eleven factors that a court generally considers when assessing the reasonableness of an attorney fee award: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases."  *Van Gerwen,* 214 F.3d at 1045 n. 2 (citing *Hensley,* 461 U.S. at 430 n. 3).

*1.    The Rates Charged*

Here, the rate charged by senior counsel for Smart is not at issue. Each of these lawyers, Messrs. David Barron and William Pruitt, charged a low hourly rate of $175 to which Plaintiffs do not object. ECF No. 229 at 6. As Plaintiffs admit, Messrs. David Barron and William Pruitt are experienced litigators. *Id*. However, Plaintiffs do argue the hourly rate for the associates Messers. Joseph Meservy and John Barron, each of whom is out of law school for approximately four years,[3] is too high. Plaintiffs assert that the associate rate of $150 an hour is too high because it is only $25 less than the rate charged by senior counsel, and Mr. John Barron provides no evidence that he has litigation experience let alone what type of law he has practiced since graduating from law school. ECF No. 229 at 4, 7, and 10-11. Plaintiffs also take issue with the rate charged for time spent by paralegal MaryAnn Dillard because Smart offered nothing regarding "Ms. Dillard's ability, training, education, experience, professional standing, or skill." *Id*. at 11.

A review of fairly recent case law in this district shows that Messrs. David Barron's and William Pruitt's rates are below what is ordinarily charged for experienced defense counsel in personal injury cases. *Doud v. Yellow Cab of Reno, Inc.*, Case No. 3:13-cv-00664-WGC, 2015 WL 5286996, at *4-5 (D. Nev. Sept. 10, 2015) (including citation to testimony by a 33 year personal injury practitioner indicating that $400 an hour is reasonable, and rejecting an argument that $165 an hour for an experienced personal injury lawyer should be applied). The hourly rate for Messrs. Meservy and John Barron are also below what is typically charged for associates in this district. *Incorp Services, Inc. v. Nevada Corporate Services, Inc.*, Case No. 2:09-cv-1300-GMN-GWF, 2011 WL 3855462, at *1 (D. Nev. Aug. 29, 2011) (holding "[a]n hourly fee ranging between $250–$350 an hour is reasonable for experienced associates in the Las Vegas legal market"); *Chemeon Surface Technology, LLC v. Metalast International, Inc.*, Case No. 3:15-cv-00294-MMD-VPC, 2017 WL 2434296, at *1 (D. Nev. June 5, 2017) (collecting reasonable rate information for Nevada). With respect to MaryAnn Dillard, the paralegal, the rate is high in comparison to the rate for counsel, but not for paralegals in general. *Chemeon Surface Technology*, 2017 WL 2434296, at *1. Nonetheless, Smart's Memorandum offered nothing to support Ms. Dillard's skills or abilities. *See* ECF No. 210.

---

[3]    ECF No. 210 at 3.

3

1 On Reply (ECF No. 235), however, Smart submits information showing that Ms. Dillard has practiced as a paralegal for almost 20 years.[4]

Based on the information before the Court, and case law from this district, the Court finds all rates charged are reasonable.

### 2. The Time Billed By Smart's Counsel

The Court is more concerned that ultimately four attorneys and one paralegal worked on a single motion and reply brief. The Court is also concerned with the amount of time billed, including time not related to the motion or reply. Billing records attached to Smart's Memorandum start with entries on August 29, 2019 (ECF No. 210 at 8), with researching and drafting the Motion filed on October 17, 2019 (*see* ECF No. 156). Smart's counsel continued drafting the Motion through September 11, 2019, at which time drafting and researching the Motion stopped. Then, on October 17, 2019, the day the Motion was filed, Mr. Meservy and Mr. Pruitt invested an additional 4.7 hours drafting the Motion. ECF No. 210 at 13. The total amount of time spent preparing and finalizing the Motion (excluding the errata, phone calls, and review of files by counsel and the paralegal) was 20.5 hours, the vast majority of which was spent by associate Mr. Meservy.[5] The substantive portions of the Motion (ECF No. 156) is approximately 14 pages long and, with exhibits, the filing is a total of 92 pages long. The Court finds that 20.5 hours is a reasonable amount of time spent by counsel for Smart to prepare the Motion to Strike. Applying the approved hourly rates of $175 for

