UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WESCO INSURANCE COMPANY, | Case No. 2:16-CV-1206 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| SMART INDUSTRIES CORPORATION, | |
| Defendant(s). | |

Presently before the court is Jennifer Wyman, Bear Wyman, and the Estate of Charles Wyman's (collectively, "plaintiffs") first motion *in limine* to preclude Smart Industries Corporation ("defendant") from arguing that Charles Wyman ("Wyman") was servicing the subject arcade machine in an improper manner. (ECF No. 181). Defendant filed a response (ECF No. 225). Plaintiffs have not filed a reply, and the time to do so has passed.

Also before the court is plaintiffs' second motion *in limine* to preclude defendant from arguing that the subject arcade machine was not the cause of Wyman's electrocution. (ECF No. 182). Defendant filed a response. (ECF No. 226). Plaintiffs have not filed a reply, and the time to do so has passed.

Also before the court is plaintiff s' third motion *in limine* to preclude defendant from providing testimony, argument, or evidence that the subject arcade machine was not defective at the time of the electrocution. (ECF No. 183). Defendant filed a response. (ECF No. 227). Plaintiffs have not filed a reply, and the time to do so has passed.

Also before the court is plaintiffs' fourth motion *in limine* to preclude defendant from arguing that it was anything other than a manufacturer, distributor, and seller of the subject arcade

**James C. Mahan**
**U.S. District Judge**

machine.  (ECF No. 184).  Defendant filed a response.  (ECF No. 228).  Plaintiffs have not filed a reply, and the time to do so has passed.

I.     **Background**

The instant action involves a wrongful death and survival claim against defendant, which allegedly manufactured a defective arcade vending machine that caused Wyman's death on October 4, 2015.   (ECF No. 18-A at 5).

Five days prior to his death, Wyman, acting in his role as a route manager employed by Nickels and Dimes Incorporated, inspected an arcade vending machine at the Boulevard Mall in Las Vegas, Nevada.  (ECF No. 1 at 3).  The scope of Wyman's employment frequently necessitated the servicing of similar machines and the removal of coins from these machines.  *Id.* at 2.

Defendant manufactured, distributed, and/or sold the vending machine named the "Clean Sweep 69 Dual 7th Generation," a "claw" arcade game wherein the user pays coins and attempts to pick up a prize.  *Id.* at 3.  A reversal of the green wire grounding conductor and the hot black ungrounded wire inside the machine caused it to operate in a dangerously energized state.  *Id.*

Unaware of the defect, Wyman examined the machine, came into contact with its energized parts, and received an electric shock.  *Id.*  Wyman was electrocuted for fifteen minutes until the Clark County Fire Department arrived to unplug the machine.  *Id.*  Paramedics transported the unconscious Wyman to Sunrise Hospital, where he remained until his death.  *Id.*

Plaintiffs filed their complaint on October 10, 2016.  (ECF No. 18-A).  The heirs and the estate assert four claims against defendant, including a strict products liability claim (ECF No. 18-A).  On November 1, 2017, plaintiffs filed four motions *in limine* regarding the strict products liability claim.  (ECF Nos. 181–84).

II.    **Legal Standard**

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104.  Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence.  *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

James C. Mahan
U.S. District Judge

- 2 -

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion."). "*[I]n limine* [sic] rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

"Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013).

**III.   Discussion**

Plaintiffs submit four motions *in limine* to establish that (1) the subject arcade machine was serviced in a reasonably foreseeable manner, (2) the arcade machine was the cause of Wyman's electrocution, (3) the arcade machine was defective at the time of Wyman's electrocution, and (4) defendant was a manufacturer, distributor, and seller of the defective arcade machine. (ECF Nos. 181, 182, 183, 184). Plaintiffs seek to preclude defendant from presenting evidence to the contrary. *Id.* The court addresses each in turn.

1. *Preclude testimony that the arcade machine was not serviced in a reasonably foreseeable manner*

Plaintiffs seek to preclude the testimony of defendant's owner, Jeffrey Smart ("Smart"), that the arcade machine was not used in a reasonably foreseeable manner. (ECF No. 181 at 6).

