UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| WESCO INSURANCE COMPANY, | Case No. 2:16-CV-1206 JCM (EJY) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| SMART INDUSTRIES CORPORATION, | |
| Defendant(s). | |

Presently before the court is plaintiffs Jennifer Wyman, Bear Wyman, and the estate of Charles Wyman's (collectively "the Wymans") motion for partial summary judgment as to the issue of comparative fault (ECF No. 212), joined by plaintiffs Sara Rodriguez and Jacob Wyman ("Rodriguez plaintiffs") (ECF No. 246). Defendants Smart Industries Corporation ("SIC") filed a response (ECF No. 247), to which the Wymans replied (ECF No. 254), joined by Rodriguez (ECF No. 257).

Also before the court is the Wymans' motion for partial summary judgment as to the cause of Charles Wyman's ("decedent") death (ECF No. 215), joined by the Rodriguez plaintiffs (ECF No. 245). SIC filed a response (ECF No. 248), to which the Wymans replied (ECF No. 255), joined by the Rodriguez plaintiffs (ECF No. 258).

Also before the court is the Wymans' motion for partial summary judgment as to special damages (ECF No. 216). SIC filed a response (ECF No. 248), to which the Wymans replied (ECF No. 255), joined by the Rodriguez plaintiffs (ECF No. 258).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**I.   Background**

*A. Factual Background*

The facts of this case have been extensively detailed in prior orders. (*See, e.g.,* ECF No. 263). The court briefly highlights only those facts pertinent to the instant motions. The instant action involves a wrongful death and survival claim against SIC, which allegedly manufactured a defective arcade vending machine that caused decedent's death on October 4, 2015. (ECF No. 18-A at 5).

Five days prior to his death, decedent, acting in his role as a route manager employed by Nickels and Dimes Incorporated, inspected an arcade vending machine at the Boulevard Mall in Las Vegas, Nevada. (ECF No. 1 at 3). The scope of decedent's employment frequently required him to service similar machines and remove coins from them. *Id.* at 2.

SIC manufactured, distributed, and/or sold the vending machine named the "Clean Sweep 69 Dual 7th Generation," a "claw" arcade game wherein the user pays coins and attempts to pick up a prize. *Id.* at 3. A reversal of the green wire grounding conductor and the hot black ungrounded wire inside the machine caused it to operate in a dangerously energized state. *Id.*

Unaware of the defect, decedent examined the machine, came into contact with its energized parts, and received an electric shock. *Id.* Decedent was electrocuted for approximately ten minutes until the Clark County Fire Department arrived to unplug the machine. *Id.* Paramedics transported the unconscious decedent to Sunrise Hospital, where he remained until his death. *Id.*

*B. Procedural Background*

SIC removed the underlying case against Wesco Insurance Co. to federal court on May 31, 2016. (ECF No. 1). It was then consolidated with the instant case. (ECF No. 33). The Wymans assert four claims against defendant, including a strict products liability claim. (ECF No. 18-A). This case has undergone numerous discovery and evidentiary disputes, as well as the addition of parties. (*See, e.g.,* ECF No. 199). While discovery in the case closed in 2017, this court ordered a limited reopening of discovery that is still ongoing by stipulation of the parties. (*See* ECF Nos 199; 265). On June 26, 2020, this court issued an order granting the Wymans' motion *in limine* such that SIC is precluded from arguing its machine did not cause decedent's death.

James C. Mahan
U.S. District Judge

The Wymans now move for partial summary judgment as to the issues of comparative fault, the cause of decedent's death, and special damages.  (ECF Nos. 212; 215; 216).

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party.  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.  *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

**James C. Mahan**
**U.S. District Judge**

1    If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56."))

**III.   Discussion**

*A. Motion as to Product Liability*

The Wymans argue that, under Nevada law, comparative and contributory fault are not defenses to strict products liability. (ECF No. 212 at 4). SIC argues that comparative negligence is a defense under Arizona law, which it believes is applicable in this case. (ECF No. 247 at 2).

**James C. Mahan**
**U.S. District Judge**

- 4 -

The Nevada Supreme Court has adopted the Restatement (Second) of Conflicts of Law "as the relevant authority for Nevada's choice-of-law jurisprudence in tort cases and concluded that the most significant relationship test of section 6 of the Second Restatement governs a choice-of-law analysis, 'unless another, more specific section . . . applies.'" *Dictor v. Creative Mgmt. Sevs., LLC*, 223 P.3d 332, 335 (Nev. 2010) (citing *GMC v. Eight Judicial Dist. Court of Nev.*, 134 P.3d 111, 116 (Nev. 2006)).

SIC argues that Second Restatement § 185 controls, and therefore Arizona law is applicable. (ECF No. 247 at 11). Section 185 states:

> The local law of the state under whose workmen's compensation statute an employee has received an award for an injury determines what interest the person who paid the award has in any recovery for tort or wrongful death that the employee may obtain against a third person on account of the same injury.

Restatement (Second) of Conflict of Laws, § 185.

The Wymans argue that § 164 is more applicable, as it states: "When determining whether contributory fault on the part of the plaintiff precludes his recovery in whole or in part, the applicable law will *usually* be the local law of the state where the injury occurred." Restatement (Second) of Conflict of Laws § 164 (emphasis added).

