UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WESCO INSURANCE COMPANY,<br><br>　　　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>SMART INDUSTRIES CORPORATION,<br><br>　　　　　　　　　　　　Defendant(s). | Case No. 2:16-CV-1206 JCM (EJY)<br><br>ORDER |

Presently before the court is defendant Smart Industries Corporation's ("Smart Industries") motion asking the court to reconsider its summary judgment ruling on past medical expenses.[1] (ECF No. 269). Plaintiffs Jennifer Wyman, Bear Wyman, and the Estate of Charles Wyman (collectively "the Wymans") responded in opposition (ECF No. 272) to which Smart Industries replied (ECF No. 277).

Also before the court is the Wymans' countermotion asking the court to reconsider its summary judgment ruling on future lost wages. (ECF No. 272).

I.   **BACKGROUND**

This case is about a Smart Industries arcade vending machine leading to the electrocution and death of repairman Charles Wyman. (ECF No. 270 at 4). The Wymans moved for summary judgment on two categories of special damages: $168,376.48 in past medical expenses and $1,326,589 in future lost wages.[2] (ECF No. 266 at 6). The court granted

---

[1] Smart Industries' request for oral argument is denied as the court finds that its decision on the instant motion would not be significantly aided by oral argument. *See* LR 78-1.

[2] Past medical expenses include $1,080.31 in expenses from MedicWest Ambulance, $1,508.17 in funeral expenses from Affordable Cremation & Burial, and $165,788 in expenses from Sunrise Hospital for five days of life-sustaining treatment. (ECF No. 266 at 6; ECF No.

**James C. Mahan**
**U.S. District Judge**

summary judgment on the amount of past medical expenses only, holding that the Wymans' future lost wages calculation from a *preliminary* expert report did not make the amount undisputed. (*Id.* at 7).

Smart Industries now asks the court to reconsider, arguing that the Wymans did not meet their burden of proof as to the accuracy, reasonableness, or medical necessity of the past medical expenses which makes the court's order clearly erroneous and manifestly unjust. (ECF No. 269 at 2).

## II. LEGAL STANDARD

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); LR 59-1(b) ("Motions for reconsideration are disfavored."). Reconsideration is appropriate under Rule 59(e) only if the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); LR 59-1(a). There must be "facts or law of a strongly convincing nature in support of reversing the prior decision." *Hernandez v. IndyMac Bank*, No. 2:12-cv-00369-MMD-CWH, 2017 WL 1550233, at *1 (D. Nev. Apr. 28, 2017) (internal quotation marks omitted), *aff'd*, 719 F. App'x 672 (9th Cir. 2018).

A motion for reconsideration should not "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880. It also should not "repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citation omitted); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Brown*

---

216 at 5). Smart Industries disputes only the Sunrise Hospital medical expenses in its instant motion. (ECF No. 277 at 6 ("Accordingly, the ruling concerning the Sunrise Hospital bills is manifestly unjust.")).

*v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005). It is improper to ask the court to "think about [an] issue again in the hope that [it] will come out the other way the second time." *Teller v. Dogge*, 2013 WL 508326, at *6 n.6 (D. Nev. 2013) (Mahan, J.).

**III.   DISCUSSION**

### a. Smart Industries' Motion for Reconsideration of Past Medical Expenses

Smart Industries argues that to prove past medical specials, the Wymans must do more than offer authenticated[3] medical bills.[4] (ECF No. 269 at 4). Yet "*no expert or treatment provider* designated by *any party* has offered expert opinion that the medical expenses reflected in the Sunrise Hospital bill were accurate, reasonable, or necessarily incurred." (*Id.* at 5 (emphasis in original)). Smart Industries attacks the deposition testimonies of Wyman's treating neurologist at Sunrise Hospital Dr. Sami Bangalore and the hospital's Director of Collections Jennifer Stone which were taken *after* the briefing on summary judgment. According to Smart Industries, Dr. Bangalore testified "that he was not even aware of the cost of the treatment provided" and Stone "refused to offer opinion as to whether the bill was reasonable for the community." (*Id.* at 5–6). At bottom, the Wymans did not meet their burden of proof on past medical specials initially at summary judgment and do not meet it now at reconsideration.

In response, the Wymans argue that the authenticated and paid medical bills are prima facie evidence that the medical expenses were accurate, reasonable, and necessary. (ECF No. 272 at 5–6 (citing *Townsend v. Keith*, 565 168 P. 402 (Cal. App. 1917))). In addition, Stone's deposition testimony establishes the reasonableness and accuracy of the medical expenses and

---

[3] The parties stipulated to the authenticity of the Sunrise Hospital medical bills. (ECF No. 269 at 5).

[4] *See generally Quintero v. McDonald*, 14 P.3d 522, 523 (Nev. 2000) (per curiam) (affirming a district court's denial of a new trial after a $0 jury verdict because although "[plaintiff] presented evidence that she incurred $1,885.00 in medical expenses[,] she offered no conclusive evidence of the reasonableness of the expenses or the necessity of the treatment"); *Hall v. SSF, Inc.*, 1390, 930 P.2d 94, 97 (Nev. 1996); Nevada Pattern Jury Instructions Civil 5.1 (2019) ("Measure of Damages") ("[Y]ou will decide upon a sum of money sufficient to reasonably and fairly compensate plaintiff for the following items: [t]he **reasonable** medical expenses plaintiff has **necessarily incurred** as a result of the [accident] . . . ." (emphasis added)).

