UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WESCO INSURANCE COMPANY, | Case No. 2:16-CV-1206 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| SMART INDUSTRIES CORPORATION, | |
| Defendant(s). | |

Presently before the court is plaintiffs Jennifer Wyman, Bear Wyman, and the Estate of Charles Wyman's (collectively "the Wymans") motion to amend their complaint and withdraw their negligence-based claims. (ECF No. 270). Plaintiff Sara Rodriguez, natural parent and guardian ad litem of Jacob Wyman, filed a joinder to the motion. (ECF No. 279).

Defendant Smart Industries Corporation ("Smart Industries") responded with a conditional opposition (ECF No. 278) to which the Wymans replied (ECF No. 286).

I.  **BACKGROUND**

This case is about a Smart Industries arcade vending machine leading to the electrocution and death of repairman Charles Wyman. (ECF No. 270 at 4). The Wymans allege six claims for relief against Smart Industries in their complaint dated October 10, 2016: (1) strict products liability, (2) negligence, (3) breach of express and/or implied warranties, (4) res ipsa loquitur, (5) corporate negligence/vicarious liability, and (6) punitive damages. (Compl., ECF No. 270-1).[1] The parties stipulated to dismissal of the punitive damages claim. (ECF No. 278 at 2).

---

[1] Sara Rodriguez alleges the same claims for relief against Smart Industries in an amended complaint. (ECF No. 151).

**James C. Mahan**
**U.S. District Judge**

The Wymans now move to withdraw their negligence-based claims against Smart Industries, leaving only their strict products liability and breach of express and/or implied warranties claims to proceed to trial. (ECF No. 270).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15 requires courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quotation omitted). Courts consider various factors when granting leave to amend which include: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Rule 15—not Rule 41(a)(1)—also governs the withdrawal of some but not all of a plaintiff's claims against a given defendant. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 688 (9th Cir. 2005).

## III. DISCUSSION

The Wymans argue that "[g]iven the facts of this case and this [c]ourt's recent rulings [on their motions in limine], withdrawing [their] negligence claims is necessary. This will expedite the trial proceedings in order to minimize the inconvenience on the jurors and other court resources." (ECF No. 270 at 5).

In response, Smart Industries argues that the court "may place reasonable conditions on the grant of a motion to amend a complaint in order to compensate an opposing party for any loss or expense due to the moving party's failure to file adequate pleadings in the first instance." (ECF No. 278 at 6 (citing *Firchau v. Diamond Nat. Corp.*, 345 F.2d 269, 275 (9th Cir. 1965)). To that end, Smart Industries conditionally opposes the withdrawal of the Wymans' negligence-based claims against it. (*Id.* at 3). It wants to be reimbursed for reasonable fees and costs spent defending against these claims—mainly from conducting depositions, hiring expert witnesses, and drafting a JPTO—over the "nearly three years since discovery closed on October 2, 2017." (*Id.* at 6). Smart Industries suggests that the Wymans

**James C. Mahan**
**U.S. District Judge**

abandoning claims at this late juncture evinces a bad faith effort to drive up its litigation expenses. (*Id.* at 7).

"Unlike Rule 41, Rule 15 does not explicitly permit the imposition of costs or sanctions by the district court." *General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995); *Dietrich v. Mission Hosp. Reg'l Med. Ctr.*, No. 8:17-cv-00988-DOC-JDE, 2017 WL 4216560, at *3 (C.D. Cal. Sept. 20, 2017). The Ninth Circuit has held that a court may impose costs under Rule 15 for a plaintiff's "failure to file adequate pleadings in the first instance." *Firchau v. Diamond Nat. Corp.*, 345 F.2d 269, 275 (9th Cir. 1965); *see also General Signal Corp.*, 66 F.3d at 1514. Smart Industries reads *Firchau* too broadly; the court's discretion to award fees and costs here is uncertain because the complaint was adequate in the first instance.

Notwithstanding the court's discretion to award fees and costs, there is no bad faith, undue delay, prejudice, or futility that warrants such an award. The Wymans had a good faith belief that Smart Industries negligently designed and manufactured the arcade vending machine at issue. (ECF No. 286 at 5). On June 26, 2020, the court ruled on the Wymans' motions in limine, holding that Smart Industries is precluded from arguing that it was not the manufacturer of the arcade vending machine, that the machine was not defective at the time of Charles Wyman's death, and that his death was caused by anything other than electrocution from the machine. (*Id.* at 6 (citing Order, ECF No. 263)). Shortly after the June 26 order, the Wymans made the "legitimate tactical decision" to abandon their negligence-based claims and continue the litigation as a products liability case only. *Langley v. MC Commc'ns Inc.*, 116 F. App'x 59, 62 (9th Cir. 2004). There will be no undue delay as discovery has ended and this is the first time that the Wymans move to amend their complaint. (ECF No. 286 at 7).

Furthermore, Smart Industries does not offer a delineation of the fees and costs "in [its] defense of negligence-based claims versus strict product liability claims" which is likely difficult to do. (*Id.* at 6). And the Wymans credibly assert that the only litigation expenses incurred by Smart Industries after the October 2, 2017 discovery deadline are related to strict

product liability or damages.  (*Id.*).  For these reasons, Smart Industries' request for fees and costs is denied.

IV. **CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Wymans' motion to amend their complaint and withdraw their negligence-based claims against Smart Industries (ECF No. 270) be, and the same hereby is, GRANTED.  The Wymans' negligence, res ipsa loquitur, and corporate negligence/vicarious liability claims against Smart Industries are DISMISSED with prejudice.

DATED January 25, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**