**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| WESCO INSURANCE COMPANY as subrogee of its insured NICKELS AND DIMES INCORPORATED, | Case No.: 2:16-cv-01206-JCM-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| SMART INDUSTRIES CORPATION dba SMART INDUSTRIES CORP., MFG., an Iowa corporation, | |
| Defendants. | |
| JENNIFER WYMAN, individually; BEAR WYMAN, a minor, by and through his natural parent JENNIFER WYMAN; JENNIFER WYMAN and VIVIAN SOOF, as Joint Special Administrators of the ESTATE OF CHARLES WYMAN; and SARA RODRIGUEZ, natural parent and guardian ad litem of JACOB WYMAN, | Consolidated with Case No. 2:16-cv-02378-JCM-CWH |
| Plaintiffs, | |
| v. | |
| SMART INDUSTRIES CORPORATION d/b/a SMART INDUSTRIES CORP., MFG, an Iowa corporation; HI-TECH SECURITY INC., a Nevada corporation; WILLIAM ROSEBERRY; BOULEVARD VENTURES, LLC, a Nevada corporation; DOES I through V; DOES 1 through 10; BUSINESS ENTITIES I through V; and ROE CORPORATIONS 11 through 20, inclusive, | |
| Defendants. | |

Pending before the Court is Defendant Smart Industries Corporation's Memorandum of Fees Related to its Motion to Strike Terrance Clauretie. ECF No. 339. The Court also has before it Plaintiffs' Response to the Memorandum (ECF No. 340), which was considered.

I.    **Discussion**

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian,* 987 F.2d 1392, 1398 (9th Cir. 1992)). Here, the Court ordered an award of attorney's fees (and costs) incurred by Smart for bringing its Motion to Strike and Reply in support thereof.  ECF No. 338.

When reviewing hours claimed by the party to whom fees have been awarded, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Cruz v. Alhambra School Dist.,* 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009). When determining the reasonable hourly rate to be applied to an award of attorney's fees, the Court must consider the "prevailing market rates in the relevant community" and compare the rates of "lawyers of reasonably comparable skill, experience and reputation" to the rates requested in the case before the Court. *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. July 26, 2019) (internal citation omitted). This is a two step process. The first step requires the Court to "calculate the lodestar amount by" multiplying "the number of hours reasonably expended on the" motion at issue "by a reasonable hourly rate." *Id*. (citations omitted).[1] The second step requires the Court to consider adjusting the lodestar amount upward or downward, something done "only on rare and exceptional occasions, … using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Id*. citing *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal brackets removed).[2]

---

[1] Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

[2] There are eleven factors that a court generally considers when assessing the reasonableness of an attorney fee award: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases." *Van Gerwen,* 214 F.3d at 1045 n. 2 (citing *Hensley,* 461 U.S. at 430 n. 3).

2

     A.    <u>The Rates Charged</u>

Counsel for Smart Industries provides the contracted rates for each individual who worked on the Motion to Strike and Reply, as well as the proposed billing market rate for each such person. Smart argues the Court should award the market rather than the contracted rate identified. However, there is no legal precedent suggesting this is proper and there is no reason the Court can divine for awarding an hourly rate higher than that which was charged. While the quality of the advocates and the character of the work done demonstrated skill, the Court declines Smart Industries invitation to, in essence, add a sanction to its prior order by awarding rates above the rates actually charged.

The above said, the contracted billing rates of $175 per hour for William Pruitt, $150 per hour for Joseph Meservy, and $105 per hour for MaryAnn Dillard (paralegal) and Sean DeRoest (law clerk) are well within the range of rates charged in Nevada for legal services. Thus, there will be no reduction to the hour rates.

     B,    <u>The Time Billed by Smart's Counsel</u>

The Motion to Strike prepared by Smart Industries was 12 pages in length citing to law and relevant, and somewhat complicated, historical facts in this dispute. The opposing briefs were 20 pages by the Wyman Plaintiffs, and 5 pages by the Rodriguez Plaintiffs. Smart's Reply totaled 15 pages in length. Mr. Meservy spent 24.4 hours on the Motion. Mr. Pruitt spent an additional 1.4 hours. Ms. Dillard spent a total of .9 hours assisting with the Motion. Leaving out the time spent by the law clerk (4.3 hours), which appears to have been time duplicated by Messrs. Meservy and Pruitt, the Court finds the total amount of time preparing the Motion to be reasonable.

The Court will not award fees for time reviewing and entering into a stipulation regarding an extension of time, which totals .9 hours by Mr. Meservy. However, with respect to the Reply, the Court finds Mr. Meservy's time (19.5 hours), Mr. Pruitt's time (.6 hours), and Ms. Dillard's time (.5 hours) reasonable.

Thus, in total, the Court award fees for 43.9 hours spent by Mr. Meservy, 2.0 hours for Mr. Pruitt, and 1.5 hours for Ms. Dillard. At the contracted rate this equates to the following: $6,585.00 for Mr. Meservy's time, $350.00 for Mr. Pruitt's time, and $147.00 for Ms. Dillard's time. Total fees incurred and allowed are $7,082.00.

## II. Order

Accordingly, IT IS HEREBY ORDERED that Defendant's Memorandum of Fees (EFC No. 339) is GRANTED in the reduced amount of $7,082.00, as explained above.

IT IS FURTHER ORDERED that Plaintiffs are to make payment to Defendant within 30 days of the date of this Order unless an objection is filed.

Dated this 3rd day of December, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE