TRACY A. EGLET, ESQ.
Nevada Bar No. 6419
BRITTNEY R. GLOVER, ESQ.
Nevada Bar No. 15412
**EGLET ADAMS**
400 South 7th Street, 4th Floor
Las Vegas, Nevada 89101
Email: eservice@egletlaw.com
Tel.: (702) 450-5400
Fax: (702) 450-5451
*Attorneys for Plaintiffs*
*Jennifer Wyman, Bear Wyman,*
*and the Estate of Charles Wyman*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| WESCO INSURANCE COMPANY, as subrogee of its insured, NICKELS AND DIMES INCORPORATED,<br><br>        Plaintiff,<br><br>vs.<br><br>SMART INDUSTRIES CORPORATION d/b/a SMART INDUSTRIES CORP, MFG, an Iowa corporation,<br><br>        Defendants. | Case No. 2:16-cv-01206-JCM-EJY<br><br><br><br>**JOINT PRETRIAL ORDER** |
| JENNIFER WYMAN, individually; BEAR WYMAN, a minor, by and through his natural parent JENNIFER WYMAN; JENNIFER WYMAN and VIVIAN SOOF, as Joint Special Administrators of the ESTATE OF CHARLES WYMAN; and SARA RODRIGUEZ, natural parent and guardian ad litem of JACOB WYMAN,<br><br>        Plaintiffs,<br><br>vs.<br><br>SMART INDUSTRIES CORPORATION, d/b/a SMART INDUSTRIES CORP., MFG, an Iowa corporation, HI-TECH SECURITY INC., a Nevada | CONSOLIDATED WITH<br>Case No. 2:16-cv-02378-JCM-CWH |

corporation; WILLIAM ROSEBERRY; BOULEVARD VENTURES, LLC, a Nevada corporation; DOES I thought V; DOES 1 thought 10; BUSINESS ENTITIES I through V; and ROE CORPORATIONS 11 through 20, inclusive,

Defendants.

HI-TECH SECURITY, INC; and WILLIAM ROSEBERRY,

Third-Party Plaintiffs,

vs.

NICKELS AND DIMES INCORPORATED,

Third-Party Defendant.

**JOINT PRETRIAL ORDER**

After pretrial proceedings in this case,

IT IS ORDERED:

## I.

## NATURE OF ACTION

This is a consolidated action for wrongful death and a products defect case arising from an incident that occurred on September 29, 2015 which led to the electrocution of Charles Wyman, and later his death. For purposes of clarity, a separate description of the two consolidated actions are detailed below.[1]

A.    **Case No. 2:16-cv-02378-JCM-CWH**

Jennifer Wyman and Bear Wyman ("Jennifer and "Bear") are the widow and son of the decedent, Charles Wyman ("Mr. Wyman"). Jennifer Wyman and Kathryn D. Hardesty are the joint special administrators of Mr. Wyman's Estate ("the Estate"). On October 10, 2016, Jennifer, Bear, and the Estate filed their Complaint against Defendants in the Eighth Judicial District Court, Clark County, Nevada, entitled *Wyman, et al v. Smart Indus. Corp., et al.,* Case No. A-16-744820-C. In addition, Mr. Wyman had another son and heir, Jacob Wyman ("Jacob"), who filed a

---

[1] Hi-Tech Security Inc., William Roseberry, Boulevard Ventures, LLC, and Nickels and Dimes Incorporated have all been dismissed from the instant matter. See (ECF Nos. 187, 191, 205, and 317).

separate action in the Eighth Judicial District Court, Clark County, entitled *Rodriguez et al. v. Smart Indus. Corp. et al.*, Case No. A-17-756403-C. By stipulation of the parties, Plaintiff Sara Rodriquez, Natural Parent and Legal Guardian of Jacob Wyman was joined into this action.

Jennifer, Bear, Jacob, and the Estate allege that Mr. Wyman, while working in the course and scope of his employment with Nickels and Dimes, Inc. ("Nickel and Dimes"), opened a service panel and accessed a defective arcade machine manufactured by Defendant Smart Industries Corporation ("Smart Industries"). The arcade machine was located at the Boulevard Mall. When Mr. Wyman accessed the defective arcade machine, he sustained an electric shock that ultimately led to his death.

On August 25, 2020, the Wyman Plaintiffs filed a Motion to Withdraw All Negligence Based Claims. (ECF No. 270 in case 2:16-cv-01206-JCM-EJY). On September 17, 2020, the Rodriguez Plaintiffs filed a Joinder to the Wyman Plaintiffs' Motion to Withdraw All Negligence Based Claims. (ECF No. 279 in case 2:16-cv-01206-JCM-EJY). On January 25, 2021, this Court dismissed with prejudice the Wyman Plaintiffs' claims for negligence, res ipsa loquitur, and corporate negligence/vicarious liability against Smart Industries. (ECF No. 321 in case 2:16-cv-01206-JCM-EJY). The Court previously granted the parties' stipulation to dismiss Jennifer, Bear, and the Estate's claim for punitive damages. (ECF No. 28 in case 2:16-cv-02378-JCM-CWH). Accordingly, Jennifer, Bear, and the Estate maintain two claims from their Complaint against Smart Industries: (1) strict products liability and (2) breach of express and/or implied warranties.

Jacob's Complaint asserts claims for (1) strict products liability, (2) negligence, (3) breach of express and/or implied warranties, (4) res ipsa loquitur, and (5) corporate negligence/vicarious liability against Smart Industries. The Court previously granted the parties' stipulation to dismiss Jacob's claim for punitive damages. (ECF No. 170 in case 2:16-cv-01206-JCM-EJY). Jacob's Complaint seeks "compensatory damages" and "consequential damages." Jacob first served Smart Industries with a computation of claimed damages via email on May 7, 2021—ten and a half months after discovery closed for the second time in this case (see ECF No. 338 at 8:16-19)—in which he claims he lost economic support in the amount of either $6,630.00 if the wages

3

were calculated for 2.1 years until Jacob turned 18 or $15,360.00 if the wages were calculated for 5.1 years until Jacob turned 21, as well as general damages for loss of a father, society, companionship, and comfort to be determined by the jury. Smart Industries contends that Jacob never served a mandatory disclosure reflecting any computation of claimed damages as required by Fed. R. Civ. P. 26(a)(1)(iii) prior to the discovery cutoff.

Smart Industries disputes the allegations and claims asserted against it by Jennifer, Bear, the Estate, and Jacob and have asserted various affirmative defenses in its respective answers, in support of its positions, including (1) unforeseeable misuse and (2) assumption of the risk.

**B.   Case No. 2:16-cv-01206-JCM-EJY**

On May 31, 2016, Wesco Insurance Company ("Wesco"), as subrogee of its insured, Nickels and Dimes, filed its complaint against Smart Industries in the Eighth Judicial District Court, Clark County, Nevada.  In its Complaint, Wesco asserts general negligence and strict liability claims against Smart Industries to recover reimbursement of workers' compensation benefits paid to the Decedent's beneficiaries.  Wesco's Complaint never asserted any punitive damages claim.  Paragraph 29 of Wesco's Complaint alleges "[t]he Plaintiff has indemnified, and reasonably expects to indemnify, the Decedent's beneficiaries of the Policy and made, or may be committed to make, payments for the benefit of Decedent in the a sum of no less than $698,362.80." Paragraph 30 of Wesco's Complaint alleges, "[a]s a proximate result of the negligence and liability of the Defendants, Plaintiff is entitled to recover from the Defendants a sum believed to be no less than $698,362.80 plus statutory interest, costs of court and a reasonable attorney's fee." Paragraph 34 of Wesco's Complaint alleges, "[t]he Insured has assigned the collection of the $698,372.80 loss to the Plaintiff."  Wesco's Complaint seeks "damages in excess of $10,000.00 plus statutory interest from the date of default" as was required by NRCP 8, but Wesco has never served Smart Industries with a mandatory disclosure reflecting any computation of *claimed* damages as required by Fed. R. Civ. P. 26(a)(1)(iii).

Smart Industries disputes the allegations and claims and asserts various affirmative defenses in its answer, in support of its positions, including (1) unforeseeable misuse and (2) assumption of the risk.

On April 20, 2017, Smart Industries moved to consolidate Jennifer, Bear, and the Estate's action with Wesco's action. (ECF No. 30)  On August 4, 2017, the Court granted Smart Industries Motion to Consolidate. (ECF No. 33).

## II.

## STATEMENT OF JURISDICTION

On October 12, 2016, this case was removed to Federal Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a).  On August 23, 2019, the Rodriguez Plaintiffs consented to removal of their action (ECF No. 131, referencing ECF No. 130) after previously stipulating to the same on August 5, 2019 (ECF No. 128).

## III.

## UNCONTESTED ISSUES OF FACT

### A.  Uncontested Facts regarding Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco

1.     On September 29, 2015, Charles Wyman was employed by Nickels & Dimes, the owner of the subject arcade machine.

2.     On September 29, 2015, Charles Wyman opened a service panel and accessed an arcade machine at the Boulevard Mall in Las Vegas, Nevada.

3.     Defendant Smart Industries was a manufacturer and a distributor of the subject arcade machine, at least in part.

4.     An investigation of the incident involving Nickels & Dimes occurred and discovered that the cord going into the arcade vending machine's junction box had been improperly wired. The grounding conductor wire (green wire) and the hot conductor wire (black wire) had been reversed, causing the machine to operate in an energized state, resulting in the electrocution and death of Charles Wyman.

5.     That the subject arcade machine was defective at the time of Charles Wyman's death.

6.     That Charles Wyman is deceased and his death was caused by electrocution from the defective subject arcade machine.

5

7.      That Plaintiffs Jennifer Wyman and Bear Wyman are the widow and son of the decedent Charles Wyman, and lawful heirs of the Estate of Charles Wyman.

8.      That Plaintiff Sara Rodriquez is the mother and legal guardian of Jacob Wyman, also a son of the decedent Charles Wyman, and a lawful heir of the Estate of Charles Wyman.

9.      That Wesco Insurance Company is the subrogree of its insured, Nickels and Dimes Incorporated, Mr. Wyman's employer at the time of his death.

10.     On May 15, 2015, Wesco issued Workers Compensation Policy Number: WWC3144380 to Nickels & Dimes, Inc. (The "Policy"). The Policy covers bodily injury by accident including bodily injury resulting in death. An Injury Claim (#19706371) on the Policy was made for the death of Charles Wyman on September 29, 2015, for which Wesco paid benefits. The Policy states that Wesco has the right to recover their payments from anyone liable for the injury.

**B.  Uncontested Facts regarding Defendant Smart Industries**

1.      Smart Industries was a manufacturer of arcade machines at its facility in Des Moines, Iowa, including the crane type model known as the "Clean Sweep 7th Generation."

2.      That the subject arcade machine at issue bore serial number 258231.

**IV.**

**THE FOLLOWING FACTS, THOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY**

**The following facts, though not admitted, will not be contested at trial by evidence to the contrary:**

1.      That the parties entered into a Stipulation to dismiss the Plaintiffs' punitive damages allegations (ECF No. 28 in case 2:16-cv-02378-JCM-CWH; ECF No. 170 in case 2:16-cv-01206-JCM-EJY).

2.      That the parties entered into a Stipulation to Substitute the Joint Special Administrator of the Estate of Charles Wyman to be Kathryn Hardesty in the place of Vivian Soof.

3.      On July 22, 2020, Wyman Plaintiffs were granted partial summary judgment as to lack of comparative and contributory fault because comparative and contributory fault are not defenses to strict products liability actions. (ECF No. 266).  The Rodriguez Plaintiffs joined this motion.

## V.

## CONTESTED ISSUES OF FACT TO BE TRIED AND DETERMINED UPON TRIAL

A.      **Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco's Statement of Contested Issues of Fact**

1.      Whether the subject arcade machine was defective when it left Defendant Smart Industries' possession.

2.      Whether the subject junction box was defective when it left Defendant Smart Industries' possession.

3.      Whether the subject arcade machine has to be unplugged every time the cabinet doors are opened.

4.      Whether at the time of the subject incident, Defendant Smart Industries' quality assurance testing records applicable to the subject arcade machine were purged.

