**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WESCO INSURANCE COMPANY,
Plaintiff(s),

v.

SMART INDUSTRIES CORPORATION,
Defendant(s).

Case No. 2:16-cv-01206-JCM-NJK

**Order**

[Docket Nos. 407, 408]

Pending before the Court is Defendant Smart Industries' motion for reconsideration. Docket No. 408 (amended motion);[1] Docket No. 407 (original version). The Wyman Plaintiffs filed a response in opposition. Docket No. 420. Leave to file a reply has not been sought.[2] The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion for reconsideration is **GRANTED** in part and **DENIED** in part. Dr. Clauretie must provide a further supplemental report excluding household services damages by August 12, 2022.

## I. STANDARDS

"Reconsideration is an extraordinary remedy, to be used sparingly." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) (citation and internal quotations omitted). The Local Rules provide the applicable standards in addressing whether to reconsider an interlocutory order, indicating that reconsideration may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an

[1] In violation of the local rules and the Court's order, Local Rule IC 2-2(b); Docket No. 405 at 2 n.5, Smart Industries makes two distinct requests within the same motion. Attorney Joseph Meservy is **ADMONISHED** for this violation. The Court expects strict compliance moving forward with its local rules and orders.

[2] As Smart Industries represents that it brings a motion in limine, *see, e.g.*, Docket No. 408 at 3, no reply is permitted without leave, Local Rule 16-3(a).

intervening change in controlling law. Local Rule 59-1(a). Motions for reconsideration are disfavored. Local Rule 59-1(b).[3]

## II. ANALYSIS

On April 19, 2021, Defendant filed a motion to strike Terrence Clauretie's expert opinion both for alleged disclosure violations and for alleged unreliability. Docket No. 331. On August 18, 2021, the Court resolved that motion in a thorough order, concluding that the identified disclosure violations did not warrant striking Clauretie as an expert, Docket No. 338 at 13, and that the opinions were "not so unreliable as to warrant striking of this expert," *id.* at 9.[4] The Court ordered Plaintiffs to "produce all documents from 2011 through 2013 reviewed by Dr. Clauretie in preparation of his final report" and "any other documents" that Dr. Clauretie reviewed and/or relied on in preparing his reports. *Id.* at 13.

Smart Industries now seeks reconsideration of that order based on subsequent disclosures and supplemental opinions. *See* Docket No. 408 at 7-8. Smart Industries argues that it has been prejudiced by these circumstances, *see id.* at 12-17, and that the subsequent disclosures and discovery establish that Dr. Clauretie's opinions are too unreliable to be allowed at trial, *see id.* at 17-25. Plaintiffs respond that Smart Industries largely retreads decided issues, that the circumstances identified do not materially change the opinions rendered, that any disclosure violations are harmless, and that the opinions remain sufficiently reliable to be presented at trial. *See* Docket No. 420 at 8-25.[5]

---

[3] The substantive standards at play here (for bringing a *Daubert* challenge and asserting a disclosure violation) were already set out by the Court. *See* Docket No. 338 at 6-7, 9-11. The Court will not repeat those standards herein.

[4] This order was issued by United States Magistrate Judge Elayna J. Youchah. After presiding over a settlement conference, Judge Youchah recused herself from further proceedings and the undersigned was assigned. Docket No. 389. "As a general matter, judges newly assigned to a case do not change course from the decisions that were entered previously." *Gonzalez v. Diamond Resorts Int'l Mktg.*, 2019 U.S. Dist. Lexis 176051, at *1 (D. Nev. Oct. 10, 2019) (citing *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530 (9th Cir. 2000) and *Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 379 (9th Cir. 1960)). The undersigned will not consider the same issues afresh simply because a different magistrate judge issued the prior order.

[5] Plaintiffs also argue that the motion for reconsideration should be denied as untimely. Docket No. 420 at 7-8. The Court shares some of those concerns, *see, e.g.*, Docket No. 405, and it is clear that a failure to bring a motion for reconsideration within a reasonable time is grounds

The emergence of new facts is grounds for reconsideration only when the new facts are "of a strongly convincing nature to persuade the court to reverse its prior decision." *Bartell Ranch LLC v. McCullough*, 570 F. Supp. 3d 945, 948 (D. Nev. 2021).[6] With respect to the alleged disclosure violations, Dr. Clauretie has confirmed that he has produced all documents that he relied upon in forming his opinions in this matter. Docket No. 420-8 at 111-112.[7] Dr. Clauretie has also clarified that he never received actual "W-2" forms and that such references were actually to income information in other documentation. *See, e.g.*, *id.* at 112. Hence, it is not clear that there is any disclosure violation. Even more significantly, however, Smart Industries had the opportunity to depose Dr. Clauretie and provide a rebuttal report, *see, e.g.*, Docket No. 420-8 (deposition transcript); Docket No. 420-9 (rebuttal report), so any disclosure violation would be sufficiently harmless such that exclusionary sanctions are not warranted, *see* Docket No. 338 at 12-13 (declining to impose exclusionary sanctions given order to produce documents, ability to depose Dr. Clauretie, and ability to challenge Dr. Clauretie's opinions with a rebuttal expert).[8] Smart Industries has not provided a sufficient basis to change course on declining to strike Dr. Clauretie's opinions for alleged disclosure violations.

