1
2
3
4                    UNITED STATES DISTRICT COURT
5                           DISTRICT OF NEVADA
6                                  * * *
7    WESCO INSURANCE COMPANY,                    Case No. 2:16-CV-1206 JCM (EJY)
8                            Plaintiff(s),                        ORDER
9          v.
10   SMART INDUSTRIES CORPORATION,
11                          Defendant(s).
12
13         Presently before the court is plaintiffs Sara Rodriguez and Jacob Wyman's (the
14   "Rodriguez plaintiffs") motion for clarification or in the alternative motion to withdraw all
15
16   negligence-based claims.  (ECF No. 359).  Plaintiff Wesco Insurance Company ("Wesco")
17   joins the instant motion seeking to withdraw its negligence claims.   (ECF No. 360).
18   Defendant Smart Industries Corporation ("Smart Industries") responded in opposition.  (ECF
19   No. 363).  The Rodriguez plaintiffs replied.  (ECF No. 364).
20
     I.      BACKGROUND
21
22         This case is about a Smart Industries arcade vending machine leading to the electrocution
23   and death of a repairman Charles Wyman.  (ECF No. 270 at 4).  Wesco began this action May 6,
24   2016, in the Eighth Judicial District Court in Clark County, Nevada, and it was removed to this
25   court on May 31, 2016.  (ECF No. 1).  Jennifer Wyman, Bear Wyman, and the Estate of Charles
26   Wyman (the "Wyman plaintiffs") had a similar pending action, which was consolidated with this
27   case on July 21, 2017.  (ECF No. 32).  The Rodriguez plaintiffs stipulated to joinder of their case
28

**James C. Mahan**
**U.S. District Judge**

on June 5, 2017—which was granted over two years later on August 16, 2019—and filed an amended complaint in this court nearly identical to the Wyman plaintiffs', including the same negligence-based claims for negligence, res ipsa loquitur, and corporate negligence/vicarious liability. (ECF Nos. 130, 151).  Wesco similarly asserted, inter alia, negligence-based claims in its complaint. (ECF No. 1 at 7–11).

On August 25, 2020, the Wyman plaintiffs moved this court to withdraw all negligence-based claims asserted in the complaint ("Wyman motion").  (ECF No. 270).  Smart Industries responded with a conditional opposition, seeking fees and costs for its expenses in defending the claims sought to be dismissed.  (ECF No. 278, *see* ECF No. 321).  The Rodriguez plaintiffs joined the Wyman motion.  (ECF No. 279).  The Rodriguez plaintiffs' joinder did not explicitly seek any specific relief.  (*Id.*).

This court granted the motion to withdraw all negligence-based claims and denied Smart Industries' subsequent request for fees and costs.  (ECF No. 321).  The relevant order granted the Wyman motion and dismissed "the Wymans' negligence, res ipsa loquitur, and corporate negligence/vicarious liability claims against Smart Industries." (*Id.*).  That order notes the Rodriguez plaintiffs' joinder but does not make specific reference to the Rodriguez plaintiffs' claims.  (*Id.*).

The Rodriguez plaintiffs believe their negligence claims were dismissed with the Wyman plaintiffs' pursuant to their joinder in the Wyman motion.  (ECF No. 359 at 3).  Smart Industries disputes whether the Rodriguez plaintiffs' negligence-based claims were dismissed.  (ECF No. 363).  The Rodriguez plaintiffs' counsel has subsequently requested counsel for Smart Industries to stipulate to dismissal of the claims and has discussed the issue with counsel for Smart Industries at a meet-and-confer.  (ECF No. 359 at 6).

James C. Mahan
U.S. District Judge

- 2 -

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15 requires courts to "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quotation omitted). Courts consider various factors when granting leave to amend which include: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Rule 15—not Rule 41(a)(1)—governs the withdrawal of some but not all of a plaintiff's claims against a given defendant. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 688 (9th Cir. 2005).

If a party seeks to amend its pleadings outside the deadline set by a scheduling order, however, the court must first find good cause as to why the pleadings were not amended prior to the deadline. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); FED R. CIV. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

A court may grant relief if it "finds that the movant has not unduly delayed the action and that the opponent will not be prejudiced by the modification." 6A Wright et al., Federal Practice and Procedure ("Wright & Miller") § 1522.2 (3d ed.1990). "A district judge is given broad discretion in supervising the pre-trial phase of the litigation, with a view toward sifting the issues in order that the suit will go to trial only on questions involving *honest disputes of fact or law*." *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980) (quoting *FDIC v. Glickman*, 450 F.2d 416, 419 (9th Cir. 1971)) (emphasis added).