---

[4] On Reply, Smart provides information regarding Ms. Dillard's background that was not supported by the declaration of Ms. Dillard or Smart's counsel. ECF No. 235. The Court does not have any reason to doubt the accuracy of the information, but reminds counsel that it is the moving party's burden, at the time a motion is filed, to provide the Court with all evidence or information it seeks the Court to consider. *Eruchalu v. U.S. Bank, National Association*, Case No. 2:12-cv-1264-RFB-VCF, 2014 WL 12776845 (D. Nev. Sept. 30, 2014), at *2 (and numerous cases cited therein); *Lindner v. Ford Motor, Co.*, Case No. 2:10–cv–00051–LDG-VCF, 2012 WL 3598269, at *4 (D. Nev. Aug. 17, 2012) (declining to consider new arguments and new evidence offered on reply). The Court need not consider information offered for the first time in a reply brief. *Id*. Notwithstanding, the issue is moot as the Court does not award any fees for time spent by Ms. Dillard.
  Further, the Court notes that Smart's Exhibits A and B are said to be declarations prepared by Dennis Prince submitted in two state court matters. Smart does not provide the Court with evidence that either declaration was filed with the state court, let alone other indicia that these declarations are authentic. ECF No. 235. Smart also does not provide the Court with the full caption of either case. *Id*.
[5] Entries by Mr. Meservy found by the Court to be reasonably related to researching and drafting the Motion to Strike include 5.2 hours on Aug. 29th; 2.3 hours on Sept. 2nd; 2.9 hours on Sept. 3rd; 2.8 hours on Sept. 4th; and, 2.6 hours on Sept. 11th. This total of 15.8 hours was spent by Mr. Meservy. ECF No. 210 at 8-11. Together with the 2.8 hours spent by Mr. Meservy on October 17, 2019, Mr. Meservy billed 18.6 hours out of the total 20.5 hours billed by Smart's counsel for preparing the Motion.

4

Mr. Pruitt, and $150 for Mr. Meservy, Smart is awarded $3,122.50 in attorney's fees for preparation of the Motion.

Looking next at the time invested in preparing the Reply in support of the Motion to Strike, the Court finds the first entry on November 4, 2019, when Mr. Meservy reviewed Plaintiff's Opposition and began researching and drafting the brief. ECF No. 210 at 14. Mr. Meservy spent 6.6 hours engaged in these activities on November 4. *Id*. On the same day, associate John Barron began working on the Reply. *Id*. This is the first time Mr. John Barron's name appears on the billing records regarding this matter and, while his entry indicates he spent 1.4 hours drafting the section on "excluding untimely disclosed medical records," Mr. Meservy's entry for the same day stated he spent time "[d]raft[ing the] Reply in Support of Smart's Motion to Strike Wyman's Fourth Supplemental Disclosures." *Id*. Based on these entries, and the subject matter of the issue being argued, it is not possible for the Court to be certain these activities were not duplicative.

On November 5, 2019, Messrs. John Barron and Meservy again worked on the Reply with Mr. Meservy's entry identical to the day before, and Mr. Barron spending 1.1 hours reviewing and analyzing Plaintiffs' Opposition in preparation for drafting the Reply, which he started the day before. *Id*. at 15. Both of Mr. Barron's entries state the work was geared toward "exclude untimely disclosed medical records." *Id*. Mr. John Barron also did 1.6 hours of research on November 5 regarding sanctions, which Smart's moving papers argued and supported with citations. ECF No. 156 at 10-14.