James C. Mahan
U.S. District Judge

- 3 -

1    Plaintiffs argue that Smart testified that there are circumstances in which technicians do not unplug arcade machines before servicing them, and therefore the product was used in a reasonably foreseeable manner. *Id.* at 10. Plaintiffs contend that technicians need not unplug the machine when servicing the junction box. (ECF No. 1 at 10). And, by plaintiffs' estimation, a reasonable person could believe Wyman was servicing a junction box at the time of the electrocution. *Id.* Finally, plaintiffs argue that even if Wyman was not servicing the junction box, it is still foreseeable that a service technician would reach inside of an arcade machine without first unplugging the machine. (ECF No. 181 at 10).

Defendant contends that plaintiffs' motion is an improper motion for partial summary judgment as to its unforeseeable misuse defense. (ECF No. 225 at 6). Defendant included an express warning in the machine's manual: "Always disconnect power to the unit when you are working inside the unit." *Id.* Smart also testified that he does not know why Wyman was servicing the machine, what Wyman intended to do, or what the servicing required. (ECF No. 181-2 at 9–10). However, Smart admitted that defendant's machines do not need to be unplugged every time the cabinet doors are opened. (ECF No. 181 at 8).

This evidence goes to the heart of foreseeability, an element that plaintiffs must prove. The foreseeability of the accident depends on Wyman's purpose for servicing the machine, whether that determined purpose required unplugging the machine, and whether reaching into the machine while it was plugged in for that determined purpose followed defendant's safety standards. These are not questions of law for the court to decide, rather, they are questions of fact for the jury to determine at trial. *See Stewart v. Van De Kamp*, 859 F.2d 924 (9th Cir. 1988).

Accordingly, plaintiffs' first motion *in limine* is denied.

2. *Preclude evidence or argument that the arcade machine was not the cause of Wyman's electrocution and request for judicial notice*

Plaintiffs' second motion *in limine* seeks to narrow two issues: (a) that Wyman is deceased and (b) that the cause of his death was electrocution as a result of the arcade machine. (ECF No. 182 at 8). Additionally, plaintiffs request judicial notice of NRS § 259.050, NRS § 440.420, and the certificate of death.

**James C. Mahan**
**U.S. District Judge**

- 4 -

        a. *Wyman's death and judicial notice*

As an initial matter, defendant does not dispute that Wyman is deceased. (*See* ECF No. 226). Accordingly, the court grants plaintiffs' motion on this point, and defendant is precluded from arguing otherwise.

The court now turns to plaintiffs' request for judicial notice of NRS § 259.050, NRS § 440.420, and the certificate of death. Federal Rule of Evidence 201 allows the court to take judicial notice of an "adjudicative fact" that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)–(b). However, "even where evidence is relevant and admissible, the court may nonetheless exclude it when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The court may consider the Rule 403 balancing test when determining whether to take notice of a fact. *See Keyes v. Coley*, No. 09-1297, 2011 U.S. Dist. LEXIS 59625, *8-9 (E.D. Cal. June 2, 2011).

Plaintiffs request judicial notice of the statutes so that plaintiffs "may readily refer to this information during the trial of this matter." (ECF No. 182 at 10). In response, defendant argues that taking judicial notice of NRS § 259.050 and NRS § 440.420 would unfairly prejudice defendant because those statutes require the coroner to investigate whether the cause of death was a result of a criminal act and thus could "falsely imply to laymen that reason exists to believe that Smart acted criminally." (ECF No. 226 at 9).

The court declines to take judicial notice of NRS § 259.050 and NRS § 440.420 because plaintiffs fail to articulate their probative value, if any, beyond summarily asserting that taking judicial notice will allows plaintiffs to "readily refer to this information." (ECF No. 182 at 10). Thus, the court finds that any possible probative value of these statutes is outweighed by the unfair prejudice it would cause defendant.

Next, plaintiffs request the court take judicial notice of Wyman's certificate of death. Rule 201(c)(2) provides that "[t]he court . . . **must** take judicial notice if a party requests it and the court

**James C. Mahan**
**U.S. District Judge**

- 5 -

is supplied with the necessary information." Fed. R. Evid. 201(c)(2) (emphasis added). The parties do not dispute the information in the certificate: Wyman is dead by way of electrocution. Plaintiffs present this court with a copy of the death certificate. (ECF No. 182-6). Plaintiffs also establish the death certificate's authenticity and reliability as a public record produced and maintained by the Southern Nevada Health District. (ECF No. 182 at 9–10).

Thus, plaintiffs have requested the court take judicial notice of the certificate and have supplied the court with the necessary information to do so. Rule 201(c)(2) mandates the court take judicial notice, and the court grants plaintiff's request accordingly.

  b. *Cause of Wyman's death*

Plaintiffs seek to preclude evidence or argument that the arcade machine did not electrocute Wyman, and that the electrocution was not the cause of Wyman's death. Plaintiffs contend that this fact is undisputed. Defendant concedes both of these points, stating that "Charles Wyman was electrocuted when he came into contact with an energized surface, ultimately resulting in his death." (ECF No. 227 at 5).

Accordingly, the court grants plaintiffs' second motion *in limine*. Defendant may not dispute that Wyman is dead by way of electrocution by the arcade machine.

3. *Preclude evidence or argument that the subject arcade machine was not defective at the time of incident*

Plaintiffs contend that the arcade machine was defective at the time of Wyman's death. Plaintiffs define the term "defective" as "when, at the time of sale or distribution, [the product] is in a condition the consumer would not expect that it is unreasonably dangerous to him." (ECF No. 183 at 8). Defendants respond that post-purchase alterations were the probable origin of the machine's defect. (ECF No. 226 at 5). However, defendant is concerned that the term "defective" in this context will establish the third element of plaintiffs' claim: that the machine's defect existed at the time it left defendant's possession. *Id.*

Nevada Jury Instructions ("Nev. J.I.") 7.03, 7.04, and 7.05 provide three definitions for the term "defective" in a strict liability for a defective product claim. Applicable here is Nev. J.I. 7.04, which provides that a product is defective if "the product differs from the manufacturer's

**James C. Mahan**
**U.S. District Judge**

- 6 -

intended result or if the product differs from apparently identical products from the same manufacturer and, as a result of this difference, the product is unreasonably dangerous." Nev. J.I. 7.04. Further, a product is unreasonably dangerous if "it failed to perform in the manner reasonably to be expected in light of its nature and intended function, and was more dangerous than would be contemplated by the ordinary user having the ordinary knowledge available in the community." Nev. J.I. 7.06. Nothing within this definition establishes that the product must be defective at the time it leaves the manufacturer's possession.

Here, defendant admits that the machine "was altered," and that "the same alteration was the source of any alleged defect in the product, and therefore, the legal and factual cause of the [d]ecedent's death." (ECF No. 226 at 8). Additionally, defendant concedes that "there is no evidence to contradict that the machine was not in its as designed and . . . as-manufactured condition at the time of the incident and was in that sense therefore 'defective.'" (ECF No. 227 at 5).

Accordingly, plaintiffs' third motion *in limine* is granted in part. Defendant is precluded from arguing that the arcade machine was not defective at the time of Wyman's death. However, defendant may dispute whether the arcade machine was defective at the time it left defendant's possession.

4. *Preclude defendant from arguing that it was anything other than a manufacturer, distributor, and seller of the subject arcade machine*

Lastly, plaintiffs seek to preclude defendant from arguing that it was anything other than a manufacturer, distributor, and seller of the machine. (ECF No. 184). Plaintiffs argue that it is undisputed that defendant was a manufacturer of the arcade machine. *Id.* But plaintiffs use "a" and "the" interchangeably in their motion. *Id.* Thus, plaintiffs request that the court preclude defendant from arguing that defendant was both a manufacturer and the sole manufacturer of the machine. *Id.*

Defendant argues that it was not the *sole* manufacturer of the machine. (ECF No. 228 at 7). Specifically, defendant argues that it manufactured some, but not all, of the components in the

James C. Mahan
U.S. District Judge

machine. *Id.*   Thus, the court grants plaintiffs' fourth motion *in limine* in part and precludes defendant from arguing that it was not a manufacturer of the subject arcade machine.

### IV.   Conclusion

The court grants the motions *in limine* such that it is established—and defendant may not dispute—that Wyman is dead, that the legal cause of Wyman's death was electrocution caused by the machine, that the machine was defective at the time of Wyman's death, and that defendant was a manufacturer of the machine.  The parties may still argue whether the machine was serviced in an unforeseeable manner, whether the machine was defective when it left defendant's possession, and whether another party was the manufacturer of the defective parts.  The court takes judicial notice of Wyman's death certificate, but declines to take judicial notice of the Nevada statutes.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' first motion *in limine* (ECF No. 181) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' second motion *in limine* (ECF No. 182) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiffs' third motion *in limine* (ECF No. 183) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiffs' fourth motion *in limine* (ECF No. 184) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

DATED June 26, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**