Section 185 is not applicable here. Section 185 governs "what interest the *person who paid* the award has in any *recovery* for tort . . . that the *employee* may obtain against a *third person* on account of the same injury." Restatement (Second) of Conflict of Laws, § 185 (emphasis added). This section governs any action that Wesco might bring to recover against any tortfeasor that has paid recovery to a prospective employee, chiefly subrogation proceedings. *See, e.g., Talbot v. WMK-Davis, LLC*, 380 P.3d 823, 827 (Mont. 2016); *Harris v. Ballard,* 100 A.D. 3d 196, 198 (N.Y. App. Div. 2012); *Langston v. Hayden,* 886 S.W. 2d 82, 85–86 (Mo. 1994); *Kolberg v. Sullivan Foods, Inc.,* 644 N.E. 2d 809, 811 (Ill. App. Ct. 1994). In the instant case, the family seeks its initial recovery from SIC. Section 185 has no bearing on proceedings for an initial recovery.

Therefore, § 164 controls this court's analysis, so "the applicable law will usually be the local law of [Nevada] where the injury occurred." Restatement (Second) Conflict of Laws § 164. Nevada law states that contributory negligence is not a defense to strict products liability. *See*

**James C. Mahan**
**U.S. District Judge**

- 5 -

*Young's Mach. Co. v. Long*, 692 P.2d 24, 25 (Nev. 1984). The motion for partial summary judgment deals only with the strict products liability claim.[1] (*See* ECF No. 212). The court grants the Wymans' first motion for partial summary judgment.

### B. Motion as to Causation

The Wymans argue that there is no genuine dispute of material fact that decedent died as a result of electrocution. (ECF No. 215 at 7).

When addressing the motion *in limine* on this point, this court previously found that the parties "may not dispute that Wyman is dead by way of electrocution by the arcade machine." (ECF No. 263). Defendants conceded this point in briefing their motion *in limine*, stating "Charles Wyman was electrocuted when he came into contact with an energized surface, ultimately resulting in his death." (ECF No. 227 at 5). Since the parties never truly disputed this point, and are now barred from doing so, the Wymans' second partial motion for summary judgment is granted.

### C. Motion as to Special Damages

The Wymans argue they are entitled to summary judgment such that, if they prevail at trial, they receive an award of $1,494,965.48 in special damages. (ECF No. 216). The Wymans assert these damages in two categories, expenses and lost wages. The parties dispute these damages to various extents. Regarding expenses, the parties do not dispute $1,080.31 in medical expenses from MedicWest Ambulance, and the court grants summary judgment as to that amount.

SIC does not necessarily dispute the $165,788 in medical expenses from Sunrise Hospital or the $1,508.17 in funeral expenses from Affordable Cremation & Burial, but it asserts that it has not conducted sufficient discovery to concede or confirm those amounts. (*See* ECF No. 249 at 7, 9, 11). On February 19, 2020, this court ordered a reopening of discovery allowing SIC to depose several witnesses, including the Rule 30(b)(6) designee of Sunrise Hospital, the designee of Affordable Cremation & Burial, and Dr. Samir Bangalore, M.D, all related to the Wymans' special damages calculation. (*See* ECF No. 199). Since then, this discovery period has been extended

---

[1] While contributory negligence could be an affirmative defense to negligence, the Wymans are no longer pursuing their negligence claim. (*See* ECF No. 254).

several times by stipulation of the parties due to the global coronavirus pandemic, and discovery remains ongoing.  (*See, e.g.*, ECF No. 265).

Pursuant to Federal Rule of Civil Procedure 56(d), SIC must indicate what specific facts it hopes to gather from the additional discovery.  *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.,* 525 F.3d 822, 827 (9th Cir. 2008).  Here, SIC does not indicate what it hopes to learn from deposing these witnesses, only that these depositions "may have a bearing on the claim."  (ECF No. 249 at 9).  SIC presents no facts disputing the Wymans' calculations, nor do they assert any specific facts that the additional discovery might uncover.  SIC also explicitly notes that it does not contest the disclosure of the documents that form the basis of these calculations.  *See id.* at 7 n.6.  As SIC has provided no facts disputing the calculation of any of the Wymans' expense damages, the court grants the Wymans' summary judgment motion as to the $167,296.17 from Sunrise Hospital and Affordable Cremation & Burial.

As to lost wages, SIC disputes the report prepared by the Wymans' expert witness, Terrance Clauretie, Ph.D., which states the present-day value of decedent's lost wages is $1,326,589.00.  (*See* ECF Nos 216 at 6; 249 at 11–13).  Dr. Clauretie prepared a "[p]reliminary [r]eport on the [l]oss of [f]inancial [s]upport" regarding the Wymans' possible damages.  (ECF No. 249 at 5).  Dr. Clauretie admitted that this report was preliminary, stating that he was "awaiting income information prior to 2014."  *Id.*  The Wymans contend that Dr. Clauretie "did not expect this information to significantly alter his economic loss estimate."  (ECF No. 256 at 5).  Although the additional income statements might not alter the calculation significantly, they may alter it in some way.  Therefore, SIC presents a genuine dispute of material fact as to the Wymans' precise lost wages calculation.  The court denies the Wymans' motion as it pertains to the $1,326,589 lost wages calculation.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Wymans' motion for partial summary judgment as to comparative fault (ECF No. 212) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 7 -

1    IT IS FURTHER ORDERED that the Wymans' motion for partial summary judgment as to the cause of decedent's death (ECF No. 215) be, and the same hereby is, GRANTED.

3    IT IS FURTHER ORDERED that the Wymans' motion for partial summary judgment as to special damages (ECF No. 216) be, and the same hereby is, GRANTED as to the $168,376.48 in expenses, and DENIED as to lost wages.

DATED July 22, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**