Dr. Bangalore's deposition testimony establishes their medical necessity. (*Id.* at 5–8). "As such, it is now [Smart Industries'] burden to prove that [Wyman's] medical bills were an unreasonable value of services rendered" yet it has "not disclosed or produced any experts or other evidence rebutting the value of medical and other end-of-life services," making the amount of past medical expenses undisputed and reconsideration improper. (*Id.* at 9).

At first glance, Smart Industries is improperly raising arguments for the first time that it could have raised in opposing summary judgment. *See Marlyn Nutraceuticals*, 571 F.3d at 880. Smart Industries originally argued that the Wymans moved for summary judgment years after the original dispositive motions deadline and before the parties conducted the court-ordered depositions of Dr. Bangalore and Stone. (ECF No. 249 at 9–11). But it could have also argued that the Wymans did not offer evidence of the accuracy, reasonableness, and necessity of the medical expenses "which would entitle [them] to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). After all, if the Wymans satisfied their initial burden, the burden shifted to Smart Industries to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Smart Industries did not attempt to establish a genuine issue of material fact; it opposed summary judgment only on procedural grounds.

But what is more concerning is that Wymans never satisfied their initial burden. *See* LR 59-1(a) ("A party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked . . . ."). They moved for summary judgment and have the burden of proof on special damages. Yet they never recited the elements for proving past medical specials under Nevada law let alone pointed to where in the record the accuracy, reasonableness, and necessity of the medical expenses was established. They attempt to do this for the first time in opposing reconsideration by excerpting the post-summary judgment deposition testimony of Dr. Bangalore and Stone. (ECF No. 272 at 5–9).

After reviewing the excerpted testimony of these two fact witnesses, the court finds that the Wymans still have not offered evidence of the accuracy, reasonableness, and necessity of

**James C. Mahan**
**U.S. District Judge**

- 4 -

the medical expenses at issue that warrants summary judgment. *See generally Reyes v. Nieves*, 2017 WL 897767, at *1 (Nev. App. Feb. 28, 2017) ("Resolving the reasonableness and necessity of [ ] medical treatment and costs required knowledge beyond that which a layperson would possess.").[5] Therefore, the court's grant of summary judgment in the Wymans' favor was clearly erroneous and is now vacated.

### b. The Wymans' Countermotion for Reconsideration of Future Lost Wages

In support of summary judgment, the Wymans offered the expert opinion of Dr. Terrence M. Clauretie who calculated the loss of financial support to the survivors of Charles Wyman to be $1,326,589. (ECF No. 216 at 6). Dr. Clauretie's calculation was admittedly *preliminary* as it did not incorporate pre-2014 earnings data. (ECF No. 249 at 12). Smart Industries never deposed Dr. Clauretie or offered a rebuttal expert report. (ECF No. 272 at 10). The court denied summary judgment on the amount of future lost wages based on the preliminary nature of Dr. Clauretie's calculation. (ECF No. 266 at 7).

The Wymans now countermove for reconsideration, arguing that Dr. Clauretie has since reviewed Charles Wyman's pre-2014 earnings data and now declares the $1,326,589 amount as his final estimate. (ECF No. 272 at 10). They say that "Dr. Clauretie's final report is based on newly discovered evidence that was not available to him when [the Wymans] filed their original motion for partial summary judgment," which now warrants a ruling that the $1,326,589 future lost wages amount is undisputed. (*Id.*).

---

[5] The court in *Alfaro v. D. Las Vegas, Inc.* came to a similar conclusion on potential testimony from a billing administrator and treating physician on past medical specials:

> Counsel for Plaintiffs do not explain how an unidentified 'person most knowledgeable' office manager or administrator from each of the medical providers would be able to offer admissible opinions about reasonableness and necessity of past medical specials. This is especially true where, as here, counsel stated in oral argument the treating physicians themselves are often unable to opine on the reasonableness and customary charges for medical services provided.

No. 2:15-cv-02190-MMD-PAL, 2016 WL 4473421, at *13 (D. Nev. Aug. 24, 2016), *aff'd sub nom. Torrez v. D. Las Vegas, Inc.*, 773 F. App'x 950 (9th Cir. 2019).

The court finds that the pre-2014 earnings data is not newly discovered evidence. It was always in the possession and control of the Wymans and could have been given to their expert before they moved for summary judgment. (ECF No. 277 at 10; ECF No. 249 at 12–13). In other words, reconsideration is not the proper procedural mechanism for the Wyman's request. For this reason, the Wymans' countermotion is denied.

## IV.     CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Smart Industries' motion for reconsideration (ECF No. 269) be, and the same hereby is, GRANTED. The court's grant of summary judgment in favor of the Wymans on $165,788 in past medical expenses incurred at Sunrise Hospital (ECF No. 266) is VACATED.

IT IS FURTHER ORDERED that the Wymans' countermotion for reconsideration (ECF No. 272) be, and the same hereby is, DENIED.

DATED January 25, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**