5.      Whether Defendant Smart Industries is strictly liable for the manufacture and distribution of the subject arcade machine that caused the death of Charles Wyman.

6.      Strict Products Liability.

7.      Breach of Express and/or Implied Warranties.

B.      **Defendant Smart Industries' Statement of Contested Issues of Fact**

1.      Whether the subject junction box (aka service receptacle) for the subject arcade machine was altered by an unnamed third-party or by Charles Wyman or his employer (Nickels and Dimes) prior to the September 29, 2015 electrocution but after it left Smart Industries' control in 2004?

2.      Whether the subject arcade machine was one of 100+ identical units and none of those units were ever returned to Smart Industries for repair and no electrical or wiring problems

7

for any of those units were ever reported to Smart Industries prior to September 29, 2015 as Smart contends that the record indisputably reflects? Whether the subject arcade machine (serial number 258231) was delivered as part of a lot of twelve such units ordered by Nickels and Dimes on November 15, 2004 as Smart Industries contends that the record indisputably reflects? Whether the twelve units were delivered, in accordance with Nickels and Dimes' instructions, to Wagon Cellars, a company in Amarillo, Texas on December 16, 2004 as Smart Industries contends that the record indisputably reflects?

3.      Whether the subject arcade machine was disassembled and reassembled multiple times at various locations in Texas, Ohio, and Nevada between 2004 and the September 29, 2015 electrocution as Smart Industries contends that the record indisputably reflects?

4.      Whether various Nickels and Dimes employees/agents shipped, disassembled/reassembled, serviced, and maintained the subject arcade machine between 2004 and the September 29, 2015 electrocution as Smart Industries contends that the record indisputably reflects?

5.      Whether no complaint was ever made to Smart Industries concerning the condition(s), wiring, or functionality of the subject arcade machine between the time that it left Smart Industries' control on December 16, 2004 and the September 29, 2015 electrocution as Smart Industries contends the record indisputably reflects?

6.      Whether Smart Industries was neither notified nor involved in the removal of any junction box components from any of the 100+ "Clean Sweep 7th Generation" units it sold to Nickels and Dimes, including the removal of the junction box for the subject arcade machine (serial number 258231) as Smart Industries contends that the record indisputably reflects?

7.      To what extent was Charles Wyman's failure to follow policies, procedures, guidelines, or protocols the cause of the September 29, 2015 electrocution?

8.      To what extent was Charles Wyman's failure to follow policies, procedures, guidelines, or protocols the cause of his injuries or the Plaintiffs' damages?

8

9.      To what extent were Charles Wyman's other actions (e.g., marijuana use) the cause of the September 29, 2015 electrocution?

10.     Whether Charles Wyman's conduct, including but not limited to his use of marijuana and failure to follow policies, procedures, guidelines, and/or protocols, constitute negligence in the respective Rodriguez Plaintiffs and Wesco cases?

11.     Whether Charles Wyman's negligence caused his injuries or Plaintiffs' damages, if any?

12.     Whether the purpose of Charles Wyman's accessing the subject arcade machine at the time of the accident is known or knowable?

13.     Whether Charles Wyman's injuries and Plaintiffs' damages, if any, were caused by the actions and/or inactions of third parties, over whom Smart Industries had no control, and for whom it is not responsible?

14.     If the jury awards damages, review of whether there is a legally-sufficient evidentiary basis for a reasonable jury to give the amount of damages awarded.

15.     Whether Plaintiffs suffered damages as a result of the wrongful death of Decedent Charles Wyman?

**VI.**

**CONTESTED ISSUES OF LAW TO BE TRIED AND DETERMINED UPON TRIAL**

**A.  Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco's Statement of Contested Issues of Law**

1.      Whether there is a legally-sufficient evidentiary basis for a reasonable jury to find that the subject arcade machine was defective at the time it left Defendant Smart Industries' possession;

2.      Whether there is a legally-sufficient evidentiary basis for a reasonable jury to find that Defendant Smart Industries bears the burden of proving that the subject arcade machine was altered after it left its possession;

9

3.      Whether there is a legally-sufficient evidentiary basis for a reasonable jury to find that Charles Wyman serviced the subject arcade machine in a reasonably foreseeable manner;

4.      Strict Products Liability;

5.      Breach of Express and/or Implied Warranties**:**

6.      The jury instructions to be provided to the jury;

7.      Rulings relating to the admissibility of evidence, including on motions in limine.

B. **Defendant Smart Industries' Statement of Contested Issues of Law**

1.      Whether there is a legally-sufficient evidentiary basis for a reasonable jury to find that Defendant Smart Industries was on actual and/or constructive notice of the alleged defective condition giving rise to suit?

2.      Whether there is a legally-sufficient evidentiary basis for a reasonable jury to find that the subject arcade machine was altered by an unnamed third party or party other than Smart Industries?

3.      Whether as a matter of law privity exists upon which a breach of express or implied warranty claim may be asserted (e.g., lack of standing)?

4.      Whether Charles Wyman's injuries and Plaintiffs' damages, if any, were caused by an independent intervening cause over which Smart Industries had no control and for which it is not responsible?

5.      Whether Plaintiffs' claims against Smart Industries are barred, limited, or otherwise affected by the doctrine of assumption of risk?

6.      Whether Plaintiffs' claims against Smart Industries are barred, limited, or otherwise affected by the doctrine of unforeseeable misuse?

7.      Whether the Rodriguez Plaintiffs and Wesco's claims against Smart Industries are barred, limited, or otherwise affected by the doctrine of contributory negligence?

8.      Whether Plaintiffs' claims against Smart Industries are barred, limited, or otherwise affected by the doctrine of injury by fellow servant?

10

9.    Which party is entitled to which damages, if they prove their case?

10.    Which party has the burden of proving alteration, in light of the Plaintiffs' loss of the subject junction box and related components?

11.    Whether Wesco and Rodriguez Plaintiffs are precluded from recovery as Defendant Smart Industries alleges that they failed to make a timely disclosure of claimed damages in their mandatory Fed. R. Civ. P. 26 disclosures?

12.    The instructions to be given to the jury.

13.    Rulings relating to the admissibility of evidence, including on motions in limine.

14.    Any issue of fact set forth above which is more properly regarded as an issue of law.

To the extent that any of the foregoing issues should be more properly treated as issues of fact then the parties recommend that the Court do so accordingly. Wyman Plaintiffs, Rodriguez Plaintiffs, Wesco, and Smart Industries reserve their respective rights to amend their issues of law for trial after the resolution of the Wyman Plaintiffs' pending motions in limine and any other motions in limine filed in this matter.

**VII.**

**LIST OF EXHIBITS**

**(A)    Wyman Plaintiffs' Exhibits:**

1.    Plaintiffs' Complaint in District Court (1PCO001-1PCO021);

2.    Defendant Smart Industries Corporation's Answer in Federal Court (2DSI001-2DSI007);

3.    Defendant Hi-Tech Security, Inc. and William Roseberry's Answer in Federal Court (3DHTFC001 – 3DHTFC008);

4.    Defendant Hi-Tech Security, Inc. and William Roseberry's Answer in District Court (4DHTDC001 – 4DHTDC008);

5.    Sansone Companies Incident Report (5SCI001 – 5SCI004);

6.    Employers Report of Industrial Injury (6ERI001);

11

7.   OSHA Inspection Report with Pictures (7OIR001 – 7OIR078);

8.   Death Certificate of Charles Wyman (8DCC001)[2];

9.   Photos of Smart Bus Crane (9PSB001 – PSB005);

10.   Photographs of Charles Wyman and Family (10PCW001 – 10PCW 210);

11.   Video of Charles Wyman and Family (Via DVD);

12.   Medical records and billing of MedicWest Ambulance (Smart 212-223);

13.   Medical records and billing of Sunrise Hospital (Wesco 262-681/Smart 1457-1876);

14.   Medical billing of Affordable Cremation & Burial (Smart 1378-1380);

15.   Medical records and billing of United Critical Care – Sunrise Emergency Department (Smart 1783-1740);

16.   Medical records only of Radiology Specialists (Smart 1917-1938);

17.   Surveillance video of subject incident produced by Defendant Boulevard Ventures, LLC in their Initial 16.1 production on March 22, 2017 under Bates Number BV000001;

18.   Curriculum Vitae of Stephen L. Tam, MD, (Bates Stamped EX1SLT001-EX1SLT002); Previously disclosed on 06/02/2017;

19.   Report, E.P. Hamilton, Ph.D. (Bates Stamped EX2REP001- EX2REP018); Report of 06/01/2017 previously disclosed on 06/02/2017 and Report of 09/01/2017 previously disclosed on 09/05/2017;

20.   Curriculum Vitae, Fee Schedule and Testimony List of E.P. Hamilton, Ph.D. (Bates Stamped EX3EPH001- EX3EPH015); Previously disclosed on 6/02/2017;

21.   Report of Findings, Steven M. Burke, (Bates Stamped EX4RFI001- EX4RFI005); Report of 06/02/2017 previously disclosed on 06/02/2017 and Report of 09/01/2017 previously disclosed on 09/05/2017;

22.   Curriculum Vitae, Fee Schedule and Testimony List of Steven M. Burke, (Bates Stamped EX5SMB001- EX5SMB013); Previously disclosed on 06/02/2017;

---

[2] On June 26, 2020, this Court took judicial notice of Charles Wyman's Death Certificate. (ECF No. 263 at 8:9-10).

23.   Report of Determination, Dan R. Berkabile, (Bates Stamped EX6RDE001- EX6RDE006); Report of 06/0/2017 previously disclosed on 06/02/2017 and Report of 07/20/2017 previously disclosed on 09/05/2017;

24.   Curriculum Vitae, Fee Schedule and Testimony List of Dan R. Berkabile; (Bates Stamped EX7DRB001- EX7DRB020); Previously disclosed on 06/02/2017;

25.   Preliminary Report on the Loss in Financial Support, Terrence M. Clauretie, Ph.D., (Bates Stamped EX8PRL001- EX8PRL012); Report of 06/02/2017 previously disclosed on 06/02/2017;

26.   Curriculum Vitae, Fee Schedule and Testimony List of Terrence M. Clauretie, Ph. D. (Bates Stamped EX9TMC001- EX9TMC029); Previously disclosed on 06/02/2017;

27.   E.P. Hamilton, Ph.D.: Report of 11/11/2017;

28.   Steven M. Burke: Report of 11/04/2019;

29.   Steven M. Burke: Updated Curriculum Vitae, Fee Schedule and Testimony List;

30.   E.P. Hamilton, Ph.D.: Updated Curriculum Vitae, Fee Schedule and Testimony List;

31.   Terrence M. Clauretie, Ph.D.: Report of 08/18/2020;

32.   Terrence M. Clauretie, Ph.D.: Report of 09/26/2021, considering the new interest rates as of September 2021;

33.   E.P. Hamilton, Ph.D.: Report of 9/20/2021;

34.   Terrence M. Clauretie, Ph.D.: Updated Curriculum Vitae, Fee Schedule, and Testimony List;

35.   Terrence M. Clauretie, Ph.D.: 10/19/21 Deposition which contains his final opinions; and

36.   Subject Junction Box.

All exhibits listed by any other party to this litigation.

All documents identified during discovery in this litigation.

All pleadings filed in the case.

All responses to any Interrogatories, Requests for Admissions and/or Requests for Production of Documents by any Defendant in this litigation.

All depositions including exhibits.

Rebuttal and/or impeachment documents.

Plaintiffs reserve the right to utilize and/or introduce at trial any exhibit identified or produced by any party to this litigation and all orders, pleadings, motions, exhibits to any motion, depositions exhibits filed or utilized in this action.

**(B)    Rodriguez Plaintiffs' Exhibits:**

1.    Sara Rodriguez and Jacob Wyman's Complaint;

2.    Smart Industries' Answer to Sara Rodriguez and Jacob Wyman's Complaint;

3.    Terrence Clauretie's Report of Financial Loss for Jacob Wyman, dated October 2, 2018;

4.    Photographs of Jacob Wyman, Charles Wyman, Sara Rodriguez, Jennifer Wyman, Bear Wyman and Family (approximately 85);

5.    Cards, notes, and messages between Jacob Wyman and Charles Wyman (approximately 35);

6.    Video entitled "A Life Well Lived is a Life Well Remembered" from Charles Wyman's funeral;

7.    Autopsy Report of Charles Wyman;

8.    Jacob Wyman's Birth Certificate;

9.    Video of the Incident; and

10.    Subject Junction Box.

Any and all exhibits listed by Plaintiffs Jennifer Wyman, Bear Wyman, and the Estate of Charles Wyman.

Any and all exhibits listed by Wesco Insurance Company.

Any and all exhibits listed by Smart Industries.

14

Any and all demonstrative exhibits to be determined at trial.

(C)     **Wesco's Exhibits:**

1.      Workers Compensation Coverage Policy No. WWC314438 (Bates Stamped 001-00173);

2.      Employer's Report of Industrial Injury (Bates Stamped 00174);

3.      Custard Insurance Adjuster's first report (Bates Stamped 00175-00177);

4.      Claim Letters dated October 9, 2015 (Bates Stamped 00178-00179);

5.      Benefits Calculation, (Bates Stamped 00180);

6.      Marriage License (Bates Stamped 00181);

7.      Certificate of Birth and redacted Social Security Card of Jacob Wyman (Bates Stamped 00182);

8.      Certificate of Live Birth for Bear Wyman (Bates Stamped 00183);

9.      Claim for Dependent's Benefits, Jacob Wyman (Bates Stamped 00184-00185);

10.     Claim for Dependents' Benefits, Jennifer Wyman and Bear Wyman (Bates Stamped 00186-00187);

11.     Copy of Jennifer Wyman's driver's license, (Bates Stamped 00188);

12.     Copy of Sarah Jo Rodriquez's driver's license and redacted Social Security Card (Bates Stamped 00189);

13.     Copies of redacted Social Security Cards for Jennifer Wyman and Bear Wyman (Bates Stamped 00190);

14.     Affordable Cremation & Burial Service Receipt (Bates Stamped 00191-00193);

15.     Findings and Award for Appointment of Guardian Ad Litem (Bates Stamped 00194);

16.     Notification of Claim for Dependent's Benefits-Fatality (Bates Stamped 00195);

17.     Claim for Dependent's Benefits, Jennifer Wyman and Bear Wyman (Bates Stamped 00196-00197);

18.     Notice of Average Monthly Wage (Bates Stamped 00198);

15

19.  Notice of Loss – Reinsurance (Bates Stamped 00199-00200);

20.  Claim Photos (Bates Stamped 00201-00204);

21.  Claim Transaction Detail Report (Bates Stamped 00205-00207);

22.  Claim Notes Listing (Bates Stamped 00208-00223);

23.  Payment Statement (Bates Stamped 00224-00230);

24.  Loss Control Survey, dated July 27, 2015 (Bates Stamped 00231-00242);

25.  Response to Loss Control Survey, dated July 27, 2015 (Bates Stamped 00243-00246);

26.  Loss Control Survey, dated October 21, 2015 (Bates Stamped 00247-00261);

27.  Medical Records of Charles G. Wyman from September 29, 2015 through October 4, 2015 (Bates Stamped 00262-00681);

28.  Insurance Claim Papers and supporting documentation (Bates Stamped 00682-00805);

29.  Wesco Insurance Company's Underwriting File for Nickels & Dimes (Bates Stamped 00806-001204); and

30.  Subject Junction Box.[3]

**(D)   Defendant Smart Industries' Exhibits:**

1.  Autopsy report of Charles Wyman from the Clark County Coroner, Bates Numbered DEF000172-DEF000211;

2.  Medical records of Charles Wyman from Medic West, Bates Numbered DEF000212-DEF000223;

3.  Photographs of Boulevard Mall arcade machine, Bates Numbered DEF000224-DEF000277;

4.  Report of 9/29/2015 incident from Sansone Companies, redacted for OSHA/NVOSHA references, Bates Numbered DEF000314-DEF000316;

---

[3] Wesco represents that on March 2, 2017 it served its response to Defendant Smart Industries' Interrogatory No. 8, advising Defendant Smart Industries that the subject junction box is in the custody of Wesco's counsel, Dubowsky Law Office, Chtd., 300 So. Fourth Street, Ste. 1020, Las Vegas, NV 89101.

16

5.  Chain of Custody Report of Smart Industries Mfg. Corp., Bates Numbered DEF000317;

6.  Video of 9/29/2015 incident from Boulevard Mall, previously produced, Bates Numbered DEF000318;

7.  Photographs of Stockpile J-Box, Bates Numbered DEF0003l9-DEF000327;

8.  Records received from Nickels & Dimes Transfer History redacted for OSHA/NVOSHA references, Bates Numbered DEF000340-DEF000343;

9.  Pinnacle Electric Invoice to Nickels & Dimes – Cord Replacement and Diagrams, Bates Numbered DEF000344-DEF000350;

10. Charles Wyman Employee File, Bates Numbered DEF000467-DEF000610;

11. Smart Industries Invoice dated 11/12/2004, Bates Numbered DEF000692;

12. Smart Industries Invoice dated 12/16/2004, Bates Numbered DEF000693;

13. Records received from Snell & Wilmer, redacted for OSHA/NVOSHA references, Bates Numbered DEF000694-DEF000716;

14. Additional video of 9/29/2015 incident received from Snell & Wilmer, Bates Numbered DEF000717;

15. Screen shot of Warranty (single crane) from Smart Industries, Bates Numbered DEF000719;

16. Clean Sweep Schematics received from Smart Industries, Bates Numbered DEF000720-DEF000722;

17. Chain of Custody Letter, Bates Numbered DEF000723-DEF000724;

18. Service Receptacle Schematics from Smart Industries, Bates Numbered DEF002407-DEF002408;

19. Diagrams from Smart Industries, Bates Numbered DEF002409-DEF002414;

20. Indented Bill of Material from Smart Industries, Bates Numbered DEF002415-DEF002429;

21. BP 2000 Consolidated Manual from Smart Industries for Clean Sweep 7th Generation, Bates Numbered DEF002430-DEF002541;

22. Documents received from Nickels & Dimes, Inc. in response to Subpoenas served, redacted for OSHA/NVOSHA references,

Bates Numbered DEF002542-DEF002602;

23.   Records received from NMS Labs, Bates Numbered DEF002603-DEF003023;

24.   Smart Sales History for CS69D7G-002 Units, Bates Numbered DEF003024;

25.   Photographs from James R. Hacker, Bates Numbered DEF003025-DEF003048;

26.   Smart Industries' Final Assembly Clean Sweep Metal Cranes Checklist, Bates Numbered DEF003049-DEF003054;

27.   June 2, 2017 report from Don L. Gifford, Bates Numbered DEF003055-DEF003101;

28.   CV, testimony history and fee schedule of Don L. Gifford, Bates Numbered DEF003102-DEF003116;

29.   September 5, 2017 rebuttal report from Don L. Gifford, Bates Numbered DEF3623-DEF3629/DEF003433-DEF003439;

30.   May 30, 2017 report from Thomas A. Jennings, Bates Numbered DEF003117-DEF003122;

31.   CV, testimony history and fee schedule from Thomas A. Jennings, Bates Numbered DEF003123-DEF003133;

32.   June 2, 2017 report from Raymond C. Kelly, Ph.D., DABFT, Bates Numbered DEF003134-DEF003140;

33.   CV, testimony history and fee schedule from Raymond C. Kelly, Ph.D., DABFT, Bates Numbered DEF003141-DEF003151;

34.   August 28, 2017 rebuttal report from Raymond C. Kelly, Ph.D., DABFT, Bates Numbered DEF003630-DEF003634/DEF003428-DEF003432;

35.   CD of Photographs and Documents sent to prior Smart Industries employees, Bates Numbered DEF 003428;

36.   Photographs taken by Don Gifford, Bates Numbered DEF003429-DEF003620;

37.   Smart Drawing No. 15484, Deposition Exhibit 28;

38.   Smart Drawing No. 15279, Deposition Exhibit 29;

39.   Plaintiffs' Answers to Interrogatories and Requests for Admission;

18

40.     Subpoenas served on Nickels and Dimes, Inc.;

41.     Smart Stockpile Exemplar Service Box (as Demonstrative Exhibit);

42.     Exemplar Bussman Fuse Holder (as Demonstrative Exhibit);

43.     Exemplar Outlet Tester (as Demonstrative Exhibit);

Any and all exhibits listed by Plaintiffs Jennifer Wyman, Bear Wyman, and the Estate of Charles Wyman;

Any and all exhibits listed by Wesco Insurance Company;

Any and all exhibits listed by Sara Rodriguez (for Jacob Wyman); and

Any and all demonstrative exhibits to be determined at trial.

**(E)     The following exhibits are stipulated into evidence in this case and may be so marked by the Clerk:**

None at this time, but the parties may stipulate to the admission of exhibits at or before the final pre-trial conference.

**(F)      The following exhibits are objected to on the following grounds:**

Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco object to Defendant's exhibits on the basis of foundation, hearsay, relevance, more prejudicial than probative, authenticity and admissibility. NOTE: By making the foregoing objections, Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco does not waive any evidentiary right, including their right to introduce any admissible evidence.  Nothing contained herein shall be deemed a waiver or admission of any kind.  Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco also reserve the right at the time of trial to make any objections based upon the context in which evidence is offered and the nature of the evidence, including but not limited to, objections for relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, needlessly cumulative evidence, and all other permissible objections under the Federal Rules of Evidence.  Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco further reserve the right to supplement and/or amend these objections.

19

Smart Industries objects to the Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco's exhibits on the basis of foundation, hearsay, relevance, more prejudicial than probative, authenticity, poor quality/best evidence rules, and admissibility.

Additionally, Smart Industries' objects more specifically to the following proposed exhibits identified by the Wyman Plaintiffs (Jennifer, Bear, and the Estate):

a. Employers Report of Industrial Injury (6ERI001): Hearsay; Relevance; Contains lay opinions that invade the province of the trier of fact; Contains non-expert and/or undisclosed expert opinions; Foundation; Unfair prejudice; Undue confusion, misleading, and cumulative.

a. OSHA Inspection Report with Pictures (Bates Stamped 7OIR001-7OIR078): Hearsay; Foundation; Contains non-expert and/or undisclosed expert opinions; Unfair prejudice, confusion, misleading, and unduly cumulative.  Also violates NRS 618.365.

b. Photographs of Charles Wyman and Family (Bates Stamped 10PCW001-10PCW2100): Foundation, Relevance; Poor quality/best evidence rules; Unfair prejudice, confusion, misleading, and unduly cumulative.

c. Video of Charles Wyman and Family: Foundation; Relevance; Poor quality/best evidence rule; Unfair prejudice, confusion, misleading, and unduly cumulative.

d. Autopsy Photographs of Charles Wyman from the Clark County Coroner (Bates Stamped DEF000001-DEF000171): Hearsay; Foundation; Relevance; Poor quality/best evidence rule; Unfair prejudice; Undue confusion, misleading, and cumulative; Improper redaction.

e.  Report of 9/29/2015 incident from Nevada Occupational Safety and Health Administration (Bates Stamped DEF000278-DEF000313): Hearsay; Foundation; Relevance; Contains non-expert and/or undisclosed expert opinions; Unfair prejudice; Undue confusion, misleading, and cumulative; Inadmissible legal and factual conclusions that invade the province of the jury.

f. Curriculum Vitae of Stephen L. Tam, MD, (Bates Stamped EX1SLT001-EX1SLT002): Hearsay; Foundation; Relevance.

20

g. Report, E.P. Hamilton, Ph.D. (Bates Stamped EX2REP001- EX2REP018); Report of 06/01/2017 and Report of 09/01/2017: Hearsay; Foundation; Relevance.

h. Curriculum Vitae, Fee Schedule and Testimony List of E.P. Hamilton, Ph.D. (Bates Stamped EX3EPH001- EX3EPH015): Hearsay; Foundation; Relevance.

i. Report of Findings, Steven M. Burke, (Bates Stamped EX4RFI001- EX4RFI005); Report of 06/02/2017 and Report of 09/01/2017: Hearsay; Foundation; Relevance.

j. Curriculum Vitae, Fee Schedule and Testimony List of Steven M. Burke, (Bates Stamped EX5SMB001- EX5SMB013): Hearsay; Foundation; Relevance.

k. Report of Determination, Dan R. Berkabile, (Bates Stamped EX6RDE001- EX6RDE006); Report of 06/0/2017 and Report of 07/20/2017: Hearsay; Foundation; Relevance.

l. Curriculum Vitae, Fee Schedule and Testimony List of Dan R. Berkabile; (Bates Stamped EX7DRB001- EX7DRB020): Hearsay; Foundation; Relevance.

m. Preliminary Report on the Loss in Financial Support, Terrence M. Clauretie, Ph.D., (Bates Stamped EX8PRL001- EX8PRL012); Report of 06/02/2017: Hearsay; Foundation; Relevance; Unfairly Prejudicial.

n. Curriculum Vitae, Fee Schedule and Testimony List of Terrence M. Clauretie, Ph. D. (Bates Stamped EX9TMC001- EX9TMC029): Hearsay; Foundation; Relevance.

o. E.P. Hamilton, Ph.D.: Report of 11/11/2017: Hearsay; Foundation; Relevance.

p. Steven M. Burke: Report of 11/04/2019: Hearsay; Foundation; Relevance.

q. Steven M. Burke: Updated Curriculum Vitae, Fee Schedule and Testimony List: Hearsay; Foundation; Relevance.

r. E.P. Hamilton, Ph.D.: Updated Curriculum Vitae, Fee Schedule and Testimony List: Hearsay; Foundation; Relevance.

s. Terrence M. Clauretie, Ph.D.: Report of 08/18/2020: Hearsay; Foundation; Relevance.

t. Terrence M. Clauretie, Ph.D.: Report of 09/26/2021, considering the new interest rates as of September 2021: Hearsay; Foundation; Relevance.

u. E.P. Hamilton, Ph.D.: Report of 9/20/2021:  Hearsay; Foundation; Relevance.

v. Terrence M. Clauretie, Ph.D.: Updated Curriculum Vitae, Fee Schedule, and Testimony List: Hearsay; Foundation; Relevance.

w. Terrence M. Clauretie, PhD.: 10/19/21 Deposition: Hearsay; Inappropriate Use of Deposition Testimony; Witness is Retained by Plaintiffs and Available; Best Evidence Rule; Foundation; Relevance.

x. Subject Junction Box: Unfairly prejudicial because Smart Industries contends that it was not timely disclosed and never produced for inspection despite requests; Foundation; Authenticity; Chain of Custody; Possible alteration; Subject to spoliation sanction(s).

NOTE: By making the foregoing objections, Smart Industries does not waive any evidentiary right, including its right to introduce any admissible evidence. Nothing contained herein shall be deemed a waiver or admission of any kind. Defendant also reserves the right at the time of trial to make any objections based upon the context in which evidence is offered and the nature of the evidence, including but not limited to, objections for relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, needlessly cumulative evidence, and all other permissible objections under the Federal Rules of Evidence. Defendant further reserves the right to supplement and/or amend these objections.

Further, Smart Industries' objects more specifically the following proposed exhibits identified by Jacob Wyman (in addition to those same objections asserted against the same exhibits proposed by the Jennifer Wyman, Bear Wyman, and the Estate of Charles Wyman):

a. Terrence Clauretie's Report of Financial Loss for Jacob Wyman, dated October 2, 2018: Hearsay; Foundation; Relevance.

b. Photographs of Jacob Wyman, Charles Wyman, Sara Rodriguez, Jennifer Wyman, Bear Wyman and Family (approximately 85): Foundation, Relevance; Poor quality/best evidence rules; Unfair prejudice, confusion, misleading, and unduly cumulative.

c. Cards, notes, and messages between Jacob Wyman and Charles Wyman (approximately 35): Foundation, Relevance; Poor quality/best evidence rules; Unfair prejudice, confusion, misleading, and unduly cumulative.

d. Video entitled "A Life Well Lived is a Life Well Remembered" from Charles Wyman's funeral: Foundation; Relevance; Poor quality/best evidence rule; Unfair prejudice, confusion, misleading, and unduly cumulative.

22

e.  Autopsy Report of Charles Wyman: To the extent the report includes photographs--Hearsay; Foundation; Relevance; Poor quality/best evidence rule; Unfair prejudice; Undue confusion, misleading, and cumulative; Improper redaction.

f.  Jacob Wyman's Birth Certificate: Foundation; Authenticity; Poor quality/best evidence rule.

g.  Subject Junction Box: Unfairly prejudicial because it was not timely disclosed and never produced for inspection despite requests; Foundation; Authenticity; Chain of Custody; Possible alteration; Subject to spoliation sanction(s).

Also, Smart Industries' objects more specifically to the following proposed exhibits identified by Wesco:

a.  Employer's Report of Industrial Injury (Bates Stamped 00174): Hearsay; Relevance; Contains lay opinions that invade the province of the trier of fact; Contains non-expert and/or undisclosed expert opinions; Foundation; Unfair prejudice; Undue confusion, misleading, and cumulative.

b.  Custard Insurance Adjuster's first report (Bates Stamped 00175-00177): Hearsay; Relevancy; Contains lay opinions that invade the province of the trier of fact; Contains non-expert and/or undisclosed expert opinions; Foundation; Unfair prejudice; Undue confusion, misleading, and cumulative.

c.  Claim Letters dated October 9, 2015 (Bates Stamped 00178-00179): Hearsay; Relevancy; Contains lay opinions that invade the province of the trier of fact; Contains non-expert and/or undisclosed expert opinions; Foundation; Unfair prejudice; Undue confusion, misleading, and cumulative.

d.  Loss Control Survey, dated July 27, 2015 (Bates Stamped 00231-00242): Hearsay; Foundation; Relevancy; Contains lay opinions that invade the province of the trier of fact; Contains lay opinions that invade the province of the trier of fact; Contains non-expert and/or undisclosed expert opinions; Foundation; Unfair prejudice; Undue confusion, misleading, and cumulative.

23

e.  Response to Loss Control Survey, dated July 27, 2015 (Bates Stamped 00243-00246): Hearsay; Foundation; Relevancy; Contains lay opinions that invade the province of the trier of fact; Contains lay opinions that invade the province of the trier of fact; Contains non-expert and/or undisclosed expert opinions; Foundation; Unfair prejudice; Undue confusion, misleading, and cumulative.

f.  Loss Control Survey, dated October 21, 2015 (Bates Stamped 00247-00261): Hearsay; Foundation; Relevancy; Contains lay opinions that invade the province of the trier of fact; Contains lay opinions that invade the province of the trier of fact; Contains non-expert and/or undisclosed expert opinions; Foundation; Unfair prejudice; Undue confusion, misleading, and cumulative.

g.  Workers Compensation Coverage Policy No. WWC314438 (Bates Stamped 001-00173): Hearsay; Relevance; Unfairly Prejudicial.

h.  Benefits Calculation, (Bates Stamped 00180): Authenticity; Hearsay; Foundation; Relevance.

i.  Marriage License (Bates Stamped 00181): Authenticity; Hearsay; Relevance.

j.  Certificate of Birth and redacted Social Security Card of Jacob Wyman (Bates Stamped 00182): Authenticity; Hearsay; Foundation; Relevance.

k.  Certificate of Live Birth for Bear Wyman (Bates Stamped 00183): Authenticity; Hearsay; Foundation; Relevance.

l.  Claim for Dependent's Benefits, Jacob Wyman (Bates Stamped 00184-00185): Authenticity; Hearsay; Foundation; Relevance.

m.  Claim for Dependents' Benefits, Jennifer Wyman and Bear Wyman (Bates Stamped 00186-00187): Authenticity; Hearsay; Foundation; Relevance.

n.  Copy of Jennifer Wyman's driver's license, (Bates Stamped 00188): Authenticity; Hearsay; Foundation; Relevance.

o.  Copy of Sarah Jo Rodriquez's driver's license and redacted Social Security Card (Bates Stamped 00189): Authenticity; Hearsay; Foundation; Relevance.

p.  Copies of redacted Social Security Cards for Jennifer Wyman and Bear Wyman (Bates Stamped 00190): Authenticity; Hearsay; Foundation; Relevance.

24

q. Affordable Cremation & Burial Service Receipt (Bates Stamped 00191-00193): Relevance (Court has already determined the value of the burial and need only instruct the jury); Authenticity; Hearsay; Foundation.

r. Findings and Award for Appointment of Guardian Ad Litem (Bates Stamped 00194): Authenticity; Hearsay; Foundation; Relevance.

s. Notification of Claim for Dependent's Benefits-Fatality (Bates Stamped 00195): Authenticity; Hearsay; Foundation; Relevance.

t. Claim for Dependent's Benefits, Jennifer Wyman and Bear Wyman (Bates Stamped 00196-00197): Authenticity; Hearsay; Foundation; Relevance.

u. Notice of Average Monthly Wage (Bates Stamped 00198): Authenticity; Hearsay; Foundation; Relevance.

v. Notice of Loss – Reinsurance (Bates Stamped 00199-00200): Authenticity; Hearsay; Foundation; Relevance.

w. Claim Photos (Bates Stamped 00201-00204): Authenticity; Hearsay; Foundation; Relevance; Poor quality/Best Evidence; Unfairly prejudicial.

x. Claim Transaction Detail Report (Bates Stamped 00205-00207): Authenticity; Hearsay; Foundation; Relevance.

y. Claim Notes Listing (Bates Stamped 00208-00223): Authenticity; Hearsay; Foundation; Relevance; Unfairly prejudicial.

z. Payment Statement (Bates Stamped 00224-00230): Authenticity; Hearsay; Foundation; Relevance.

aa. Loss Control Survey, dated July 27, 2015 (Bates Stamped 00231-00242): Authenticity; Hearsay; Foundation; Relevance.

bb. Response to Loss Control Survey, dated July 27, 2015 (Bates Stamped 00243-00246): Authenticity; Hearsay; Foundation; Relevance.

cc. Medical Records of Charles G. Wyman from September 29, 2015 through October 4, 2015 (Bates Stamped 00262-00681): Unreasonable and unnecessary.

dd. Insurance Claim Papers and supporting documentation (Bates Stamped 00682-00805): Authenticity; Hearsay; Foundation; Relevance; Unfairly prejudicial.

ee. Wesco Insurance Company's Underwriting File for Nickels & Dimes (Bates Stamped 00806-001204): Authenticity; Hearsay; Foundation; Relevance; Unfairly prejudicial.

ff. Subject Junction Box: Unfairly prejudicial because it was not timely disclosed and never produced for inspection despite requests; Foundation; Authenticity; Chain of Custody; Possible alteration; Subject to spoliation sanction(s).

NOTE: By making the foregoing objections, Defendant Smart Industries does not waive any evidentiary right, including its right to introduce any admissible evidence. Nothing contained herein shall be deemed a waiver or admission of any kind. Defendant Smart Industries also reserves the right at the time of trial to make any objections based upon the context in which evidence is offered and the nature of the evidence, including but not limited to, objections for relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, needlessly cumulative evidence, and all other permissible objections under the Federal Rules of Evidence. Defendant Smart Industries further reserves the right to supplement and/or amend these objections.

## VIII.
## ELECTRONIC EVIDENCE

The parties intend to present electronic evidence for purposes of jury deliberations.

## IX.
## DEPOSITIONS INTENDED TO BE OFFERED AT TRIAL

**(A)     Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco intend to offer the following depositions at trial:**

| 1. | Charles Keller | Pages 5-64 |
|----|----------------|------------|
| 2. | James R. Hacker | Pages 6-43 |
| 3. | Reinhard Bangerter | Pages 9-146 |
| 4. | Jeff Butcher | Pages 7-58 |
| 5. | Brian Harmon | Pages 6-79 |
| 6. | Charles Scribner | Pages 6-62 |
| 7. | James Chitty | Pages 5-38 |
| 8. | Jeffrey Smart | Pages 6-109 |

| | | |
|---|---|---|
| 9. | Kimberly Anderson | Pages 6-75 |
| 10. | Robert Cox | Pages 6-52 |
| 11. | William Roseberry | Pages 6-81 |
| 12. | Michael Douglas | Pages 6-37 |
| 13. | Jerry Andrews | Pages 7-82 |
| 14. | Sami Bangalore, MD | Pages 6-30 |
| 15. | Jennifer Stone | Pages 7-83 |
| 16. | Lisa Gavin, MD | Pages 5-33 |
| 17. | Sebastian Lara | Pages 6-91 |

Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco intend to offer the deposition testimony of any witness who is unavailable for trial under the Federal Rules of Evidence. Until subpoenas are issued for trial, Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco will not know which witnesses are unavailable for trial. Thus, Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco reserve their right to use any and all portions of the above-referenced depositions at the time of trial in accordance with LR 16-3(b)(10) and LR 16-4. Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco further reserve their rights to offer deposition testimony for purposes of impeachment and for any other purposes authorized under the Federal Rules of Evidence.

Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco do not anticipate using the deposition testimony of the following witnesses unless unforeseen circumstances arise that will prevent their physical testimony at the time of trial: Jennifer Wyman; Sara Rodriguez; Jacob Wyman; Terrence M. Clauretie, Ph.D.; E.P. Hamilton, III, Ph.D.; and Steven M. Burke.

**(B)     Defendant Smart Industries will offer the following depositions:**

Defendant Smart Industries reserves the right to offer the following depositions in their entirety, including all exhibits thereto, for any admissible purpose, including, but not limited to, impeachment, rebuttal in case of an unavailable witness, or for any other purpose allowed by Fed. R. Civ. P. 32 or any other applicable law or rule.  Although page and line numbers are referenced

27

herein, Defendant Smart Industries reserves the right to use the entire depositions as Defendant has no burden of proof, is entitled to rebut evidence and arguments presented in Plaintiffs' case-in-chief, and cannot accurately predict what evidence and arguments Plaintiffs will present.  As such, the inclusion of any depositions, transcripts, and/or exhibits herein shall not be deemed a waiver by Defendant Smart Industries of any evidentiary rights or objections, including but not limited to Defendant Smart Industries' enumerated objections stated elsewhere in this pretrial order, or as an admission of any kind.  Defendant Smart Industries expressly reserves all evidentiary rights and objections.  Defendant Smart Industries further reserves the right to present such depositions, where applicable, by videotape or other permitted recording.  Defendant Smart Industries also reserves the right to supplement or amend these disclosures in the event of any mistakenly included or omitted depositions or presently unknown depositions.

| Witness | Page/Line |
|---|---|
| Charles Scribner | 6:3-6:6 |
| | 9:7-11:16 |
| | 11:24-12:8 |
| | 12:13-31:5 |
| | 31:23-33:23 |
| | 35:8-35:14 |
| | 39:15-41:2 |
| | 41:9-41:19 |
| | 42:18-43:4 |
| | 43:22-44:8 |
| | 48:1-49:8 |
| | 53:20-23 |
| | 56:25-57:7 |
| | 57:21-62:7 |

| | |
|---|---|
| | 62:14-63:11 |
| Jeff Butcher | 7:7-10 |
| | 11:5-14:6 |
| | 14:12-15, 21-22 |
| | 15:2-16:5 |
| | 16:9-20 |
| | 17:3-12 |
| | 17:19-18:4 |
| | 18:17-20:1 |
| | 19:3-18 |
| | 20:15-21:13 |
| | 21:18-25:2 |
| | 25:21-28:3 |
| | 28:9-11 |
| | 29:2-32:9 |
| | 34:5-37:16 |
| | 38:10-39:5 |
| | 39:24-40:2 |
| | 41:5-24 |
| | 42:21-45:1 |
| | 45:24-47:25 |
| | 48:15-23 |
| | 54:17-55:12 |
| | 57:3-58:23 |
| Sebastain Lara | 6:17-24 |
| | 10:8-16:11 |
| | 17:7-18 |

| | |
|---|---|
| | 19:3-12 |
| | 19:18-20:21 |
| | 21:3-26:1 |
| | 26:13-27:20 |
| | 28:2-31:19 |
| | 32:25-33:13 |
| | 34:9-38:1 |
| | 38:19-39:14 |
| | 40:8-41:12 |
| | 41:24-43:1 |
| | 44:2-45:5 |
| | 46:22-48:25 |
| | 49:14-50:25 |
| | 51:18-57:15 |
| | 57:18-60:2 |
| | 61:7-21 |
| | 62:6-19 |
| | 63:8-21 |
| | 69:18-70:13 |
| | 72:20-74:11 |
| | 74:18-76:6 |
| | 77:11-78:9 |
| | 84:9-87:14 |
| | 88:6-89:9 |
| | 90:8-91:20 |
| Michael Douglas | 6:16-7:4 |
| | 10:25-18:5 |

|  | 18:13-23:21 |
|---|---|
|  | 24:7-26:6 |
|  | 26:20-28:12 |
|  | 28:22-29:9 |
|  | 30:7-20 |
|  | 31:17-32:13 |
| James R. Hacker | 11:23-15:10 |
|  | 15:25-16:13 |
|  | 17:10-21:18 |
|  | 22:10-23:25 |
|  | 24:14-27:18 |
|  | 28:11-32:6 |
|  | 32:15-34:19 |
| Brian Harmon | 6:3-7:11 |
|  | 10:20-13:10 |
|  | 14:12-30:8 |
|  | 31:4-39:2 |
|  | 39:17-46:3 |
|  | 62:17-63:8 |
|  | 63:17-64:10 |
|  | 64:23-66:8 |
|  | 68:11-18 |
|  | 70:16-73:1 |
|  | 73:10-74:3 |
|  | 75:3-75:17 |
| James Chitty | 5:24-6:7, 17-19 |
|  | 12:21-14:20 |

| | |
|---|---|
| | 15:19-19:4 |
| | 19:25-20:23 |
| | 23:6-24:12 |
| | 24:20-26:4 |
| | 26:11-22 |
| | 28:11-22 |
| | 31:10-32:4 |
| | 32:21-33:19 |
| Jeffrey Smart | 7:25-8:3 |
| | 8:12-9:5 |
| | 31:10-32:14 |
| | 32:25-33:5 |
| | 33:25-34:18 |
| | 39:5-39:11 |
| | 39:18-40:10 |
| | 40:20-40:22 |
| | 41:9-42:16 |
| | 43:13-44:17 |
| | 44:25-46:7 |
| | 47:5-48:19 |
| | 49:7-51:4 |
| | 52:23-58:15 |
| | 59:22-60:17 |
| | 61:8-65:7 |
| | 65:19-66:19 |
| | 71:4-72:9 |
| | 77:9-79:14 |

| | |
|---|---|
| | 82:8-85:22 |
| | 86:22-87:4 |
| | 90:19-92:9 |
| | 94:12-95:21 |
| | 99:23-100:2 |
| | 100:9-102:11 |
| Charles Keller | 6:21-7:15 |
| | 8:6-15 |
| | 15:13-16:11 |
| | 19:6-30:6 |
| | 30:23-34:15 |
| | 34:25-36:4 |
| | 39:14-44:23 |
| | 45:11-46:3 |
| | 46:12-47:20 |
| | 48:8-49:9 |
| | 54:18-58:9 |
| | 58:18-25 |
| | 59:20-60:7 |
| | 62:1-7 |
| Jennifer Wyman | 9:4-10:10 |
| | 11:3-5 |
| | 12:14-15 |
| | 13:13-18 |
| | 13:22-15:10 |
| | 16:12-18 |
| | 17:8-19 |

| | |
|---|---|
| | 18:9-17 |
| | 22:23-23:6 |
| | 27:25-28:16 |
| | 29:14-30:8 |
| | 30:16-19 |
| | 36:8-21 |
| | 37:11-25 |
| | 38:10-20 |
| | 38:25-39:2 |
| | 39:18-41:15 |
| | 41:19-42:10 |
| | 48:10-49:24 |
| | 50:22-51:19 |
| | 64:14-19 |
| | 64:22-65:6 |
| | 65:24-66:5 |
| | 69:3-25 |
| | 70:14-21 |
| | 70:24-71:3 |
| | 73:11-74:5 |
| | 103:24-104:19 |
| | 105:9-106:11 |
| | 106:21-108:18 |
| | 109:22-111:17 |
| | 115:18-116:7 |
| William Roseberry | 12:13-14 |
| | 12:24-13:4 |

|  | 15:2-16:22 |
|---|---|
|  | 17:2-18:20 |
|  | 19:16-22:18 |
|  | 59:4-60:5 |
|  | 76:24-78:21 |
| Robert Cox | 47:1-50:20 |
| Kimberly Anderson | 10:16-11:22 |
|  | 12:6-21 |
|  | 13:6-14:6 |
|  | 14:20-15:14 |
|  | 18:24-19:15 |
|  | 23:19-24:2 |
|  | 25:23-28:15 |
|  | 34:17-21 |
|  | 35:7-9 |
|  | 41:24-42:3 |
|  | 44:23-45:5 |
|  | 50:24-51:1 |
|  | 52:17-53:5 |
|  | 53:25-54:16 |
|  | 54:23-55:3 |
|  | 56:20-57:3 |
|  | 59:22-60:561:8-19 |
|  | 69:10-70:16, 20-21 |
|  | 73:5-74:11 |
| Reinhard Bangerter | 9:8-20 |
|  | 13:11-23 |

| | |
|---|---|
| | 14:17-20 |
| | 15:6-12 |
| | 15:21-16:14 |
| | 17:11-18:10 |
| | 20:13-24:8 |
| | 27:24-28:21 |
| | 32:18-33:2 |
| | 34:23-37:25 |
| | 42:9-43:7 |
| | 43:19-44:11 |
| | 44:25-46:12 |
| | 47:16-25 |
| | 50:6-12 |
| | 51:7-9 |
| | 51:24-52:7 |
| | 52:18-22 |
| | 53:8-54:25 |
| | 55:11-56:6 |
| | 58:1-59:5 |
| | 59:19-62:16 |
| | 63:3-23 |
| | 64:10-25 |
| | 65:20-68:22 |
| | 69:23-71:3 |
| | 71:22-73:22 |
| | 74:6-8 |
| | 75:7-14 |

| | |
|---|---|
| | 77:10-79:5 |
| | 83:22-25 |
| | 84:18-85:12 |
| | 86:25-87:12 |
| | 88:1-89:11 |
| | 91:7-92:14 |
| | 93:8-94:1 |
| | 94:21-95:13 |
| | 95:22-96:25 |
| | 97:4-8 |
| | 97:22-99:11 |
| | 99:25-100:3 |
| | 100:15-103:9 |
| | 103:20-104:11 |
| | 105:15-108:1 |
| | 108:11-109:2 |
| | 110:12-23 |
| | 111:9-21 |
| | 112:15-113:7 |
| | 114:9-115:9 |
| | 115:21-24 |
| | 117:23-118:3 |
| | 120:7-24 |
| | 121:8-122:23 |
| | 123:24-124:3 |
| | 124:17-125:16 |
| | 127:8-14 |

| | 129:18-22 |
| | 130:4-13 |
| | 132:22-133:9 |
| | 139:23-140:19 |
| | 141:1-12 |
| | 143:25-144:4 |
| Jacob Wyman<br><br>Sarah Rodriguez<br><br>E.P. Hamilton, III, Ph.D.<br><br>Steven M. Burke<br><br>Jerry Andrews<br><br>Sami S. Bangalore, M.D.<br><br>Jennifer Stone<br><br>Lisa Gavin, M.D.<br><br>Terrence M. Clauretie, Ph.D. | Transcript portions to be determined at trial, for purposes of impeachment. |

## X.

## OBJECTIONS TO DEPOSITIONS

(A)    The Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco object to Defendant's designated depositions on the basis of hearsay, speculation, and lack of foundation. The Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco reserve their right to object to any designated deposition portions used by Defendants at the time of trial on any basis.

(B)    Defendant reserves its right to object to any designated deposition portions used by Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco at the time of trial.

Defendant Smart Industries objects to Wesco Ins. Co. introducing any depositions during its case-in-chief because Smart Industries contends that Wesco Ins. Co. did not timely disclose any non-expert witnesses—disclosing all of its witnesses only on the very last day of discovery, October 2, 2017.

Defendant Smart Industries further objects to the entirety of the Plaintiffs' designated depositions because they are incomplete designations, and Smart Industries lacks context to understand relevancy and purpose. Moreover, Smart Industries contends that Plaintiffs' deposition designations do not comply with LR 16-3(b)(10) and LR 16-4. There are five Plaintiffs (counting Wesco and Rodriguez) and the proof they each require for proving their damages is not co-extensive, and the commingling of their designation of testimony as has been done is not proper. Some testimony might be subject to an admonition that it is admissible only for limited purposes, and those purposes cannot be determined. Some designated testimony contains hearsay and is inappropriate. Some offered testimony was given over objections which have not been ruled upon. Some offered testimony is designated without designated references exhibits necessary to understanding the testimony. For rebuttal purposes, Defendant Smart Industries cross designates the entire deposition and all exhibits, to assure completeness and context. A more careful cross-designation will only be possible if and when the designated portions are in fact offered at time of trial, after openings, and after the purposes of designated testimony is revealed.

| Deposition: | Objections: |
|---|---|
| Video Deposition of Charles P. Keller | Defendant makes an umbrella objection to Plaintiffs' use of the testimony on the grounds the testimony is speculative, lacks foundation, and would constitute hearsay. Moreover, Defendant objects on the ground that the testimony is not relevant as it does not make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. |
| James R. Hacker | Defendant makes an umbrella objection to Plaintiffs' use of the testimony on the grounds the |

| | |
|---|---|
| | testimony is speculative, lacks foundation, and would constitute hearsay. Moreover, Defendant objects on the ground that the testimony is not relevant as it does not make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. |
| Video Deposition of Reinhard Bangerter | Defendant makes an umbrella objection to Plaintiffs' use of the testimony on the grounds the testimony is speculative, lacks foundation, and would constitute hearsay. Moreover, Defendant objects on the ground that the testimony is not relevant as it does not make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. |
| Video Deposition of Jeff Butcher | Defendant makes an umbrella objection to Plaintiffs' use of the testimony on the grounds the testimony is speculative, lacks foundation, and would constitute hearsay. Moreover, Defendant objects on the ground that the testimony is not relevant as it does not make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. |
| Brian Harmon | Defendant makes an umbrella objection to Plaintiffs' use of the testimony on the grounds the |

40

| | testimony is speculative, lacks foundation, and would constitute hearsay. Moreover, Defendant objects on the ground that the testimony is not relevant as it does not make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. |
|---|---|
| Video Deposition of Charles Scribner | Defendant makes an umbrella objection to Plaintiffs' use of the testimony on the grounds the testimony is speculative, lacks foundation, and would constitute hearsay. Moreover, Defendant objects on the ground that the testimony is not relevant as it does not make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. |
| James Chitty | Defendant makes an umbrella objection to Plaintiffs' use of the testimony on the grounds the testimony is speculative, lacks foundation, and would constitute hearsay. Moreover, Defendant objects on the ground that the testimony is not relevant as it does not make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. |
| Video Deposition of Jeffrey Smart | Defendant makes an umbrella objection to Plaintiffs' use of the testimony on the grounds the |

| | testimony is speculative, lacks foundation, and would constitute hearsay. Moreover, Defendant objects on the ground that the testimony is not relevant as it does not make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. |
|---|---|
| Video Deposition of Kimberly Anderson | Defendant makes an umbrella objection to Plaintiffs' use of the testimony on the grounds the testimony is speculative, lacks foundation, and would constitute hearsay. Moreover, Defendant objects on the ground that the testimony is not relevant as it does not make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. |
| Video Deposition of Robert Cox (PMK of Hi-Tech Security, Inc. | Defendant makes an umbrella objection to Plaintiffs' use of the testimony on the grounds the testimony is speculative, lacks foundation, and would constitute hearsay. Moreover, Defendant objects on the ground that the testimony is not relevant as it does not make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. |
| Video Deposition of William Roseberry | Defendant makes an umbrella objection to Plaintiffs' use of the testimony on the grounds the |

42

| | |
|---|---|
| | testimony is speculative, lacks foundation, and would constitute hearsay. Moreover, Defendant objects on the ground that the testimony is not relevant as it does not make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. |
| Michael Douglas | Defendant makes an umbrella objection to Plaintiffs' use of the testimony on the grounds the testimony is speculative, lacks foundation, and would constitute hearsay. Moreover, Defendant objects on the ground that the testimony is not relevant as it does not make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. |
| Jerry Andrews | Defendant makes an umbrella objection to Plaintiffs' use of the testimony on the grounds the testimony is speculative, lacks foundation, and would constitute hearsay. Moreover, Defendant objects on the ground that the testimony is not relevant as it does not make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. |
| Sami S. Bangalore, M.D. | Defendant makes an umbrella objection to Plaintiffs' use of the testimony on the grounds the |

| | |
|---|---|
| | testimony is speculative, lacks foundation, and would constitute hearsay. Moreover, Defendant objects on the ground that the testimony is not relevant as it does not make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. |
| Jennifer Stone | Defendant makes an umbrella objection to Plaintiffs' use of the testimony on the grounds the testimony is speculative, lacks foundation, and would constitute hearsay. Moreover, Defendant objects on the ground that the testimony is not relevant as it does not make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. |
| Lisa Gavin, M.D. | Defendant makes an umbrella objection to Plaintiffs' use of the testimony on the grounds the testimony is speculative, lacks foundation, and would constitute hearsay. Moreover, Defendant objects on the ground that the testimony is not relevant as it does not make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. |
| Sebastian Lara | Defendant makes an umbrella objection to Plaintiffs' use of the testimony on the grounds the |

44

| | testimony is speculative, lacks foundation, and would constitute hearsay. Moreover, Defendant objects on the ground that the testimony is not relevant as it does not make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. |
|---|---|

## XI.
## LIST OF WITNESSES

The Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco reserve the right to call any of the following persons as witnesses, as well as any other persons identified by any party hereto. The Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco includes this broad range of witnesses as it is impossible at this time to determine what testimony may be necessary at trial to rebut or impeach the presently-unknown evidence and arguments that Defendant Smart Industries will introduce during its case-in-chief. The inclusion of any witness herein shall not be deemed as a waiver by The Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco of any evidentiary rights or objections, or as an admission of any kind. The Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco expressly reserve all evidentiary rights and objections. The Wyman Plaintiffs, Rodriguez Plaintiffs, and Wesco further reserve the right to amend and/or supplement this list with additional witnesses that were mistakenly included or omitted or previously unknown.

(A)   **Names and Addresses of Wyman Plaintiffs', Rodriguez Plaintiffs', and Wesco's Witnesses:**

   1.      Jennifer Wyman
           c/o EGLET ADAMS
           400 S. Seventh St., Suite 400
           Las Vegas, Nevada 89101
           And
           c/o GREENMAN, GOLDBERG, RABY & MARTINEZ
           601 South Ninth Street
           Las Vegas, NV 89101

45

2.    Bear Wyman
c/o EGLET ADAMS
400 S. Seventh St., Suite 400
Las Vegas, Nevada 89101
And
c/o GREENMAN, GOLDBERG, RABY & MARTINEZ
601 South Ninth Street
Las Vegas, NV 89101

3.    Sara Rodriquez, Parent and Legal Guardian of
Jacob Wyman
c/o Cliff W. Marcek
536 St. Louis Avenue
Las Vegas, Nevada 89104

4.    Jacob Wyman
c/o Cliff W. Marcek
536 St. Louis Avenue
Las Vegas, Nevada 89104

5.    Person(s) Most Knowledgeable
Smart Industries Corporation
c/o BARRON & PRUITT, LLP
3890 West Ann Road
North Las Vegas, Nevada 89131

6.    Robin Russo
Smart Industries Corporation
c/o BARRON & PRUITT, LLP
3890 West Ann Road
North Las Vegas, Nevada 89131

7.    Person(s) Most Knowledgeable
Hi-Tech Security, Inc.
c/o HALL, JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128

8.    William Roseberry
c/o HALL, JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128

9.   Person(s) Most Knowledgeable
     Boulevard Ventures, LLC
     c/o LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
     6385 South Rainbow Blvd., Suite 600
     Las Vegas, NV 89118

10.  Person(s) Most Knowledgeable
     Sansone Companies, LLC
     c/o LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
     6385 South Rainbow Blvd., Suite 600
     Las Vegas, Nevada 89118

11.  Person Most Knowledgeable and/or Custodian of Records
     Sunrise Hospital
     3186 Maryland Pkwy.
     Las Vegas, NV 89109

12.  E.P. Hamilton III, Ph.D.
     1406 Three Points Road #Al 00
     Pflugerville, TX 78660
     (512) 251-4279

13.  Steven M. Burke
     160 S Old Springs Road #290
     Anaheim, CA 92808
     (714) 282-8035

14.  Dan R. Berkabile
     Quick Bio-Diagnostics Laboratory
     3950 S Eastern Ave
     Las Vegas, NV 89119
     (575) 405-8253

15.  Terrence M. Clauretie, Ph.D.
     217 Palmetto Pointe Dr.
     Henderson, Nevada 89012
     (702) 813-9383

16.  Person(s) Most Knowledgeable
     Department of Business and Industry
     Division of Industrial Relations
     Occupational Safety and Health Administration
     1301 N. Green Valley Parkway, Suite 200
     Henderson, NV 89074

47

17.   Person(s) Most Knowledgeable
      Nickels & Dimes, Inc.
      c/o WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER, LLP
      300 S. Fourth St., 11th Floor
      Las Vegas, NV 89101

18.   Diane D. Oakley
      Nickels & Dimes, Inc.
      1844 North Preston Road
      Celina, TX 75009

19.   Kevin Kamphuis
      Nickels & Dimes, Inc.
      1844 North Preston Road
      Celina, TX 75009

20.   Craig Singer
      Nickels & Dimes, Inc.
      1844 North Preston Road
      Celina, TX 75009

21.   Mark McCain
      Nickels & Dimes, Inc.
      Tilt, Katy Mills Mall
      5000 Katy Mills Circle
      Katy, TX 77494

22.   Vicky Peek
      Nickels & Dimes, Inc.
      Tilt, Katy Mills Mall
      5000 Katy Mills Circle
      Katy, TX 77494

23.   Bangeter Reinhardt
      Nickels & Dimes, Inc.
      Tilt, Plaza Camino Real Mall
      2525 El Camino Real #100
      Carlsbad, CA 92008

24.   Timo Kuusela, Boulevard Mall Manager
      c/o Lewis, Brisbois, Bisgaard & Smith, LLP
      6385 South Rainbow Blvd., Suite 600
      Las Vegas, NV 89118

48

25.   Boulevard Mall Engineers
      c/o Lewis, Brisbois, Bisgaard & Smith, LLP
      6385 South Rainbow Blvd., Suite 600
      Las Vegas, NV 89118

26.   Cindy R., Case Manager
      Sunrise Hospital
      3186 South Maryland Parkway
      Las Vegas, NV 89109

27.   Kim Henderson
      Security Gard, Boulevard Mall
      c/o Lewis, Brisbois, Bisgaard & Smith, LLP
      6385 South Rainbow Blvd., Suite 600
      Las Vegas, NV 89118

28.   "Dillon, " eyewitness to subject incident
      Address unknown

29.   Person(s) Most Knowledgeable
      Consolidated Electrical Distributors
      c/o Lewis, Brisbois, Bisgaard & Smith, LLP
      1901 E. University Avenue
      Des Moines, IA 50316

30.   Person(s) Most Knowledgeable
      Component Suppliers

31.   Sebastian Lara of WESCO Insurance, or their designee
      c/o Dubowsky Law Office, Chtd.
      300 South Fourth Street, Suite 1020
      Las Vegas, NV 89101

32.   Person(s) Most Knowledgeable
      Wesco Insurance Company
      c/o Dubowsky Law Office, Chtd.
      300 South Fourth Street, Suite 1020
      Las Vegas, Nevada 89101

33.   Michael Douglas, Subrogation Adjuster, or their designee
      Wesco Insurance Company
      c/o Dubowsky Law Office, Chtd.
      300 South Fourth Street, Suite 1020
      Las Vegas, Nevada 89101

49

34.     James R. Hacker
        Custard Insurance Adjusters, Inc.
        3983 East Desert Inn Road
        Las Vegas, NV 89121

35.     Russ Toledo
        Pinnacle Electric
        4845 W. Reno Avenue
        Las Vegas, NV 89118

36.     Charles Keller, Esq.
        Snell & Wilmer
        One Arizona Center
        400 East Van Buren Street, Suite 1900
        Phoenix, Arizona 85004

37.     Unnamed Employee, eyewitness to subject event
        Shoe Palace
        3576 S. Maryland Parkway, Suite 120
        Las Vegas, NV 89169

38.     Unnamed Employee, eyewitness to subject event
        Cotton On
        3506 S. Maryland Pkwy., Suite 300
        Las Vegas, NV 89109

39.     Paul Easter
        5272 W. Muriel Drive
        Glendale, AZ. 85306

40.     Christine Rhys-Evans
        P.O. Box 4433
        Chino Valley, AZ 86323

41.     Sean Wyman
        Active Duty Military
        c/o Greenman, Goldberg, Raby & Martinez
        601 South Ninth Street
        Las Vegas, NV 89101

42.     Jason Burns, CSHO #R7073
        OSHA
        1301 N. Green Valley Parkway, #200
        Henderson, NV 89074

43.  Jeff Smart, FRCP 30(b)(6) Witness
     Smart Industries Corporation
     c/o Barron & Pruitt, LLP
     3890 West Ann Road
     North Las Vegas, Nevada 89031

44.  Brian Harmon, former employee of Smart Industries
     c/o Barron & Pruitt, LLP
     3890 West Ann Road
     North Las Vegas, Nevada 89031

45.  Jeff Butcher, Smart Industries
     c/o Barron & Pruitt, LLP
     3890 West Ann Road
     North Las Vegas, Nevada 89031

46.  James Chitty
     307 Second Street
     Colo, Iowa 50056
     (641) 377-2341

47.  Robert Cox, FRCP 30(b)(6) Witness
     Hi-Tech Security Inc.
     c/o Hall, Jaffe & Clayton, LLP
     7425 Peak Drive
     Las Vegas, NV 89128

48.  Kimberly Anderson
     c/o Hall, Jaffe & Clayton, LLP
     7425 Peak Drive
     Las Vegas, NV 89128

49.  Person(s) Most Knowledgeable
     Clark County Coroner/Medical Examiner
     Lisa Gavin, M.D.
     1704 Pinto Lane
     Las Vegas, NV 89106

50.  Person(s) Most Knowledgeable
     MedicWest Ambulance
     P.O. Box 745774
     Los Angeles, CA 90074-4774

51

51.    Person(s) Most Knowledgeable
       Sunrise Hospital
       Samir Shrikar Bangalore, M.D.
       3186 South Maryland Parkway
       Las Vegas, NV 89109

52.    Person(s) Most Knowledgeable
       Affordable Cremation & Burial Service
       2457 N. Decatur Blvd.
       Las Vegas, NV 89108
       (702) 464-8560

53.    Nevada Neurosciences Institute
       Samir Bangalore, M.D.
       3131 Canada Street
       Las Vegas, NV 89169
       (702) 706-7710

54.    Person(s) Most Knowledgeable
       Jerry Andrews, LMFT, LISAC
       17100 N. 67TH Avenue, Suite 400
       Glendale, AZ 85308
       (602) 938-3323

55.    Stephen L. Tam, M.D.
       and/or Treating Physicians
       and/or Person Most Knowledgeable
       and/or Custodian of Records
       Sunrise Hospital
       3186 Maryland Pkwy
       Las Vegas, NV 89109

56.    Julie A. Rivas, M.D.
       Sunrise Hospital
       3186 Maryland Pkwy
       Las Vegas, NV 89109

57.    Prashant R. Gundre, M.D.
       Sunrise Hospital
       3186 Maryland Pkwy
       Las Vegas, NV 89109

Plaintiffs reserve the right to identify any and all Custodian of Records of those medical providers listed above in order to elicit testimony regarding the authenticity of the medical records and billing statements generated by each medical provider.  The authenticity of the documents

that could otherwise be established by testimony of such Custodians will not be challenged; provided, however, that Defendant Smart Industries does not waive the right to challenge the admissibility of any document deemed authenticated.

Plaintiffs reserve the right to call rebuttal and impeachment witnesses at trial.

Plaintiffs reserve the right to call any witnesses identified in Defendant's witness list.

Further, Plaintiffs reserve the right to use the deposition testimony and exhibits of every witness or party deposed in this case.

**(B)   Names and Addresses of Defendant Smart Industries' Witnesses:**

Defendant Smart Industries reserves the right to call any of the following persons as witnesses, as well as any other persons identified by any party hereto.  Defendant Smart Industries includes this broad range of witnesses as it does not bear the burden of proof and it is impossible at this time to determine what testimony may be necessary at trial to rebut or impeach the presently-unknown evidence and arguments that Plaintiffs will introduce during their case-in-chief.  The inclusion of any witness herein shall not be deemed as a waiver by Defendant Smart Industries of any evidentiary rights or objections, or as an admission of any kind.  Defendant Smart Industries expressly reserved all evidentiary rights and objections.  Defendant Smart Industries further reserves the right to amend and/or supplement this list with additional witnesses that were mistakenly included or omitted or previously unknown.

1.  Timo Kuusela, Boulevard Mall Manager and Boulevard Mall Engineers
c/o: Lewis Brisbois Bisgaard & Smith LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

1.  Larry R. Saunders
Arno Risk Services LLC
228 Strait Lane
Hickory Creek., Texas 75065

2.  Person(s) Most Knowledgeable
AmTrust North America
c/o Arno Risk Services LLC
228 Strait Lane
Hickory Creek, Texas 75065

53

3.  Charles Keller, Esq.
    Snell & Wilmer
    One Arizona Center
    400 East Van Buren Street, Suite 1900
    Phoenix, Arizona 85004-2202

4.  Cindy R., Case Manager
    Sunrise Hospital
    3186 South Maryland Parkway
    Las Vegas, NV 89109

5.  Kim Anderson
    Security Guard, Boulevard Mall
    c/o Lewis Brisbois Bisgaard & Smith LLP
    6385 South Rainbow Blvd., Suite 600
    Las Vegas, NV 89118

6.  "Dillon," eyewitness to subject event
    We have been informed of the existence of this witness.  No last name or contact
    information is known for this witness.  We believe that this individual was named by
    the security; however, we cannot state definitively whether or not this witness exists.

7.  Person(s) Most Knowledgeable
    Component Suppliers

8.  Sebastian Lara, WESCO Insurance
    c/o Dubowsky Law Office, Chtd.
    300 South Fourth Street, Suite 1020
    Las Vegas, Nevada 89101

9.  James R. Hacker
    Custard Insurance Adjusters, Inc.
    3983 East Desert Inn Road
    Las Vegas, Nevada 89121

10. Russ Toledo
    Pinnacle Electric
    4845 W. Reno Avenue
    Las Vegas, Nevada 89118

11. Unnamed Employee, eyewitness to subject event
    Shoe Palace
    3576 S Maryland Pkwy, Ste. 120
    Las Vegas, Nevada 89169

12. Unnamed Employee, eyewitness to subject event
    Cotton On
    3506 S Maryland Pkwy, Ste. 300
    Las Vegas, Nevada 89109

13. Person(s) Most Knowledgeable
    NMS Labs
    3701 Welsh Road, PO Box 433A
    Willow Grove, PA 19090-0437

14. Jeff Smart, Smart Industries
    c/o Barron  & Pruitt, LLP
    3890 West Ann Road
    North Las Vegas, Nevada 89031

15. Brian Harmon, former employee of Smart Industries
    2800 East 38th Court
    Des Moines, IA 50317

16. James Chitty, Smart Industries
    c/o Barron  & Pruitt, LLP
    3890 West Ann Road
    North Las Vegas, Nevada 89031

17. Jeff Butcher
    Nickels & Dimes, Inc.
    1844 North Preston Road
    Celina, Texas 75009

18. Harry Khorani
    Nickels & Dimes, Inc.
    1844 North Preston Road
    Celina, Texas 75009

19. Jennifer Wyman
    c/o Greenman, Goldberg, Raby & Martinez
    601 South Ninth Street
    Las Vegas, Nevada 89101

20. Bear Wyman
    c/o Greenman, Goldberg, Raby & Martinez
    601 South Ninth Street
    Las Vegas, Nevada 89101

55

21. Vivian Soof
    c/o Greenman, Goldberg, Raby & Martinez
    601 South Ninth Street
    Las Vegas, Nevada 89101

22. Person Most Knowledgeable
    Hi-Tech Security Inc.
    c/o Las Office of Kenneth E. Goates
    3993 Howard Hughes Parkway, Suite 270
    Las Vegas, NV 89169

23. William Roseberry
    c/o Law Office of Kenneth E. Goates
    3993 Howard Hughes Parkway, Suite 270
    Las Vegas, NV 89169

24. Person Most Knowledgeable
    Boulevard Ventures, LLC
    c/o Lewis Brisbois Bisgaard & Smith LLP
    6385 South Rainbow Blvd., Suite 600
    Las Vegas, NV 89118

25. Charles Buel, Former employee of Smart Industries
    2867 360th South, Lot 49
    Booneville, IA 50038-8005

26. Charles Scribner, Former employee of Smart Industries
    1350 Merle Hay Road
    Des Moines, IA 50311-2045

27. Person(s) Most Knowledgeable/Custodian of Records
    McMaster-Carr
    9630 Norwalk Blvd.
    Santa Fe Springs, CA 90670-2932

**Experts Witnesses:**

1. Don L. Gifford
   Gifford Consulting Group, LLC
   4045 East Post Road
   Las Vegas, Nevada 89120
   Phone: 702-436-0303

56

2.   Thomas A. Jennings
     355 West Mesquite Blvd. #D30
     PMB 1-111
     Mesquite, Nevada 89027
     Phone: 702-613-5076

3.   Raymond D. Kelly, Ph.D., D-ABFT
     Tox-Tech
     1804 Somersby Way
     Henderson, Nevada 89014
     Phone: 702-435-1900

4.   Eugenia A. Larmore, PhD, MBA
     Ekay Economic Consultants, Inc.
     550 West Plumb Lane #B459
     Reno, NV 89509
     Phone: 775-232-7203

5.   Ray Fernandez, M.D., Chief Medical Examiner
     Nueces County Medical Examiner
     2610 Hospital Blvd.
     Corpus Christi, TX 78405
     Phone: 361-884-4994

Defendant Smart Industries also reserves the right to call at trial any of the witnesses timely identified by any other party, and reserves the right to call any person not named herein for rebuttal/impeachment purposes.  Defendant Smart Industries objects to the testimony of any witness disclosed after the close of discovery without permission of the Court.  Additionally, Defendant Smart Industries objects to Wesco calling any witnesses at trial as Wesco failed to disclose any witnesses as required by Fed. R. Civ. P. 26(a) until the very last day of the discovery period.  Accordingly, Smart Industries contends that it would be unfairly prejudiced if Wesco were permitted to call witnesses it deliberately failed to disclose at a reasonable and timely date during discovery.

Defendant Smart Industries reserves the right to call any witness listed by Plaintiffs above or to call any other witness disclosed during the course of the case even if not specifically identified herein.

57

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**XII.**

**LIST OF FILED MOTIONS IN LIMINE**

A.    **Wyman Plaintiffs**

1.    Plaintiffs' Motion in Limine No. 1 to Preclude Testimony that the Subject Arcade Machine Was Not Serviced in a Reasonably Foreseeable Manner (ECF No. 181) – **DENIED (ECF No. 263)**;

2.    Plaintiffs' Motion in Limine No. 2 to Preclude Evidence or Argument that the Defective Subject Arcade Machine Was Not the Cause of Charles Wyman's Electrocution and Request for Judicial Notice of NRS 259.050, NRS 440.420 and Certificate of Death (ECF No. 182) – **GRANTED IN PART AND DENIED IN PART (ECF No. 263)**;

3.    Plaintiffs' Motion in Limine No. 3 to Preclude Testimony, Argument, or Evidence that the Subject Arcade Machine Was Not Defective at the Time of the Incident (ECF No. 183) – **GRANTED IN PART AND DENIED IN PART (ECF No. 263)**;

4.    Plaintiffs' Motion in Limine No. 4 to Preclude Any Argument that Defendant Smart Industries Corporation Was Anything Other Than a Manufacturer, Distributor, and Seller of the Defective Arcade Machine Pursuant to Nevada Law (ECF No. 184) – **GRANTED IN PART AND DENIED IN PART (ECF No. 263)**;

5.    Plaintiffs' Motion in Limine No. 5 to Preclude Any Argument That the Subject Arcade Machine Defect Did Not Exist When It Left Smart Industries Corporation's Possession (ECF No. 288) – **DENIED** (ECF No. 341);

6.    Plaintiffs' Motion in Limine No. 6 to Exclude Argument or Reference that the Junction Box, Receptable, and Other Component Parts Contained Therein Were Repaired and/or Replaced as Such Argument Lacks Foundation (ECF No. 289) – **DENIED** (ECF No. 341);

7.    Plaintiffs' Motion in Limine No. 7 to Exclude Charles Wyman's Toxicology Report and Any Argument or Reference to His Alleged Drug Use (ECF No. 294) – **DENIED** (ECF No. 341); and

8.      Plaintiffs' Motion in Limine No. 8 to Exclude Defendant Smart Industries Corporation From Arguing That the Defective Junction Box Was Modified After it Left Its Possession Due to Lack of Foundation (ECF No. 322) – **DENIED** (ECF No. 341).

Wyman Plaintiffs' Motions in Limine Nos. 5-8 were denied, without prejudice, with leave to re-file after a trial date has been set in this matter. (ECF No. 341). Wyman Plaintiffs intend to file additional motions in limine in this matter.

**B.      Defendant Smart**

1.      Defendant Smart Industries Corporation dba Smart Industries Corp., MFG's Motion to Strike Terrence Clauretie as an Expert Witness (ECF No. 331) – **DENIED**.

As the deadline for filing motions in limine has not yet passed, Smart Industries intends to file additional motions in limine.

**XIII.**

**THE ATTORNEYS OR PARTIES HAVE MET AND JOINTLY OFFER THE FOLLOWING THREE (3) TRIAL DATES:[4]**

The months of August 2022; September 2022;[5] October 2022.

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

. . .

. . .

. . .

. . .

. .

. . .

. . .

. . .

---

[4] The parties have expressed interest in requesting assignment for a Settlement Conference in the near future, likely, after the resolution of pre-trial motion practice.

[5] Counsel for Wesco, Peter Dubowsky, Esq. will be unavailable for observation of various Jewish holidays on select days from September 26, 2022 through October 19, 2022.

XIV.

**ESTIMATED DAYS OF TRIAL**

It is estimated that the trial will take a total of 21 days, which includes Voir Dire of the prospective jury.

APPROVED AS TO FORM AND CONTENT:

DATED this 19th day of January, 2022.                    DATED this 19th day of January, 2022.


*/s/ Brittney R. Glover, Esq.*                                  */s/ Joseph R. Meservy, Esq.*
TRACY A. EGLET, ESQ.                                      DAVID BARRON, ESQ.
Nevada Bar No. 6419                                           Nevada Bar No. 142
BRITTNEY R. GLOVER, ESQ.                            JOSEPH R. MESERVY, ESQ.
Nevada Bar No. 15412                                         Nevada Bar No. 14088
**EGLET ADAMS**                                              **BARRON & PRUITT, LLP**
400 South Seventh Street, Suite 400                   3890 West Ann Road
Las Vegas, Nevada 89101                                   North Las Vegas, Nevada 89031
*Attorneys for Plaintiffs*                                       *Attorneys for Defendant*
*JENNIFER WYMAN, BEAR WYMAN; and*         *SMART INDUSTRIES CORPORATION*
*ESTATE OF CHARLES WYMAN*


DATED this 19th day of January, 2022.                    DATED this 19th day of January, 2022.


*/s/ Cliff W. Marcek, Esq.*                                    */s/ Peter Dubowsky, Esq.*
CLIFF W. MARCEK, ESQ.                                   PETER DUBOSWKY, ESQ.
Nevada Bar No. 5061                                           Nevada Bar No. 4972
**CLIFF W. MARCEK, P.C.**                               AMANDA VOGLER-HEATON, ESQ.
411 E. Bonneville Ave.                                         Nevada Bar No. 13609
Las Vegas, Nevada 89101                                   **DUBOWSKY LAW OFFICE, CHTD**
*Attorneys for Plaintiffs*                                       300 South Fourth Street, Suite 1020
*SARA RODRIQUEZ, parent and guardian*            Las Vegas, Nevada 89101
*Of JACOB WYMAN*                                          *Attorneys for WESCO INSURANCE CO.*

# XI.

## ACTION BY THE COURT

This case is set for jury trial on the stacked calendar on September 12, 2022. Calendar call will be held on September 7, 2022 at 1:30 p.m. in courtroom 6A.

DATED: February 3, 2022

UNITED STATES DISTRICT JUDGE

61

**Bianca Marx**

| | |
|---|---|
| **From:** | Brittney Glover |
| **Sent:** | Wednesday, January 19, 2022 3:44 PM |
| **To:** | Bianca Marx |
| **Subject:** | FW: recommendations for JPTO |
| **Attachments:** | image001.png; image002.jpg; image001.png; image002.jpg; image001.png; image002.jpg; image002.jpg; 2022.1.18 Joint PreTrial Memo. FINAL.docx |

**From:** Cliff Marcek <cwmarcek@marceklaw.com>
**Sent:** Wednesday, January 19, 2022 3:43 PM
**To:** Brittney Glover <bglover@egletlaw.com>
**Cc:** Joseph Meservy <JMeservy@lvnvlaw.com>; Peter Dubowsky <peter@dubowskylaw.com>
**Subject:** Re: recommendations for JPTO

You can affix my signature .

Cliff W. Marcek
411 E. Bonneville Ave, Suite 390
Las Vegas, NV 89101
Telephone: (702) 366-7076
Facsimile: (702) 366-7078

> On Jan 19, 2022, at 3:21 PM, Brittney Glover <bglover@egletlaw.com> wrote:
>
> Attached is the final draft. I did not alter anything but the numbering.
>
> Joe, Cliff, and Peter, please let me know if I have permission to affix your e-signature.
>
> Thank you!

**From:** Joseph Meservy <JMeservy@lvnvlaw.com>
**Sent:** Wednesday, January 19, 2022 2:41 PM
**To:** Brittney Glover <bglover@egletlaw.com>; Cliff Marcek <cwmarcek@marceklaw.com>
**Cc:** Peter Dubowsky <peter@dubowskylaw.com>
**Subject:** RE: recommendations for JPTO

See attached.  I made some minor red-line edits.  They are all in the section on Smart's Contested Facts—just aimed at keeping a consistent question format.  Just to be clear, I know you changed the numbering on Smart's Exhibits…are you sure you did not alter anything but the numbering?  (I am not seeing any alterations, but it would be very difficult for me to tell given that those changes were just made today.)

If the answer to my question is "I did not alter anything but the numbering," then with the

**Bianca Marx**

---

**From:**          Brittney Glover
**Sent:**          Wednesday, January 19, 2022 3:44 PM
**To:**            Bianca Marx
**Subject:**       FW: recommendations for JPTO

**Follow Up Flag:**  Follow up
**Flag Status:**     Completed

---

**From:** Peter Dubowsky <peter@dubowskylaw.com>
**Sent:** Wednesday, January 19, 2022 3:22 PM
**To:** Brittney Glover <bglover@egletlaw.com>; Joseph Meservy <JMeservy@lvnvlaw.com>; Cliff Marcek
<cwmarcek@marceklaw.com>
**Subject:** RE: recommendations for JPTO

You may affix my e-signature.

Peter Dubowsky, Esq.
**DUBOWSKY LAW OFFICE, CHTD.**
300 South Fourth Street
10th Floor- Suite 1020
Las Vegas, NV 89101
Ph. (702) 360.3500
Fx. (702) 360.3515
www.dubowskylaw.com



---

**From:** Brittney Glover
**Sent:** Wednesday, January 19, 2022 3:21 PM
**To:** Joseph Meservy; Cliff Marcek
**Cc:** Peter Dubowsky
**Subject:** RE: recommendations for JPTO

Attached is the final draft. I did not alter anything but the numbering.

Joe, Cliff, and Peter, please let me know if I have permission to affix your e-signature.

Thank you!

**Bianca Marx**

| | |
|---|---|
| **From:** | Joseph Meservy <JMeservy@lvnvlaw.com> |
| **Sent:** | Wednesday, January 19, 2022 5:15 PM |
| **To:** | Brittney Glover; Peter Dubowsky; Cliff Marcek |
| **Cc:** | Bianca Marx; Deb Sagert |
| **Subject:** | RE: recommendations for JPTO |

If there have been no other changes in this draft than my two additions to Smart's objections to the Wyman Plaintiffs' exhibits, then you may affix my e-signature.  Thanks, Brittney.

Sincerely,
Joseph R. Meservy, Esq.



This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient or the law firm of Barron & Pruitt, LLP.  If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited.  If you have received this transmission in error, please contact us immediately by e-mail by hitting reply or telephone (702) 870-3940 and promptly destroy the original transmission and its attachments.

**From:** Brittney Glover [mailto:bglover@egletlaw.com]
**Sent:** Wednesday, January 19, 2022 5:13 PM
**To:** Joseph Meservy <JMeservy@lvnvlaw.com>; Peter Dubowsky <peter@dubowskylaw.com>; Cliff Marcek <cwmarcek@marceklaw.com>
**Cc:** Bianca Marx <BMarx@egletlaw.com>
**Subject:** RE: recommendations for JPTO

I added your objections. Please let me know if I have permission to affix your e-signature.

Thank you,
Brittney

**From:** Joseph Meservy <JMeservy@lvnvlaw.com>
**Sent:** Wednesday, January 19, 2022 4:40 PM
**To:** Brittney Glover <bglover@egletlaw.com>; Peter Dubowsky <peter@dubowskylaw.com>; Cliff Marcek <cwmarcek@marceklaw.com>
**Subject:** RE: recommendations for JPTO

I understand what you are saying.  Um, but, the testimony of Terrance Clauretie is not exhibit evidence, it is testimony.  Are you now representing that Clauretie will not be available at trial to testify?

Please add the following to Smart's objections to Wyman Plaintiffs' Exhibits—

v. Terrence M. Clauretie, Ph.D.: Updated Curriculum Vitae, Fee Schedule, and Testimony List: Hearsay; Foundation; Relevance