With respect to the *Daubert* challenge to Dr. Clauretie's opinions, Smart Industries raises several arguments, including that the initial opinion was not supported by sufficient documentation. *See* Docket No. 408 at 19-20. The Court is not persuaded. Dr. Clauretie has

---

for its denial, *see* Local Rule 59-1(c). Nonetheless, the Court declines to find the motion untimely given the unusual personal circumstances of counsel. *See* Docket No. 408-13 at ¶¶ 7-8.

[6] Smart Industries takes every opportunity to lob accusations of bad faith and intentional misconduct. The Court is not persuaded to change course from the prior finding of a lack of bad faith for the events predating the earlier order. *See* Docket No. 338 at 13 ("the Court finds these failures do not sound in bad faith or willfulness"). The Court also does not find bad faith in the conduct following the issuance of that order. As Plaintiffs acknowledge, *see, e.g.*, Docket No. 420 at 11, 14), it seems apparent that there has been an inattention to detail that is regrettable. The conduct identified does not amount to bad faith or intentional misconduct.

[7] The Court cites herein to the pagination given by CMECF to this document, which differs slightly from the pagination of the deposition transcript itself.

[8] Smart Industries also challenges the propriety of certain supplemental expert reports, which are governed by Rule 26(e)(2) of the Federal Rules of Civil Procedure. Assuming for purposes of this order that the supplemental reports were not rule-compliant, the opinions expressed therein are not subject to exclusionary sanctions given the harmlessness of any such violation as discussed above.

attested to the basis of his opinions. *See, e.g.*, Docket No. 420-7.[9] Moreover, Dr. Clauretie has provided all of the documents used in formulating his opinions. Docket No. 420-8 at 111-112. While the Court agrees that Dr. Clauretie's statements have not always been a model of clarity, Smart Industries' arguments as to the documentation supporting Dr. Clauretie's opinions do not suffice to reconsider the decision that his opinions are sufficiently reliable to go to the jury. Docket No. 338 at 8-9. Smart Industries' recourse is to cross-examine him and present contrary evidence at trial. *Id.* at 9 (quoting *Novalogic, Inc. v. Activision Blizzard*, 41 F. Supp. 3d 885, 895 (C.D. Cal. 2013)).

Smart Industries raises a host of additional arguments. *See* Docket No. 408 at 19-25. With respect to household services damages, Smart Industries argues that any opinion is improper given the law of the case and the potential for jury confusion. *See id.* at 20. The Court agrees. The Court has already stricken household services as a category of damages, Docket No. 199 at 18, and Plaintiffs' motion for reconsideration of that order was denied, Docket No. 413 at 1.[10] As such, household services damages are not at issue at trial and Dr. Clauretie's opinion as to those damages is moot. To avoid any jury confusion, Dr. Clauretie must provide a further supplemental report excluding those damages by August 12, 2022. The other arguments presented, including a list of ways in which Smart Industries believes it might poke holes in Dr. Clauretie's testimony, *see* Docket No. 408 at 22-24, do not suffice to show that his opinions should be excluded from trial as too unreliable. Instead, Smart Industries may cross-examine Dr. Clauretie and present contrary evidence.

---

[9] Dr. Clauretie inadvertently used Mrs. Wyman's income numbers for 2014 instead of Mr. Wyman's income numbers. *See* Docket No. 420 at 19.

[10] As Plaintiffs themselves are surely aware given their own stone-throwing, Docket No. 420 at 6 n.3, a responsive brief is not a proper vehicle for seeking relief, Local Rule IC 2-2(b). Plaintiffs should not have used the responsive brief here to argue (again) that the Court erred in striking the household services damages in this case. *But see* Docket No. 420 at 21-23.

## III. CONCLUSION

For the reasons discussed more fully above, the motion for reconsideration is **GRANTED** in part and **DENIED** in part. Dr. Clauretie must provide a further supplemental report excluding household services damages by August 12, 2022.

IT IS SO ORDERED.

Dated: August 8, 2022

Nancy J. Koppe
United States Magistrate Judge