James C. Mahan
U.S. District Judge

- 3 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.    DISCUSSION

### A.    The Rodriguez Plaintiffs

Here, the Rodriguez plaintiffs seek either (1) clarification of the order granting the Wyman motion or (2) to withdraw their negligence-based claims.  (ECF No. 359).  As a matter of clarification, the Rodriguez plaintiffs' negligence-based claims, pursuant to joinder,[1] were dismissed with the Wyman plaintiffs' negligence-based claims in the order entered January 25, 2021.  (*See* ECF No. 321).

### B.    Wesco

Wesco joins the instant motion, seeking to withdraw its negligence-based claims.  (ECF No. 360).  The court turns to Federal Rule of Civil Procedure 16(b)(4) and the *Johnson* factors to determine whether leave to amend should be granted.  *See Johnson*, 356 F.3d at 1077.  Wesco has not submitted independent briefing on this matter, and Smart Industries primarily focuses its argument against the Rodriguez plaintiffs.  (*See* ECF No. 363).  The court considers both the Rodriguez plaintiffs' and Smart Industries' arguments to the extent they also apply to Wesco.

This unusual matter resembles *Lisker v. City of Los Angeles*.  2011 WL 3420665 (C.D. Cal. Aug. 4, 2011).  There, too, a defendant opposed voluntary dismissal of plaintiff's claims. *Id.*  Though not binding, this court finds the reasoning in *Lisker* persuasive.

Wesco causes no undue delay by seeking to dismiss its claims.  In fact, it causes no delay at all.  *See Lisker*, 2011 WL 3420665 at *2 (finding no delay when plaintiff sought to dismiss his claims after the scheduling order deadline).  Smart Industries submits that dismissing one plaintiff's negligence-based claims would not necessarily "simplify the trial and promote judicial

---

[1] Smart Industries contends "the record is devoid of any indication that the Rodriguez Plaintiffs actually requested or received similar relief for themselves."  (ECF No. 363 at 3). However, the court acknowledged their joinder to the Wyman motion in its order granting same. (ECF No. 321 at 1).

James C. Mahan
U.S. District Judge

economy" if another plaintiff's negligence-based claims stood. (*See* ECF No. 363 at 8). Smart Industries also asserts plaintiffs "are free to sit on their hands on those claims to speed along trial." (ECF No. 363 at 5). The court agrees pursuing fewer claims would speed the trial and notes dismissing claims entirely would do so even more.[2]

Smart Industries' argument that this "dramatic change in the landscape of trial at this late hour" will unfairly prejudice it is unpersuasive. (*See id.* at 8). In support of this argument, Smart Industries submits it has invested significant time and effort into gathering evidence and preparing a defense. (*See id.* at 8). Given this position, it is unclear why Smart Industries would seek to spend even more time and effort at trial defending unpursued claims.

Like the defendant in *Lisker*, Smart Industries "fails to articulate how the *absence* of certain claims will undermine [its] already existing defenses against the remaining claims." 2011 WL 3420665 at *2. Thus, Smart Industries has not demonstrated it will be unfairly prejudiced by the dismissal of negligence-based claims.

Because dismissal of Wesco's claims would not unduly delay litigation or unfairly prejudice Smart Industries, the court finds good cause exists to modify the scheduling order insofar as to allow dismissal of Wesco's negligence-based claims. *See* FED. R. CIV. P. 16(b)(4); *Lisker*, 2011 WL 3420665 at *2; Wright & Miller § 1522.2.

Wesco is not acting in bad faith. Seeking dismissal of claims, if anything, is beneficial to the opposing party.

The amendment is not futile. Dismissing all negligence-based claims significantly simplifies this case and avoids waste of all parties' time and effort—including the court's.

---

[2] *See also*, *Campbell Indus.*, F.2d at 27 (noting the court's interest in ensuring only honest disputes go to trial). Wesco's desire to dismiss its negligence-based claims negates any dispute over same, and thus they should not be tried. *See id.*

1    Finally, Wesco is not seeking a repeat amendment to cure a deficiency; it seeks only to

2  dismiss certain claims.

3  **IV.    CONCLUSION**

4    Accordingly,

5  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Rodriguez plaintiffs'

6

7  motion, joined by Wesco, for clarification or in the alternative to withdraw their negligence-

8  based claims against Smart Industries (ECF No. 359) be, and the same hereby is, GRANTED.

9  The Rodriguez plaintiffs' negligence, res ipsa loquitor, and corporate negligence/vicarious

10
   liability claims against Smart Industries are DISMISSED with prejudice.  Wesco's negligence-
11
12 based claims are likewise DISMISSED with prejudice.

13    DATED September 6, 2022.

14

15                                        _____
                                          UNITED STATES DISTRICT JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**                                      - 6 -