In total, Mr. Meservy, who was largely responsible for drafting Smart's Motion, spent 30.5 hours drafting the Reply in Support of the Motion to Strike; Mr. John Barron spent an additional 19.8 hours researching and drafting the Reply; and, Mr. Pruitt invested 4.2 hours on the Reply. ECF No. 210 at 14-16. The approximately 54 hours spent drafting the Reply produced a 13 page brief. ECF No. 173.[6]

---

[6] This calculation omits time spent reviewing joinders, duplicative reviews of Plaintiffs' Opposition, re-review of Plaintiffs' discovery responses, conferences and telephone conferences, work performed by Ms. Dillard in support of the Reply brief, and time spent on a stipulation to extend time to file the Reply Brief. ECF No. 210 at 14-16. The calculation also excludes time Smart's counsel spent after the Court issued its written order on the Motion to Strike for which attorneys' fees and costs were not awarded. *Compare* ECF Nos. 199 and 206.

5

"District courts possess the necessary discretion to adjust the amounts awarded to address excessive and unnecessary effort expended in a manner not justified by the case." *Ballen v. City of Redmond,* 466 F.3d 736, 746 (9th Cir. 2006). This includes "time spent reviewing work of other attorneys as duplicative" (*Melancon v. Harrah's Entertainment, Inc.*, Case No. 2:08-cv-00212-RCJ-RJJ, 2010 WL 11639687, at *4 (D. Nev. Feb. 26, 2010)), as well as entries on time reports that fails "to delineate what work was performed in each entry" and thus appear duplicative. *American General Life Ins. Co. v. Futrell*, Case No. 2:11-cv-00977-PMP-CWH, 2012 WL 4962997, at*4 (D. Nev. Oct. 16, 2012). Ultimately, it is always Plaintiffs' burden to establish that the fees they seek are reasonable. *Soule*, 2019 WL 3416667, at *1 (citation omitted).

Bearing these standards in mind, the Court finds the time spent by Messrs. John Barron and J. Meservy on preparation of the Reply appear duplicative or, at a minimum, lack sufficient detail to ensure a lack of duplication of effort to produce a 13 page brief. That is, almost 50 hours was spent by these two associates. While the Court is aware that associates, billed at a lower rate than partners, may not be as efficient as a partner, close to 50 hours by two associates on a 13 page reply brief is excessive. It is true that Plaintiffs' Opposition to the Motion to Strike was long (32 pages) and attached numerous exhibits (ECF No. 161); however, the issues presented were not novel (alleged late/failure to disclose damages and witnesses), Smart's Motion to Strike was not granted in its entirety (ECF Nos. 199 and 206), and there was ample time to prepare the Reply as an extension was agreed to by Plaintiffs and entered by the Court (ECF Nos. 168 and 171). Therefore, the Court finds that the time spent by Mr. Pruitt (4.2 hours) is reasonable, but reduces total associate time approximately in half to 25 hours, allowing a total of 29.2 hours of time for preparation of the Reply Brief. At the hourly rates discussed and approved, this totals of $4,485 in fees awarded for the Reply Brief, and total fees to be paid of $7,607.50.

    *3.    The Costs*.

Counsel for Smart seeks $51.60 for costs associated with the Motion to Strike. ECF No. 210 at 3. Other than a short table showing printing costs at $0.10 per page and $3.00 for parking, there is nothing offered to support the alleged costs incurred. No declaration was provided and no receipts or other documents were offered in Smart's Memorandum. ECF No. 210. As previously stated,

6

1  fees and costs were not awarded for oral argument or for preparation for oral argument.  ECF Nos.
2  199 and 206.  Hence, counsel's parking fees are not awarded.  With respect to copying, the Court
3  calculates 99 pages of documents attached to Smart's Motion and Reply, which, at $0.10 a page, is
4  $9.90 in costs.  This amount is also awarded to Smart Industries.

**ORDER**

Accordingly,

IT IS HEREBY ORDERED that Defendant's Memorandum of Fees and Costs Related to its Motion to Strike (EFC No. 210) is GRANTED in the reduced amount of $7,617.20, as explained above.

IT IS FURTHER ORDERED that Plaintiffs are to make payment to Defendant within 30 days of the date of this Order unless an objection is filed.

DATED:  June 8, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE